JS 44
(Rev 3/99)

# CIVIL COVER SHEET  B-01-140

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Margarita Santos Davila, et al

(SEE ATTACHMENT)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Monterrey
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

(SEE ATTACHMENT)

## DEFENDANTS

Lucent Technologies, Inc., et al

(SEE ATTACHMENT)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED

AUG 1 4 2001

Michael N. Milby
Clerk of Court

ATTORNEYS (IF KNOWN)

(SEE ATTACHMENT)

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

Appeal to District Judge from
☐ 7 Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiffs have sued Defendants for motor vehicle product liability.
Defendants remove this action from State District Court to this Court by
virtue of 28 U.SCSec. 1441(a0 and 28 U.S.C. Sec. 1332(a)(2)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE  Hon. Hilda G. Tagle - B-00-040
Hon. Howell Cobb - C.A. No. 1:01-CV-168

DOCKET NUMBER

DATE   8/14/2001

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG JUDGE |
|---|---|---|---|---|

*1*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 4 2001

Michael N. Milby
Clerk of Court
4:05 A.M.

C

| | |
|---|---|
| MARGARITA SANTOS DAVILA, § | |
| INDIVIDUALLY, AND AS NEXT FRIEND § | |
| OF JESUS OCTAVIO DAVILA SANTOS, § | |
| ZAIDETH MARGARITA DAVILA SANTOS, § | |
| ANDREA DENISSE DAVILA SANTOS, § | |
| AND VALERIA NAYEL DAVILA SANTOS, § | |
| AND ALL AS REPRESENTATIVES OF § | |
| THE ESTATE OF JESUS DAVILA PAZ; § | |
| ETHNA ZULEYMA PEREZ LARA; § | |
| INDIVIDUALLY AND AS NEXT FRIEND § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, § | |
| AND ALL AS REPRESENTATIVES OF § | |
| THE ESTATE OF SERGIO ALBERTO § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, § | |
| INDIVIDUALLY AND AS NEXT FRIEND § | |
| OF OLIVIA LIZETH IBARRA VASQUEZ § | |
| AND JESUS ALAN IBARRA VASQUEZ, § | |
| AND ALL AS REPRESENTATIVES OF § | |
| THE ESTATE OF VALANTE § | |
| IBARRA IBARRA § | |

B - 01 - 140

C.A. NO. _____

        Plaintiffs,                        §
                                           §
VS.                                        §
                                           §
LUCENT TECHNOLOGIES, INC.;                 §
LUCENT TECHNOLOGIES                        §
MAQUILADORAS, INC.; LAREDO                 §
QUALITY TRANSFER SERVICES, INC.;           §
BRIDGESTONE/FIRESTONE, INC.;               §
AND BRIDGESTONE CORPORATION                §
                                           §
        Defendants,                        §

**NOTICE OF REMOVAL**

"JURY"

Defendants Lucent Technologies, Inc. ("Lucent") and Lucent Technologies Maquiladoras,

Inc. ("LT Maquiladoras") (collectively the "Lucent Defendants"), pursuant to 28 U.S.C. §1446,

hereby remove Cause No. 2001–02–897–G, captioned ***Davila, et al.. v. Lucent Technologies, Inc.,***

*et al.,* from the 404th Judicial District Court, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. As grounds therefor, the Lucent Defendants state:

1.      Any civil action of which the district courts of the United States have original jurisdiction may be removed from state court to federal court. 28 U.S.C. §1441(a). The district courts of the United States have original jurisdiction of all actions between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. §1332(a)(2).

2.      The present action is between citizens of various American states and citizens of a foreign state. All Plaintiffs are citizens of Mexico. (Plaintiffs' First Amended Petition at pp. 2, 3 and 4, ¶¶ 3.1(A), 3.2 and 3.3; hereafter the "Petition," a copy of which is attached hereto as Exhibit 1.) None of the Defendants is a citizen of Mexico.

a.      Defendant Lucent is incorporated under the laws of the State of Delaware. (See, Exhibit 2, Affidavit of Janet O'Rourke at ¶ 2 [1]). Notwithstanding the misleading allegations of ¶ III B, 3.4 of the Petition, Lucent maintains its principal place of business in New Jersey. (Exhibit 2, O'Rourke Affidavit at ¶ 2); see also *Lucent Technologies, Inc. v. Lucentsucks.com*, 95 F.Supp.2d 528, 529 (E.D. Va. 2000). Defendant Lucent is, therefore, a citizen of the States of Delaware and New Jersey. 28 U.S.C. §1332(c).

b.      Defendant L.T. Maquiladoras is incorporated under the laws of the State of Delaware (Exhibit 2, Affidavit of Janet O'Rourke at ¶ 5). Notwithstanding the erroneous and misleading allegations of paragraph III B, 3.5, of the Petition, L.T. Maquiladoras maintains no place of business because it conducts no business. (Exhibit 2, Affidavit of Janet O'Rourke at ¶5) Defendant L.T. Maquiladoras is, therefore, a citizen of the State of

---

[1] The original of this affidavit was filed in *Vasquez, et al. v. Bridgestone/Firestone, et al.,* Cause No. 1:01-CV-168, in the United States District Court for the Eastern District of Texas, Beaumont Division.

Delaware.

c.      Defendant Bridgestone/Firestone, Inc. ("Firestone") is incorporated under the laws of the State of Ohio. (Exhibit 3, ¶ 2, Affidavit of Kenny Cantrell[2])  Firestone maintains its principal place of business in Tennessee. (Exhibit 3, ¶ 2, Affidavit of Kenny Cantrell, and Exhibit 4, ¶ 4, Affidavit of John J. Goudie[3]) (See also, Memorandum Opinion by the Honorable Judge Howell Cobb in *Vasquez, et al. v. Bridgestone/Firestone, et al.*, Cause No. 1:01-CV-168, dated August 7, 2001.) (Exhibit 5, p.4) Firestone is, therefore, a citizen of the State of Ohio and of Tennessee.

d.      Plaintiffs have asserted that Defendant Laredo Quality Transfer Services, Inc. ("Laredo Quality") is incorporated in the State of Texas with its corporate headquarters in Texas.  However, the citizenship of Laredo Quality is immaterial to the determination of complete diversity of citizenship in this action because Laredo Quality has been fraudulently joined in order to defeat diversity jurisdiction. (See, Exhibit 6, Affidavit of Luis Sanchez, and Exhibit 7, Affidavit of Mitch West)

e.      Defendant Bridgestone Corporation is a Japanese corporation with its principal place of business in Tokyo.  However, the citizenship of Bridgestone Corporation is irrelevant because Bridgestone Corporation has been named as a party defendant fraudulently; solely for the purposes of destroying diversity jurisdiction and preventing removal of this cause of action. (See, Exhibit 8, Affidavit of Hiroyuki Kita, and Exhibit 9, Declaration of Brian J.

---

[2] The original of this affidavit was filed in *Vasquez, et al. v. Bridgestone/Firestone, et al.,* Cause No. 1:01-CV-168, in the United States District Court for the Eastern District of Texas, Beaumont Division.

[3] The original of this affidavit was filed in *Vasquez, et al. v. Bridgestone/Firestone, et al.,* Cause No. 1:01-CV-168, in the United States District Court for the Eastern District of Texas, Beaumont Division.

Queiser[4])

3.      Ignoring the citizenship of the fraudulently joined Defendants, this is an action

between Plaintiffs, all citizens of Mexico and Defendant Lucent, a citizen of the States of Delaware

and New Jersey; Defendant L.T. Maquiladoras, a citizen of the State of Delaware; and Defendant

Bridgestone/Firestone, Inc., a citizen of the States of Ohio and Tennessee.  Therefore, complete

diversity is present and this action is removable pursuant to 28 U.S.C. §1441(a).

4.      The amount in controversy in this action exceeds $75,000.00 exclusive of interests

and costs.  See 28 U.S.C. §1332(a).  This is an action for wrongful death.  (See, Petition, ¶¶ III[A],

3.1, 3.2 and 3.3)  Plaintiffs are the surviving relatives and/or personal representatives of the estates

of three individuals who were killed in an automobile accident in Mexico.  (Petition, ¶ VI, 6.1)

Plaintiffs have not pled a specific amount in controversy and have instead sought survival

damages, wrongful death damages, exemplary damages and interest and costs.  (Petition, ¶¶ VIII[A],

[B], [C] and [D])  The 5th Circuit has adopted a two-step test when a Plaintiff either pleads a specific

sum under $75,000.00 or does not plead a dollar amount at all.  *Carnahan v. Southern Pacific

Railroad Transportation Co.*, 914 F.Supp. 1430 (E.D. Texas 1995).  First, if it is facially apparent

from the state court petition that the amount in controversy is likely to exceed $75,000.00, then the

Defendant need only point this out to successfully bear its burden.  On the other hand, if such a

determination is not apparent, then the defendant must prove by a preponderance of the evidence the

jurisdictional facts in question.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (known as

*"De Aguilar I"*); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.); rehearing denied, 70

F.3d 26 (1995).

---

[4] The original of this affidavit was filed in *Vasquez, et al. v. Bridgestone/Firestone, et al.*, Cause No. 1:01-CV-168, in the United States District Court for the Eastern District of Texas, Beaumont Division.

a.      In this cause, it is facially apparent that the amount in controversy is likely
to exceed $75,000.00.  Plaintiffs' petition herein establishes that this is a products
liability action against a corporate defendant in which exemplary damages are
sought.  The allegations against the Lucent Defendants sound in negligence/auto
accident; those against Firestone sound in strict tort.  The injury asserted by Plaintiffs
is the death of three people.

It is obvious that under Texas law that each of the Plaintiffs' claims far
exceed $75,000.00.  See, e.g., *De Aguilar I,* 11 F.3d at 57 (holding that it was
facially apparent that a wrongful death claim, which sought damages for terror in
anticipation of death, loss of companionship, and funeral expenses, satisfied the
required amount in controversy; *Torrington Co. v. Stutzman,* ___ S.W.2d ___; 2000
WL 1862923 (Tex. 2000) (awarding $29 million in actual damages for death of two
persons); *General Chemical Corp. v. De la Lastra,* 852 S.W.2d 916 (Tex. 1993)
(awarding over $11 million in wrongful-death actual damages to parents of two
deceased fisherman); *Pittsburg Corning Corp. v. Walters,* 1 S.W.3d 759 (Tex. App.
– Corpus Christi 1999, pet. denied) (awarding over $8 million for wrongful death of
one person); *Ford Motor Co. v. Durrill,* 714 S.W.2d 329 (Tex.App. – Corpus Christi
1986), *judgm't vacated w.r.m.,* 714 S.W.2d 329 (Tex. 1988) (awarding $300,000.00
in actual damages to each parent and $10 million in punitive damages for wrongful
death of daughter).  Indeed, the Fifth Circuit has recognized that claims not involving
allegations of wrongful death meet the $75,000.00 amount in controversy
requirement.  See, *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir. 1999)
(holding that face of the complaint established the required amount in controversy,

CISPDF - www.fdsdf.com

where plaintiff alleged that airline's loss of her heart medication caused "damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework."). Similarly, this Court has recognized that "common experience" dictates that virtually any claim for punitive damages against a corporate defendant in a products liability case will meet the requisite amount in controversy. See, *Cross v. Bell Helmets, USA,* 927 F.Supp. 209, 213-14 (E.D. Tex. 1996).

b.      Further, although it is facially apparent that the amount in controversy in this cause of action exceeds $75,000.00, these Plaintiffs have admitted that the amount in controversy exceeds $75,000.00 exclusive of interests and costs. In March of 2000, three of these Plaintiffs, along with others, filed a nearly identical complaint in the United States District for the Southern District of Texas, Brownsville Division. (See Plaintiffs' Original Complaint in Civil Case No. B-00-00-40; copy attached as Exhibit 10). In that Complaint, Plaintiffs expressly affirmed that the amount in controversy exceeded $75,000.00 exclusive of interests and costs (Exhibit 10 at page 4, ¶ [C][11]). In fact, Plaintiffs sought damages in the amount of $250,000,000.00 (Exhibit 10 at page 13, ¶ [G][48]). The district court dismissed that case, however, due to a lack of diversity jurisdiction because the Plaintiffs, citizens of Mexico, named a Mexican corporation as a Defendant. Further, these Plaintiffs were among the Plaintiffs in Cause No. 1:01-CV-168, *Vasquez, et al. v. Bridgestone/Firestone, et al.*. (See Plaintiffs' Original Petition attached hereto as Exhibit 11. That cause was removed to the United States District Court for the Eastern District of Texas, Beaumont Division, and dismissed with prejudice on the basis of *forum non*

*conveniens*. [See, Order in *Vasquez* Exhibit 12]) In that cause, the court specifically found that the amount in controversy was in excess of $75,000.00 exclusive of interests and costs. (See, "Memorandum Opinion," Exhibit 5, ¶ II, pp. 3, 4 and 5).

5.      This Notice of Removal has been timely filed under 28 U.S.C. §1446(b). The 30-day period of 28 U.S.C. §1446(b) begins to run from the time Defendants discover the availability of removal. *Jernigan v. Asland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). This Notice of Removal has been filed within 30 days of the date when the Lucent Defendants first determined the case to be removable, which date was August 16, 2001.

6.      This Notice of Removal is filed by Defendants Lucent and L.T. Maquiladoras. No other Defendant in this cause has been served and it is the understanding of the Lucent Defendants that as of the time of removal, no service has even been sought with respect to any other Defendant.

7.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal has been filed with the clerk of the 404th Judicial District Court of Cameron County, Texas, in Cause No. 2001-02-897-G, *Davila, et al. v. Lucent Technologies, Inc., et al.*. Also pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal has been mailed to Michael A. Caddell, Cynthia B. Chapman, Frank Costillo and Ezequiel Reyna, Jr., attorneys of record for the Plaintiffs, at the addresses shown on the attached Certificate of Service.

8.      Trial of this matter has not been set.

**WHEREFORE,** pursuant to this Notice of Removal and 28 U.S.C. §1441, Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc., respectfully request that this Court assume jurisdiction of this case for all purposes.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal ID No. 970
Attorney-in-Charge for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
Margery Huston, Co-Counsel
State Bar No. 10329500
Federal ID No. 2211
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

Judge Gilberto Hinojosa
State Bar No. 09701100
Federal ID No. 3425
Co-Counsel for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

OF COUNSEL:
MAGALLANES, HINOJOSA & MANCIAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the 14th day of August, 2001, to all counsel of record as follows:

Michael A. Caddell - **CM RRR No. 7000 1530 0004 2488 4370**
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

Cynthia B. Chapman - **CM RRR No. 7000 1530 0004 2488 4387**
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, Texas   77010-3027

Frank Costilla - **CM RRR No. 7000 1530 0004 2488 4394**
LAW OFFICE OF FRANK COSTILLA
5 East Elizabeth Street
Brownsville, Texas 78520

Ezequiel Reyna, Jr. - **CM RRR No. 7000 1530 0004 2488 4400**
LAW OFFICES OF EZEQUIEL REYNA, JR.
702 West Expressway 83
Weslaco, Texas 78596

F. Edward Barker

NO. 2001-02-897-G

| | |
|---|---|
| MARGARITA SANTOS DAVILA, INDIVIDUALLY, AND AS NEXT FRIEND OF JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, AND VALERIA NAYEL DAVILA SANTOS, AND ALL AS REPRESENTATIVES OF THE ESTATE OF JESUS DAVILA PAZ; ETHNA ZULEYMA PEREZ LARA, INDIVIDUALLY, AND AS NEXT FRIEND OF SERGIO ALBERTO ZAVALA PEREZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF SERGIO ALBERTO ZAVALA; MARIA OLIVIA VASQUEZ, INDIVIDUALLY, AND AS NEXT FRIEND OF OLIVIA LIZETH IBARRA VASQUEZ AND JESUS ALAN IBARRA VASQUEZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF VALANTE IBARRA IBARRA<br><br>    Plaintiffs,<br><br>V.<br><br>LUCENT TECHNOLOGIES, INC., LUCENT TECHNOLOGIES MAQUILADORAS, INC.; LAREDO QUALITY TRANSFER SERVICES, INC; BRIDGESTONE/FIRESTONE INC.; AND BRIDGESTONE CORPORATION<br><br>    Defendants. | DISTRICT COURT OF<br><br><br><br><br><br><br><br><br><br><br>CAMERON COUNTY, TEXAS<br><br><br><br>404TH JUDICIAL DISTRICT<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**PLAINTIFFS' FIRST AMENDED PETITION**

Plaintiffs assert the following claims against Defendants.

G:\Vasquez2\Pleading\PETITION 002



## I.
## DISCOVERY CONTROL PLAN

1.1    Plaintiffs request that this case be governed by Discovery Control Plan Level 2, Texas Rule of Civil Procedure 190.3.  However, Plaintiffs reserve the right to seek a Level 3 docket control order.

## II.
## INTRODUCTION

2.1    On August 12, 1999, six persons died when a 1996 GM Suburban ("Suburban") with defective Firestone tires and an incompetent driver suffered a tire failure and rolled over. The Suburban and driver were transporting the Decedents in the course and scope of their employment.

2.2    Employees of Defendants, Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc., and Laredo Quality Transfer Services, Inc., conceived of and planned the use of the Suburban and driver to transport the Decedents. Lucent Technologies, Inc., Lucent Technologies Maquiladoras, and Laredo Quality Transfer Services, Inc. selected the Suburban, determined its safety and maintenance (or lack thereof), selected and were responsible for training the driver, and scheduled the workers' trip.

## III.
## PARTIES

### A.    Plaintiffs

3.1    Plaintiff Margarita Santos Davila is the spouse of Jesus Davila Paz, deceased, and the mother of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children of Jesus Davila Paz.  They are Mexican citizens and residents of Monterrey, Nuevo Leon,

CutePDF - www.fexks.com

Mexico. Margarita Santos Davila, individually and on behalf of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, sues on behalf of, and as personal representative of, the Estate of Jesus Davila Paz. (TEX. CIV. PRAC. REM. CODE § 71.021) For this survival claim, all heirs have been joined, no estate proceeding is pending, and none is necessary. Margarita Santos Davila, individually and on behalf of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, also brings wrongful death claims arising from the death of Jesus Davila Paz. (TEX. CIV. PRAC. & REM. CODE § 71.001 et seq.)

      3.2    Plaintiff Ethna Zuleyma Perez Lara is the spouse of Sergio Alberto Zavala, deceased, and the mother of Sergio Alberto Zavala Perez, minor child of Sergio Alberto Zavala. They are Mexican citizens and residents of Monterrey, Nuevo Leon, Mexico. Ethna Zuleyma Perez Lara, individually and on behalf of Sergio Alberto Zavala Perez, sues on behalf of, and as personal representative of, the Estate of Sergio Alberto Zavala. For this survival claim, all heirs have been joined, no estate proceeding is pending and none is necessary. (TEX. CIV. PRAC. REM. CODE § 71.021) Ethna Zuleyma Perez Lara, individually and on behalf of Sergio Alberto Zavala Perez, also brings wrongful death claims arising from the death of Sergio Alberto Zavala. (TEX. CIV. PRAC. REM. CODE § 71.001, et. seq.)

      3.3    Maria Olivia Vasquez is the spouse of Valente Ibarra Ibarra, deceased, and the mother of Olivia Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, minor children of Valante Ibarra Ibarra. They are Mexican citizens and residents of Monterrey, Nuevo Leon, Mexico. Maria Olivia Vasquez, individually and on behalf of Olivia Lizeth Ibarra

Case 1:01-cv-00140   Document 1   Filed in TXSD on 08/14/2001   Page 14 of 245

Vasquez and Jesus Alan Ibarra Vasquez, sues on behalf of, and as personal representative of, the Estate of Valente Ibarra Ibarra.  (TEX. CIV. PRAC. REM. CODE § 71.021)  For this survival claim, all heirs have been joined, no estate proceeding is pending, and none is necessary.  Maria Olivia Vasquez, individually and on behalf of Olivia Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, also brings wrongful death claims arising from the death of Valante Ibarra Ibarra.  (TEX. CIV. PRAC. REM. CODE § 71.001 et. seq. )

## B.    Defendants

3.4    Defendant Lucent Technologies, Inc. ("Lucent Technologies") does business in the State of Texas and may be served with process through its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

3.5    Defendant Lucent Technologies Maquiladoras, Inc. ("Lucent Maquiladoras") does business in the State of Texas and may be served with process through its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

3.6    Laredo Quality Transfer Services, Inc. ("Laredo Quality") is incorporated in the State of Texas, with its corporate headquarters in Texas.  It does business in Texas and may be served through its registered agent for service, Richard G. Morales, Jr., 602 E. Calton Road, Laredo, Texas 78041.

3.7     Defendant Bridgestone/Firestone, Inc. is authorized to do business in the State of Texas and may be served through its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3.8     Defendant Bridgestone Corporation is a Japanese corporation with its principal place of business in Tokyo. It is a Japanese citizen and not a U.S. citizen. It may be served with process by registered mail at the following address:

> Bridgestone Corporation
> 10-1, Kyobashi 1-Chome, Chuo-ku
> Tokyo 104-8350
> Japan
> Attn:  Hiroyuki Kita
> Manager
> Corporate Legal Department

3.9     Lucent Technologies and Lucent Maquiladora are collectively referred to as "Lucent" or "the Lucent Defendants."  Bridgestone/Firestone, Inc. and Bridgestone Corporation are collectively referred to as "Firestone" or "the Firestone Defendants."

## IV.
## JURISDICTION

### A.     Personal Jurisdiction

4.1     At all relevant times, Defendants were transacting business within the State of Texas and deriving substantial revenue from Texas residents.  They have the minimum contacts necessary for this Court to assert personal jurisdiction.

### B.     Subject Matter Jurisdiction

4.2     Plaintiffs seek damages under Texas common and statutory laws and the amount in controversy for each claim exceeds this Court's jurisdictional minimum.

4.3     There is no basis for federal court jurisdiction over this matter. The Plaintiffs have not pled, nor do they intend to plead, any claim under federal law. The United States District Court for the Southern District of Texas, Brownsville Division (Judge Hilda Tagle), dismissed an earlier version of this lawsuit for lack of federal jurisdiction because there is "no federal cause of action and the Parties are not diverse." (*see* Exhibit A attached to Plaintiffs' Original Petition).

4.4     There is not complete diversity of citizenship because Plaintiffs and one Defendant are foreign citizens.  There is not removal jurisdiction because one defendant is a Texas citizen.

## V.
## VENUE

5.1     A substantial part of the acts and omissions giving rise to the Plaintiffs' claims occurred in Cameron County, Texas.  Pursuant to TEX. CIV. PRAC. & REM. CODE §§15.001 et seq., venue for this action is proper in Cameron County, Texas.

## VI.
## FACTS

6.1     On August 12, 1999, a one-car accident occurred killing, among others, Sergio Alberto Zavala, Jesus Davila Paz, and Valente Ibarra Ibarra.

6.2     These Decedents were returning from a day-long Lucent seminar. Their trip began in Monterrey, Mexico from various departure points at approximately 4:30 a.m. and the accident occurred at approximately 7:20 p.m. The decedents were employed by Servicios de Manufactura de Monterrey, SA de CV. ("Servicios")

6.3    The Lucent Defendants and Laredo Quality were transporting these Decedents in a 1996 Chevrolet Suburban, with Firestone tires, with a driver employed by the Lucent Defendants and Laredo Quality. The driver was in the course and scope of his employment with the Lucent Defendants and Laredo Quality.

6.4    Immediately before the accident, the driver was driving the Suburban at a high, unsafe speed.

6.5    One of the Suburban's P235/75R15 Firestone M&S tires, bearing D.O.T. No. V6HLB4A296, failed (the "Defective Tire") and, in conjunction with the driver's reckless driving, caused the vehicle to roll numerous times, fatally injuring the Decedents.

6.6    The Lucent Defendants are under contract with Servicios to provide assistance and services to Servicios. This contract generally governed the parties' relationship.

6.7    This contract was entered into in Brownsville, Texas.

6.8    Lucent Maquiladoras principal place of business is within the state of Texas.

6.9    An employee of the Lucent Defendants, Mitch West, served as General Manager of Laredo Quality and of the Servicio's facility at which the Decedents were employed.   Mr. West, while serving as General Manager of Laredo Quality and the Servicio facility, maintained his permanent residence in the United States and made decisions and acted on behalf of Servicio within the United States.

6.10    Laredo Quality is Servicios' parent and exercised control over the Decedents' transportation. Additionally, Mr. West, an employee of the Lucent Defendants, conceived of and planned the use of the Suburban and driver to transport the Decedents, and as General Manager, selected the Suburban, determined its safety and maintenance (or lack

thereof), selected and was responsible for training the driver, and scheduled the workers' trip.

6.11   The Firestone Defendants designed, manufactured, marketed and/or distributed the defective tire.

6.12   Sergio Alberto Zavala, Jesus Davila Paz, and Valente Ibarra Ibarra, among others, died from the injuries they sustained in the rollover.

## VII.
## CAUSES OF ACTION

### A.   The Lucent Defendants

7.1   Plaintiffs assert claims against the Lucent Defendants because of the negligent acts and omissions of their managerial employees, including Mitch West and/or other Texas managerial employees. This negligence includes both the acts and omissions and the decision to commit these acts and omissions:

> a.   failing to exercise ordinary and reasonable care in the supervision and control of the Suburban's driver;
>
> b.   failing to repair and maintain the Suburban;
>
> c.   failing to select a competent driver for the Suburban;
>
> d.   failing to properly train the driver in the Suburban's safe operation, including appropriate braking and steering procedures, the dangers of traveling at an excessive speed, and appropriate accident avoidance or mitigation when an accident is imminent;
>
> e.   failing to train the driver and passengers in safety procedures during an accident;
>
> f.   failing to require a driving schedule which allowed adequate breaks and rest for the Suburban's driver; and

CutePDF - www.fexio.com

     g.    providing the Suburban with the Defective Firestone Tire for the Decedents' transportation.

7.2    The Lucent Defendants also are liable for negligence per se because the Suburban's driver exceeded the posted speed limit.

7.3    These acts and omissions were a proximate cause of the Decedents' deaths and all Plaintiffs' injuries.

7.4    The Lucent Defendants' acts and omissions, when viewed objectively from each Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Each Lucent Defendant had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

**B.    Laredo Quality**

7.5    Plaintiffs assert claims against Laredo Quality because of the negligent acts and omissions of its managerial employees, including Mitch West and/or other Texas managerial employees. This negligence includes both the acts and omissions and the decision to commit these acts and omissions:

    a.    failing to exercise ordinary and reasonable care in the supervision and control of the Suburban's driver;

    b.    failing to repair and maintain the Suburban;

    c.    failing to select a competent driver for the Suburban;

    d.    failing to properly train the driver in the Suburban's safe operation, including appropriate braking and steering procedures, the dangers of traveling at an excessive speed, and appropriate accident avoidance or mitigation when an accident is imminent;

Case 1:01-cv-00140  Document 1  Filed in TXSD on 08/14/2001  Page 20 of 245

     e.     failing to train the driver and passengers in safety procedures during an accident;

     f.     failing to require a driving schedule which allowed adequate breaks and rest for the Suburban's driver; and

     g.     providing the Suburban with the Defective Firestone Tire for the Decedents' transportation.

7.6    Laredo Quality also is liable for negligence per se because the Suburban's driver exceeded the posted speed limit.

7.7    These acts and omissions were a proximate cause of the Decedents' deaths and all Plaintiffs' injuries.

7.8    Laredo Quality's acts and omissions, when viewed objectively from this Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Laredo Quality had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

## C.   The Firestone Defendants

7.9    Firestone developed, designed, manufactured, inspected, marketed and/or distributed the Defective Tire for use on motor vehicles including the Suburban. At the time of the incident, the Defective Tire was in the same condition as when originally manufactured, marketed, tested, and distributed by Firestone.

### 1.   Negligence

7.10   Firestone breached the duty of reasonable care which it owed the Decedents and other Plaintiffs as follows:

     a.     negligently designing the Defective Tire;

b.    negligently manufacturing the Defective Tire;

c.    negligently testing or failing to test the Defective Tire;

d.    negligently inspecting or failing to inspect the Defective Tire;

e.    negligently warning or failing to warn of defects in the Defective Tire; and/or

f.    negligently warning or failing to warn of the signs of a failing tire and the consequences of this failure.

7.11   These acts and omissions were a proximate cause of the Decedents' injuries and all Plaintiffs' damages.

7.12   The Firestone Defendants' acts and omissions, when viewed objectively from each Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. The Firestone Defendants each had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

2.    **Strict Liability**

7.13   The Defective Tire was unfit and unsafe for its intended uses and purposes when it left Firestone's control. Firestone's design, manufacturing, and/or marketing defects caused the Defective Tire to suddenly fail.

7.14   There were safer alternative designs which would have prevented these defects and prevented or significantly reduced the risk of injury without substantially impairing the Defective Tire's utility. These safer alternative designs were economically

and technologically feasible when the Defective Tire left Firestone's control  by the application of existing or reasonably achievable scientific knowledge.

7.15    Firestone failed to warn or failed to adequately warn of these defects and the resulting dangers.

7.16    These acts and omissions were a direct and producing cause of the Decedents' deaths and all Plaintiffs' damages.

## VIII.
## DAMAGES

8.1    Defendants' acts and omissions described herein were a direct, producing and proximate cause of the following injuries, deaths and damages.

**A.    Survival Damages**

8.2    Defendants' acts and omissions were a direct, producing and proximate cause of each Decedent's (1) lost pleasure of living (hedonic damages), (2) physical pain and suffering, and (3) mental anguish, including paralyzing fear and the awareness of his approaching death.

8.3    Each Decedent's Estate seeks compensatory damages for these injuries.

**B.    Wrongful Death Damages**

8.4    The Defendants' acts and omissions were a direct, producing and proximate cause of each wrongful death Plaintiff's damages.  These Plaintiffs have suffered and will suffer (a) mental anguish, (b) lost companionship and society, and (c) pecuniary losses, including medical expenses and the loss of the care, maintenance, support, services,

advice, counsel, and reasonable contributions of a pecuniary value that, in reasonable probability, each would have received from the Decedent had he lived.

8.5     These Plaintiffs also incurred reasonable expenses for their respective son's funeral and burial.

## C.   Exemplary Damages

8.6     Defendants' acts and omissions were grossly negligent, reckless, and involved an entire want of care.   Plaintiffs' damages resulted from the Defendants' objective and subjective conscious indifference to the rights, welfare and safety of the Decedents and other Plaintiffs.

## D.   Interest and Costs

8.7     The Plaintiffs seek pre-judgment and post-judgment interest and court costs to the full extent permitted by Texas law.

## IX.
## JURY DEMAND

9.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial and have paid the jury fee.

## X.
## PRAYER

10.1    Plaintiffs seek judgment against Defendants for the compensatory damages, exemplary damages, pre-judgment and post-judgment interest at the lawful applicable rates, all court costs, and such further relief, at law and in equity, to which Plaintiffs are entitled.

Case 1:01-cv-00140   Document 1   Filed in TXSD on 08/14/2001   Page 24 of 245

Respectfully submitted,

Michael A. Caddell
SBT No. 03576700
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

Cynthia B. Chapman
SBT No. 00796339
Donald L. Harvey
SBT No. 00787658
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010-3027
(713) 751-0400 Telephone
(713) 751-0906 Facsimile

Frank Costilla
SBT No.  04856500
Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152

Ezequiel Reyna, Jr.
SBT No. 16794798
Law Offices of Ezequiel Reyna, Jr.
702 West Expressway 83
Weslaco, TX  78596
(956) 968-9556 Telephone
(956) 969-0492 Facsimile

MARIA OLIVIA VASQUEZ, et al.      §
                                   §

VS.                             §
                                   §

BRIDGESTONE/FIRESTONE, INC.,   §
GENERAL MOTORS CORPORATION,  §
LUCENT TECHNOLOGIES, INC.,     §
LUCENT TECHNOLOGIES          §
MAQUILADORAS, INC.,             §
                                   §
                                   §

## AFFIDAVIT OF JANET O'ROURKE

County of Somerset     )
                       )
                       )
State of New Jersey    ) ss:.

1.     I am an Assistant Secretary of Lucent Technologies Inc.("Lucent"), the Law Division of Lucent. Lucent, as a company listed on a national stock exchange, is required by the Securities & Exchange Commission ("SEC") to keep and annually to file a list of all its direct and indirect subsidiary companies. It is part of my regular duties to assist in the maintenance of the corporate records of Lucent and its subsidiary companies for that and other purposes. Accordingly, I have regular access to corporate records and I make this affidavit based upon personal knowledge and inspection of Lucent's corporate records and in support of the motion of Lucent Technologies Inc. to dismiss the complaint in this matter.

2.     Lucent Technologies Inc. was incorporated in Delaware on November 29, 1995 under the name "NS-MPG Inc." At that time, it was a wholly owned subsidiary of AT&T Corp. It officially changed its name to Lucent Technologies Inc. on February 5, 1996. Its principal place of business is at 600 Mountain Avenue, Murray Hill, New Jersey 07974. Its stock first traded on the New York Stock Exchange on April 4, 1996. It ceased being a subsidiary of AT&T Corp. on



September 30, 1996. From that time to the present, it has not been a subsidiary of any other company.

3.      Lucent Technologies Inc. does not do business in Mexico, own any facilities or vehicles in Mexico, nor employ any full-time employees in Mexico. Most business done outside the United States under the name of "Lucent" is conducted by subsidiary companies and all foreign facilities bearing the Lucent logo are owned by subsidiary companies. For example, Lucent's principal subsidiary doing business in Mexico is Lucent Technologies de Mexico, S.A. de C.V. with headquarters in Mexico City.

4.      At no time did Lucent Technologies Inc. or Lucent Technologies Maquiladoras Inc. own a vehicle described as a white 1996 Chevrolet Suburban with Mexican license plate #RNN1580.

5.      Lucent Technologies Maquiladoras Inc. ("Maquiladoras") was a US corporation incorporated in Delaware on October 14, 1983. At that time, it was a wholly owned subsidiary of AT&T International Inc. ( now known as Lucent Technologies International Inc. ("LTII") . LTII is a wholly owned subsidiary of Lucent Technologies Inc. It has never had any employees nor has it ever conducted any business either in the U.S. or Mexico since its formation.

_Janet O'Rourke_
Janet O'Rourke

Sworn to before me this
14th day of March 14, 2001

_[signature]_
Notary Public

DEBORAH F. PAVLIK
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 6/12/2006

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MARIA OLIVIA VASQUEZ, et al., §
§
                    Plaintiffs,          §
                                         §   CASE NO. 1:01CV168
v.                                       §   JUDGE HOWELL COBB
                                         §
                                         §
BRIDGESTONE/FIRESTONE, INC.;             §
GENERAL MOTORS CORPORATION;              §
LUCENT TECHNOLOGIES, INC.;               §
LUCENT TECHNOLOGIES,                     §
MAQUILADORAS, INC.                       §
                                         §
                    Defendants.          §

## DECLARATION OF KERRY CANTRELL

Kerry Cantrell declares as follows:

1.  My name is Kerry Cantrell. I am an Assistant Secretary of Bridgestone/Firestone, Inc. I have personal knowledge of the facts stated in this declaration, and the facts stated are true and correct.

2.  Bridgestone/Firestone, Inc. is incorporated under the laws of Ohio and has its principal place of business in Tennessee, where its corporate headquarters are located.

3.  Although Bridgestone/Firestone, Inc. is a subsidiary of Bridgestone Corporation, Bridgestone/Firestone, Inc. is a separate, adequately capitalized entity and maintains a separate corporate existence. There are formal barriers between management at Bridgestone Corporation and Bridgestone/Firestone, Inc., and the formalities of separate corporations are observed. As a result:

    a.  Bridgestone/Firestone, Inc. and Bridgestone Corporation maintain separate corporate headquarters;

    b.  Bridgestone/Firestone, Inc. and Bridgestone Corporation operate separate manufacturing facilities;

    c.  Bridgestone/Firestone, Inc. and Bridgestone Corporation maintain separate books and records and file separate tax returns;



d.  Bridgestone/Firestone, Inc. and Bridgestone Corporation each determine its own corporate policy;

e.  Bridgestone/Firestone, Inc. and Bridgestone Corporation conduct separate board of directors meetings;

f.  Bridgestone/Firestone, Inc. and Bridgestone Corporation do not share common departments or businesses;

g.  Bridgestone/Firestone, Inc. does not obtain its operating capital from Bridgestone Corporation. Rather, Bridgestone/Firestone, Inc. borrows operating capital from outside sources and/or obtains the capital from its own business profits.

4.  Bridgestone Corporation does not control the internal business operations and affairs of Bridgestone/Firestone, Inc.

I declare under the penalty of perjury that the foregoing is true and correct.

SIGNED on June 1, 2001, at Nashville, Tennessee.

Kerry Cantrell
Assistant Secretary
Bridgestone/Firestone, Inc.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MARIA OLIVIA VASQUEZ, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
ESTATE OF VALENTE IBARRA IBARRA, §
DECEASED, AND AS NEXT FRIEND OF §
OLIVIA LIZETH IBARRA VAZQUEZ AND §
JESUS ALAN IBARRA VAZQUEZ, MINOR §
CHILDREN ET AL; §
      **Plaintiffs,** §
       §
ALEJANDRA MARLEN DELUNA, §
CYNTHIA IVETTE ROJO RODRIGUEZ, §
MATRA EVELYN ROJO RODRIGUEZ, §
MIGUEL ANGEL ROJO GARCIA, §
AND LUZ MEDINA ANDRADE §
      **Intervenors,** §
       §
V. §
       §
BRIDGESTONE/FIRESTONE, INC.; §
GENERAL MOTORS CORPORATION; §
LUCENT TECHNOLOGIES, INC.; §
LUCENT TECHNOLOGIES §
MAQUILADORAS, INC., §
      **Defendants.** §

CIVIL ACTION NO. 1:01-CV-168

JUDGE HOWELL COBB

### DECLARATION OF JOHN J. GOUDIE

STATE OF OHIO      §
                  §
COUNTY OF SUMMIT   §

John J. Goudie, declares as follows:

1.    My name is John J. Goudie. I have been an employee of Bridgestone/Firestone, Inc., ("Firestone") for forty (40) years and am currently located in Akron, Ohio. My current position is Manager of Product Analysis. I am over the age of twenty-one (21) years and have never been convicted of a crime involving moral turpitude. I am of sound mind and I

Houston:578421.1



am competent to make this declaration. I have personal knowledge of the facts stated herein, and they are all true and correct.

2.   Firestone's plant located at 1006 Farm Rd., Orange, Texas, is not Firestone's principal manufacturing facility nor is it Firestone's principal place of business. The plant in Orange, Texas is merely one of many manufacturing facilities operated by Firestone in the United States.

3.   Firestone does not produce tires at the plant located at 1006 Farm Rd., Orange, Texas. Rather, Firestone uses that plant to produce synthetic rubber.

4.   Firestone's principal place of business is in Nashville, Tennessee, where its corporate offices are located.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on June _22 ⁿᵈ_, 2001.

_John J. Goudie, Jr._
John J. Goudie, Manager of Product Analysis
Bridgestone/Firestone, Inc.

14:04 AUG 08, 2001                TEL NO: 590-1015              #11765? PAGE: 2/21

**EOD**  8/8/01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED CLERK
U. S. DISTRICT COURT

01 AUG -7 PM 3:53

TX EASTERN-BEAUMONT

BY Marilyn Levy

| | | |
|---|---|---|
| MARIA OLIVIA VASQUEZ, ET AL | § | |
| VS. | § | NO. 1:01-CV-168 |
| BRIDGESTONE/FIRESTONE ET AL | § | |

## MEMORANDUM OPINION

### I.  Background and Findings

On August 12, 1999, in Nuevo Leon, Mexico, the driver of a Chevrolet Suburban

and seven passengers were in a single car accident.  All of the persons in the car were

residents and citizens of the Republic of Mexico.  The passengers were employees of

Servicios de Manufacturas de Monterrey, S.A. de C.V., a Mexican corporation, which

had a contract with Lucent Technologies for furnishing operating and managerial support.

The passengers had been to a training session in Matamoros, and were returning to

Monterrey.  The driver was an employee of Lucent Technologies de Mexico, a Mexican

corporation.  The driver and one passenger survived the accident.  All others were killed.

The plaintiffs allege that, during the return trip, one of the tires manufactured by

Bridgestone/Firestone, Inc. in Mexico, delaminated, causing the Suburban to go out of

control and roll over several times.  There is evidence that a tire did indeed delaminate.

On March 15, 2000, the plaintiffs brought suit in the United States District Court

for the Southern District of Texas, Brownsville Division, against Lucent Technologies,

Inc., Lucent Technologies Maquiladoras, Inc., Servicios de Manufacturas de Monterrey,



1



S.A. de C.V., and Bridgestone/Firestone, Inc., in Civil Action No. B-00-040.  Judge Tagle

in that court dismissed the case on June 13, 2000, because Servicios "is a non-resident

Mexican corporate business entity" with a principal place of business in Guadalupe,

Nuevo Leon, Mexico.  It was therefore a citizen of Mexico, which destroyed diversity

jurisdiction.

The plaintiffs then filed suit in the 128th Judicial District of Orange County, Texas,

against defendants Bridgestone/Firestone, Inc., General Motors Corp., Lucent

Technologies, Inc., and Lucent Technologies Maquiladoras, Inc.  Defendants received

notice of the state lawsuit on February 20, 2001, and timely removed the action to this

court on March 19, 2001, under diversity jurisdiction.

Unlike the Brownsville suit, the plaintiffs have not sued the driver or "Servicios,"

or Lucent Technologies de Mexico in this suit, nor are they likely to do so because

diversity might vanish.

The plaintiffs and intervenors are suing under Texas state law, alleging various

negligence causes of action as well as strict liability and warranty actions against the

various defendants.  Their underlying cause of action, however, is for wrongful death of

the decedents in Mexico.  The defendants, led by Lucent, contend that if this lawsuit

belongs in a federal court in the United States, then Mexican law should be applied

instead of Texas law.  However, the defendants' most forceful argument is that this

lawsuit should properly be filed in Mexico, the locale of the accident and the homeland of

all of the victims and of all of the plaintiffs involved.  In addition, the automobile was

2

manufactured and sold in Mexico, and serviced and maintained in Mexico, and the tires were manufactured in Mexico. For those reasons, the defendants move to dismiss this action under the doctrine of *forum non conveniens*.

The Plaintiffs Vasquez, et al ("plaintiffs," and Plaintiff-Intervenors Rodriguez De Luna, et al (intervenors"),[1] have each respectively filed Motions to Extend Time to Respond to the defendants' motions to dismiss but have submitted "preliminary responses." All defendants have similarly filed motions to extend time to reply to any "final responses."

The court, having reviewed the defendants' motions and the responses on file on behalf of Plaintiffs Vasquez, et al, and Plaintiff-Intervenors Rodriguez De Luna, et al, is of the opinion that the motions to dismiss on the grounds of *forum non conveniens* be GRANTED. Further, the plaintiffs' and intervenors' motions to extend time to respond will be DENIED and all other existing motions will be DENIED as MOOT.

## II.  Procedural Issues.

This case has seen a flurry of thirty-two separate motions entered by the various parties since it was removed here in March. Some, such as motions to appear *pro hac vice*, have been routinely ruled upon by the court. As of July 13, 2001, eighteen remained open, including the first motion to dismiss on *forum non conveniens* grounds by Lucent, filed on April 19, 2001. Because the issue of whether the action properly belongs in a

---

[1] Because the intervenors' filings, motions and responses closely track those of the plaintiffs', the court will generally address the entire group as "plaintiffs."

3

court of law in Mexico will determine whether this case will proceed in the United States, this court scheduled a hearing on the *forum non conveniens* determination, along with all other pending motions, on July 27, 2001, and issued an Order that no further motions be filed pending that hearing and the ruling thereon.

Briefly addressing some of the earlier motions, the plaintiffs moved to remand their case to Texas state court on May 17, 2001, which the court denied. The plaintiffs and intervenors have subsequently moved for reconsideration of the denial, claiming that this case should be remanded to the Texas state court for various reasons. Their accompanying motion to join the Bridgestone Corporation, a Japanese entity, as a defendant is untimely. The plaintiffs' claim that the U.S. corporation Bridgestone/Firestone, Inc., is merely an operating unit of the Japanese Bridgestone Corp. is unfounded. The motion would be denied even if there were no pending *forum non conveniens* analysis.

Similarly, the plaintiffs' claim that Bridgestone/Firestone, Inc., is a citizen of Texas because of its chemical plant in Orange County, Texas, and its Texas state franchise tax filing reflecting the address of that plant, all of which they claim destroys diversity, is meritless. Bridgestone/Firestone, Inc., is an Ohio corporation with its principal place of business in Nashville, Tennessee. Further, even if it were a Texas citizen, there would still be complete diversity because all of the plaintiffs are Mexican citizens and all of the defendants are U.S. citizens. The fact that the lawsuit was brought

4

in Texas by Texas lawyers representing the plaintiffs' interests is immaterial to the diversity determination.

Because the defendants assert that Mexican law should be applied if this case were to go forward in a federal court under diversity jurisdiction, the plaintiffs insist that the case should be remanded to Texas state court because the jurisdictional amount in controversy requiring damages in excess of $75,000 cannot be met under the remedies provided in Mexican law. That contention is also meritless. The amount in controversy determination can be satisfied if it is facially apparent that the damages sought by the plaintiffs exceed the jurisdictional amount at the time of removal. *See Aguilar v. Boeing Co..*, 11 F.3d 55, 57 (5th Cir. 1993). There, it was facially apparent that a wrongful death claim, including terror in anticipation of death, loss of companionship, and funeral expenses exceeded the jurisdictional amount at the time of removal. The same analysis pertains to the *Vasquez* plaintiffs' claims. In particular, the plaintiffs are proceeding in the U.S. courts because Mexican law limits recovery to a lower sum per individual. Thus, although their state lawsuit does not specify an amount of damages, they must be seeking more than that amount, which satisfies diversity jurisdictional requirements. Further, these plaintiffs sought a specific amount in their earlier complaint filed in and dismissed by the Southern District of Texas. In that complaint, they sought actual damages of $50,000,000, and punitive damages of $200,000,000. That easily exceeds the jurisdictional amount per individual plaintiff and satisfies the analysis denying remand. *See Id.* at 58.

5

The plaintiffs have filed "preliminary" responses to the *forum non conveniens* motions, but have also moved for an extension of time for one hundred and twenty days of virtually unfettered discovery followed by fourteen days in which to prepare their "final" responses. They contend they must conduct in-depth discovery of the entities involved and depose various affiants and witnesses to prepare their responses meaningfully. The plaintiffs complain that they were only made aware of the *forum non conveniens* motions filed by the three defendants on April 18, and should be allowed more time and discovery before responding to all three of the motions. However, a *forum non conveniens* motion should come as no surprise to the plaintiffs, because the same group of Lucent defendants made the same motion more than a year ago in the plaintiffs' original action filed in the Southern District of Texas before Judge Tagle dismissed the case for lack of diversity. Additionally, the burden of responding to three such motions is not great. They are nearly identical and the Bridgestone/Firestone and General Motors defendants joined in the arguments offered by Lucent. Further, as Bridgestone/Firestone has put very well, the discovery sought by the plaintiffs really goes to the *merits* of their case, not to the *forum non conveniens* analysis. Therefore, delay is unnecessary.

On August 3, 2001, the plaintiffs filed a "post-submission brief in support of the denial of the motions to dismiss for *forum non conveniens*" in which they argue that Texas state case law applies certain international treaties to permit citizens of foreign countries who are not Texas residents to bring tort-based lawsuits in Texas state courts. Specifically, the plaintiffs cite recent Texas Supreme Court and Texas Appellate Court

6

cases for the proposition that dismissal under *forum non conveniens* is inappropriate in this case and that "an international treaty supports retention of this case." Their contention is ill-founded.

The plaintiffs argue that *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000) applies several international treaties, notably including the International Covenant on Civil and Political Rights (the Covenant), to determine whether citizens of the U.S. and citizens of another country have "equal treaty rights" for access to each others' courts. In *Dubai*, the survivors of an Indian national, who was killed while working on an oil rig off the coast of the United Arab Emirates in the Persian Gulf, brought suit in Harris County, Texas, under Texas Civil Practice and Remedies Code § 71.031 in 1993. The Harris County court dismissed the case for lack of subject matter jurisdiction. The Texas Court of Appeals reversed and the Texas Supreme Court affirmed on the issue that the Covenant and other treaties granted equal access to the courts of signatory nations, which conferred subject matter jurisdiction on a court of general jurisdiction in Texas. *See Dubai*, 12 S.W.3d at 81-83. Plaintiffs in this case propose that, therefore, the instant lawsuit is properly brought in this Court, removed from Orange County, Texas, state court, and should go forward. However, as the Texas Supreme Court noted in *Dubai*,

> The Kazis filed this action nineteen days before the effective date of Texas Civil Practice and Remedies Code section 71.051(a), which allows a Texas court to dismiss an action by a non-resident alien for an injury or death occurring outside Texas under the doctrine of *forum non conveniens*. Therefore, defendants did not seek to dismiss the case under that statute.

7

*See Id.* at 74 n.2. The plaintiffs here also argue that *forum non conveniens* was held to be

improper as applied to a foreign citizen in *Toubaniaris v. American Bureau of Shipping*,

981 S.W.2d 858 (Tex. App. - Houston [1st Dist.] 1998, pet. denied). However, in that

case, the lawsuit pursued by the foreign national also predated the current Texas doctrine

of *forum non conveniens*. The Texas Civil Practice and Remedies Code § 71.051(a)

states:

> With respect to a plaintiff who is not a legal resident of the United States, if
> a court of this state, on written motion of a party, finds that in the interest of
> justice a claim or action to which this section applies would be more
> properly heard in a forum outside this state, the court may decline to
> exercise jurisdiction under the doctrine of forum non conveniens and may
> stay or dismiss the claim or action in whole or in part on any conditions that
> may be just.

In that regard, the Texas law of *forum non conveniens* matches the federal doctrine.

Regardless whether the application of any international treaty creates subject matter

jurisdiction within a Texas state court for a lawsuit by a foreign citizen, the Texas state

doctrine of *forum non conveniens* still applies. There is no doubt that this court also holds

subject matter jurisdiction in this case. However, as is discussed below, the federal law

will be applied in any *forum non conveniens* determination made within the U.S. Court of

Appeals for the Fifth Circuit. Thus, the contentions of the plaintiffs' post-submission

brief do not affect the *forum non conveniens* analysis in this case.

Having determined that the parties' various urgings contain no bar to a *forum non*

*conveniens* determination, the court will turn to that topic.

8

### III. The Standard for Dismissal under *Forum Non Conveniens.*

The U.S. Supreme Court originally recognized the common law of *forum non conveniens* in federal courts as a method of dismissing damages actions or of transferring venue from a jurisdiction to another where venue was more appropriate. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). Congress has since amended the transfer of venue function of the *forum non conveniens* doctrine by enacting 28 U.S.C. 1404(a). *See Quackenbush v. Allstate Ins. Co..* 517 U.S. 706, 722, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996). However, the U.S. Supreme Court continues to recognize that federal courts have the power to dismiss damages actions under *forum non conveniens* analysis where "the alternative forum is abroad." *Id.*

When reviewing an action under diversity jurisdiction, a federal court in the Fifth Circuit must employ the federal law of *forum non conveniens* instead of state law. *See In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982,* 821 F.2d 1147, 1159 (5th Cir. 1987), *vacated on other grounds and remanded, Pan American World Airways, Inc. v. Lopez,* 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed. 2d 400 (1989), *reinstated in relevant part, In re Air Crash Disaster Near New Orleans,* 883 F.2d 17 (5th Cir. 1989).

The Fifth Circuit will review a district court's decision on a motion to dismiss for *forum non conveniens* for a clear abuse of discretion. *See McLennan v. American Eurocopter Corp., Inc.,* 245 F.3d 403, 423 (5th Cir. 2001). Generally, a court would be found to have abused its discretion when it grants a motion to dismiss without oral or

9

written reasons or if it fails to address and balance the relevant principles and factors. *See Dickson Marine, Inc., v. Panalpina, Inc.*, 179 F.2d 331, 341 (5th Cir. 1999), *McLennan*, 245 F.3d at 424 (the Fifth Circuit will review the district court's compliance with the relevant analytical framework and will not perform a de novo analysis nor make the initial determination for the district court.

The premise underlying the doctrine of *forum non conveniens* is "that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized." *See McLennan*, 245 F.3d at 423 (citing *Dickson Marine*, 179 F.3d at 341). The doctrine presupposes at least two forums where the defendant or defendants are amenable to process and simply furnishes criteria for choice between them. *Id.* at 424.

The framework for analysis under *forum non conveniens* requires that the defendant seeking dismissal must first establish that there is an alternative forum which is both available and adequate. *Id.* A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum. *Id.*. A foreign forum is adequate when the parties will not be deprived of all remedies, even though they may not enjoy the same benefits as they might receive in an American court. *Id.; Aguilar v. Boeing Co.*, 806 F. Supp. 139, 143 (E.D. Tex. 1992) (citing *Perusahaan Umum Listrik Negara v. M/V Tel Aviv*, 711 F. 2d 1231 (5th Cir. 1983)).

Once the movant establishes that there is an alternative forum which is both available and adequate, the movant must show that dismissal is warranted because of the balance of certain private and public interests. *See McLennan*, 245 F.3d at 423. The

10

relevant private interest factors include: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The relevant public interest factors include: the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

This court will proceed on the basis so described.

**IV.  Analysis.**

**A.  Availability and Adequacy of an Alternative Foreign Forum.**

There are two possible forums for this action, the United States and Mexico. Jurisdiction in this court is not in question. Because all of the activity took place in Mexico–including the manufacture, purchase, and operation of the Suburban and its tires–and all of the plaintiffs are, and all of the decedents were citizens of Mexico, that country is certainly an alternative forum to the United States.

A defendant's submission to the jurisdiction of an alternative forum renders that forum available. *See Aguilar*, 806 F. Supp. At 143 (citing *Vega-Chemie, A.G. v. M/V Getafix*, 711 F. 2d 1243, 1245 (5th Cir. 1983)).   In this case, the Lucent defendants,

11

Bridgestone/Firestone, Inc., and General Motors have all agreed to submit to the jurisdiction of Mexico, have certified that they will abide by the rulings of that jurisdiction, and will pay any recovery adjudged against them. Therefore, Mexico is an available forum to hear the action.

Mexican law has been ruled to be adequate in a wrongful death action in this and other federal courts. *See Aguilar*, 806 F. Supp. at 143; *David Rodriguez Diaz v. Mexicana de Avion, S.A.*, No. SA-86-CA-1065, 1987 U.S. Dist. LEXIS 13399, at *4-9 (W.D. Tex. Jan 23, 1987), *aff'd mem*. 843 F.2d 498 (5th Cir. 1988), *cert denied*, 488 U.S. 826,, 109 S. Ct. 26, 102 L. Ed. 2d 53 (1988). Here, the plaintiffs are proceeding under negligence and strict liability actions. Mexico recognizes wrongful death actions but not strict product liability. The lack of a strict product liability cause of action in a foreign forum does not per se render that forum inadequate. *See David Rodriguez Diaz*, 1987 U.S. Dist. LEXIS 13399, at *8, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254-55, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). The *Rodriguez Diaz* court specifically ruled that the lack of a strict liability cause of action in Mexican law did not render Mexican law inadequate. Further, the fact that a plaintiff may recover less in a wrongful death action in Mexico than in the United States does not render that system of laws inadequate. *Id.*

There is no reason to believe that Mexican law is inappropriate. The court will turn to a balancing of the private and public factors.

**B. Private and Public Factors.**

12

Preliminarily, while it is true that a plaintiff's choice of forum should be given deference, when that plaintiff is a citizen of a foreign country who is trying to avail himself of the more favorable laws of the United States, his choice will be given less deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981).

*Piper Aircraft Co. v. Reyno, supra,* is particularly instructive on the issue before this court. A five-place private plane crashed in Scotland, killing all aboard. Suit was filed in Pennsylvania Federal Court and the district court, after a full analysis, dismissed the case. The Court of Appeals for the Third Circuit reversed because the remedies and damages available in Scotland were not as generous as in the United States, either under Pennsylvania law or Ohio law, holding that was the determining factor. The Supreme Court reversed.

The Court held:

> The Court of Appeals erred in holding that plaintiffs may defeat a motion to dismiss on the ground of *forum non conveniens* merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum. The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry. (at p. 247)

and:

> Except for the court below, every Federal Court of Appeals that has considered this question after *Gilbert* has held that dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery. (at p. 250)

13

Further:

> Upholding the decision of the Court of Appeals would result in other
> practical problems.  At least where the foreign plaintiff named an American
> manufacturer as defendant, a court could not dismiss the case on grounds of
> *forum non conveniens* where dismissal might lead to an unfavorable change
> in law.  The American courts, which are already extremely attractive to
> foreign plaintiffs, would become even more attractive.  The flow of
> litigation into the United States would increase and further congest already
> crowded courts.  (at p. 251)

and:

> It suggested that defendants seeking *forum non conveniens* dismissal must
> submit affidavits identifying the witnesses they would call and the
> testimony these witnesses would provide if the trial were held in the
> alternative forum.  Such detail is not necessary.  (at p. 258)

In addition, in *Piper Aircraft*, the pilot's estate was not a defendant, nor was his

employer.  There, the court held that one forum is preferable in order that all parties could

be before one court.  The same is applicable here.  The driver and Servacios and L.T.

Mexico could all be joined in one action, if appropriate under the laws of Mexico.

In addition, the judges in Mexico are required to be "learned in the (civil) law."

This court, not learned in civil law of Mexico, would be required to rely on expert

testimony of lawyers admitted in Mexico and be faced with conflicting opinions of those

"experts."

## 1. Private factors.

All of the events leading to this action took place in Mexico.  The decedents were

all Mexican citizens; the plaintiffs are all Mexican citizens; the accident occurred in

Mexico in a vehicle which was built, purchased, and maintained in Mexico and was

14

outfitted with tires which were made in Mexico. All of the eyewitnesses, medical and

law enforcement personnel and physical evidence are in Mexico. It would be difficult

and expensive to produce those witnesses and transport the evidence to a court in the

United States. Under these circumstances, Mexico is the most appropriate forum. *See*

*Aguilar*, 806 F. Supp. at 144, *aff'd Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993). In

*Aguilar*, a Mexicana Airlines Boeing 727 flew nonstop from Chicago's O'Hare airport to

Guadalajara, Mexico, and then to Mexico City. The following day, it crashed after

takeoff, killing its crew and passengers. Most of the plaintiffs in that case were Mexican

citizens; evidence and witnesses concerning damage issues were also located in Mexico.

Some evidence concerning the aircraft's design and manufacture might have been located

in the United States. However, because the bulk of the evidence and witnesses were in

Mexico, and the fact that the crash occurred in Mexico and involved mainly Mexican

citizens, the invocation of *forum non conveniens* was appropriate and the case was

dismissed from the Eastern District of Texas. *Id.* Unlike the ties to the U.S. in *Augilar*,

the present case has virtually no tie to the United States. It is similarly appropriate to

dismiss under *forum non conveniens*.

This court has no power of compulsory process over citizens of Mexico. As noted,

all witnesses of the accident, surviving victims, medical and police personnel, forensic

analysts and other unknown individuals reside in Mexico. The plaintiffs have asserted

that they, the plaintiffs will be available and present in a U.S. court. However, they

cannot guarantee the availability of any of the necessary witnesses who might be

15

Case 1:01-cv-00140   Document 1   Filed in TXSD on 08/14/2001   Page 46 of 245

unwilling to appear, and this court cannot summon them. The court has previously noted

that the testimony of unwilling nonparty witnesses in Mexico can only be obtained to aid

in a United States litigation through letters rogatory pursuant to the Hague Convention on

the Taking of Evidence Abroad in Civil and Commercial Matters, Mar. 18, 1970, 23

U.S.T. 2555, T.I.A.S. No. 7444, 847 U.N.T.S. 231. The procedure presents difficulties in

obtaining adequate deposition testimony, is expensive, and is time consuming. Further,

relying on depositions instead of live testimony would deprive the court and the trier of

fact from evaluating the credibility of the witnesses. *See Aguilar*, 806 F. Supp. at 14.

Additionally, the cost of transporting and domiciling such a group would be expensive for

those witnesses who would be willing to appear in person. This factor strongly favors

dismissal to allow the plaintiffs to proceed in Mexico.

Viewing the location of the accident could be appropriate, if unlikely, to a

determination of this action. Although courts and juries in these types of cases are

usually informed of the circumstances of vehicular accidents by photographs, models and

animations, physical viewing of the locale of the accident does occur. If it were

necessary in this case, such a viewing would be virtually impossible due to the time and

cost it would take to transport all court personnel and the jury to the location in Mexico.

Nearly all of the reports detailing the accident are in Spanish. A few have been

translated but are subject to verification. The translation process is a lengthy and

expensive one. Additionally, most of the witnesses who are Mexican citizens who are

willing to appear in person would require translators to testify, again at greater expense

16

CNsPDF - www.fanbis.com

and at the risk of loss of accuracy. Such translation requirements would certainly slow the case and perhaps introduce confusion among jurors.

In balance, all of the private factors indicate that Mexico is a more appropriate forum and that this case should be dismissed.

## 2. Public factors.

This court currently carries a docket including over four hundred civil and over one hundred and twenty criminal cases. The addition of this case would significantly burden the docket in terms of time and resources.

According to the statistics of the Clerk's office, there have been filed in this court 416 civil cases and 92 criminal cases in the 12-month period from July 1, 2000, to June 30, 2001. A number of those cases include complicated patent suits, copyright suits, class action suits, suits seeking class action status, qui tam actions under the False Claims Act, RICO suits, and the usual federal court mix of employment discrimination suits, wage and hour suits, federal tort claims suits, maritime and admiralty suits, product liability suits, contract suits, negligence suits, and ERISA suits.

There is virtually no local interest in deciding this controversy. Plaintiffs argue that, because Bridgestone/Firestone, Inc., has a chemical plant in Orange, Texas, the U.S. in general and southeast Texas in particular are appropriate forums. However, the Orange County plant is not the company's principal place of business and does not even produce tires; no local citizen was involved in any aspect of the decedents' accident; all the decedents and all the plaintiffs are citizens of Mexico; the accident occurred in Mexico in

17

a vehicle built and bought in Mexico on tires manufactured in Mexico; and the accident

was investigated in Mexico. It would be manifestly unfair to impose the requirement on a

community in southeast Texas to provide a jury to hear such a case.

The plaintiffs assert that Texas state law should be employed. However, under

Texas conflict of laws analysis and the same circumstances just noted, Mexican law

would have to be employed in a federal diversity action.

According to Mexican civil law, as indicated by the affidavits of three Mexican

attorneys, Mexico follows civil law based generally on the Institutes of Justinian. That is

that in injury to persons cases, the *lex loci delicto* is applied. The *lex loci delicto* here is

located in the Republic of Mexico, the place of the unfortunate accident, the place of the

manufacture and maintenance of the vehicle, the place of the manufacture and sale of the

tires, and the fault (if any), of the driver. There is absolutely no real nexus to Texas in

this dispute, except that plaintiffs' lawyers are located in Texas.

> In all conflicts cases sounding in tort, the Texas courts apply the law of the forum with the most significant relationship to the occurrence and the parties. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414, 421 (Tex. 1984). The most significant relationship test is applied to wrongful death cases. *Total Oil Field Services, Inc. v. Garcia*, 711 S.W.2d 237 [, 239] (Tex. 1986). The relevant contacts to be considered in determining which forum has the most significant relationship are: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and (4) the place where the relationship between the parties is centered.

18

Case 1:01-cv-00140   Document 1   Filed in TXSD on 08/14/2001   Page 49 of 245

*See Rodriguez Diaz*, 1987 U.S. Dist. LEXIS 13399, at *4-5; *See also Torrington Co. v. Stutzman*, No. 99-0261, 2000 Tex. LEXIS 109, at *48 (Tex. Dec. 21, 2000) (recent affirmation that Texas conflict of law analysis is founded in the RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145 (1971) and that for tort analysis, the four factors enunciated in *Rodriguez Diaz* are relevant). All of these factors are met by the circumstances of this case to establish Mexico as the forum with the most significant relationship to the plaintiffs and their decedents' accident. Because Mexican law would be applied, a Mexican court which understands that law far better than this one should hear the case. That would also avoid any conflict between the laws of Mexico and the framework of U.S. federal procedural law.

All of the public interest factors indicate that Mexico is a more appropriate forum and that this case should be dismissed.

## V. Conclusion

*Aguilar* was similar to this case in another respect. Various of the *Aguilar* plaintiffs chased their lawsuit across the United States, attempting to find a forum that would try the case. It had been dismissed from the Western District of Texas under *forum non conveniens*. *See David Rodriguez Diaz v. Mexicana de Avion, S.A.*, No. SA-86-CA-1065, 1987 U.S. Dist. LEXIS 13399 (W.D. Tex. Jan. 23, 1987). They subsequently brought their suit in the Eastern District of Texas under the name of another of the plaintiffs. This Court dismissed the action on two grounds. First, under the doctrine of direct estoppel, the Court held that the preclusive effect of the Western District's

19

dismissal prevented the plaintiffs from asserting the same issues in another forum. Second, the Court applied the *forum non conveniens* analysis once again and found independently that it was appropriate to dismiss. The Fifth Circuit affirmed on both grounds. *See Aguilar*, 11 F.3d 55. Here, the *Vasquez* plaintiffs brought suit in the Southern District of Texas. Rebuffed, they turned to the Texas state court in Orange County and were removed to this jurisdiction. A judgment of dismissal under *forum non conveniens* here should act to preclude a future lawsuit brought elsewhere in this country.

For all the reasons in the above analysis, the defendants' motions to dismiss will be granted. It is, therefore,

ORDERED, that the three Motions to Dismiss on the grounds of *Forum Non Conveniens* are hereby GRANTED, and the dismissal will be with prejudice.

It is, further, ORDERED that all other existing motions in this case are hereby DENIED as moot. It is, further,

SIGNED, this _7_ day of August, 2001.

HOWELL COBB
UNITED STATES DISTRICT JUDGE

20

@002

THE STATE OF TEXAS        §

COUNTY OF WEBB            §

BEFORE ME, the undersigned authority, personally appeared <u>Luis Sanchez</u>, who is personally known to me, and first duly sworn according to law upon his oath deposed and said:

"My name is <u>Luis Sanchez</u>. I am over the age of 18 and am not disqualified by law from making this affidavit. I have personal knowledge of all facts recited herein.

"I am an employee and Assistant Secretary of Laredo Quality Transfer Services, Inc. ("Laredo Quality"). I have been an employee of Laredo Quality for the last six (6) years and an Assistant Secretary since January 2001.

"Laredo Quality provides product and material transportation, storage and inspection services to Servicios de Manufactura, S.A. de C.V. ("Servicios") and Lucent Technologies, Inc. ("Lucent"). Essentially, Laredo Quality transports materials and products between Lucent in the United States and Servicios in Mexico. In connection with that transportation service, Laredo Quality operates warehouses for product and material storage and inspects products for contract compliance.

"Laredo Quality is not the corporate parent of Servicios, and never has been. Stated differently, Servicios is not a subsidiary of Laredo Quality and never has been.

"Laredo Quality exercises no control over Servicios, and never has. In particular, Laredo Quality exercises no control over the manner in which Servicios transports its employees, and never has.

"I am familiar with the allegations of a lawsuit styled as <u>Margarita Santos Davila, et. al. v. Lucent Technologies, Inc., et. al.</u>, civil action no. 2001-02-897-G, filed in the 404th Judicial District of Cameron County, Texas, arising from a one-car automobile accident which occurred near

<u>Initials</u>

Monterrey, Mexico, on August 12, 1999. With respect to the allegations concerning Laredo Quality in that lawsuit, I make the following statements:

"Laredo Quality had no involvement in or responsibility for the selection or purchase of the 1996 GM Suburban (hereafter the "Suburban") involved in the accident.

"Laredo Quality had no involvement in or responsibility for the maintenance or repair of the Suburban.

"Laredo Quality had no involvement in or responsibility for selecting the drivers who were operating the Suburban on August 11-12, 1999.

"Laredo Quality had no involvement in or responsibility for training the drivers who were operating the Suburban on August 11-12, 1999.

"Laredo Quality had no involvement in or responsibility for supervising or controlling the drivers who were operating the Suburban on August 11-12, 1999.

"Laredo Quality had no involvement in or responsibility for scheduling the trip which the Servicios employees were taking in the Suburban on August 11-12, 1999.

"Laredo Quality had no involvement in or responsibility for selecting a competent person to drive the Suburban on August 11-12, 1999.

"Laredo Quality had no involvement in or responsibility for training the passengers of the Suburban on August 11-12, 1999 in "safety procedures during an accident."

"Laredo Quality had no involvement in or responsibility for developing the driving schedule to be followed by drivers of the Suburban on August 11-12, 1999.

"Laredo Quality had no involvement in or responsibility for selecting the tires which were installed on the Suburban.

Affidavit of Luis Sanchez
page -3-

"The driver of the Suburban at the time of the accident (Carlos Ramirez Villanueva)

is not and never has been an employee of Laredo Quality.

**FURTHER** Affiant sayeth not.

SUBSCRIBED AND SWORN TO before me by the said ___Luis Sanchez___ on this the

___10th___ day of ___August_____, 2001, to certify which witness my hand and seal of

office.

ANNA BENAVIDES
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 8-4-2002

Notary Public, State of Texas
My Commission Expires: 08/04/2002

Affidavit of **Luis Sanchez**
page 4.

AFFIDAVIT OF MITCHELL W. WEST          ~~DRAFT~~

The affiant being of lawful age and under oath, does hereby state that the following is true based upon his personal knowledge:

1.    I am a senior manager in cable and access manufacturing for Lucent Technologies, Inc. in Oklahoma City, Oklahoma. I have occupied this position since July 14, 1997. I have been employed by Lucent Technologies, Inc. or its corporate predecessors for the past 40 years. I have personal knowledge of the matters stated herein.

2.    I am not an employee or manager of Laredo Quality Transfer Services, Inc., and I never was. Nor have I ever served in any other capacity within Laredo Quality Transfer Services, Inc.

THE AFFIANT FURTHER SAITH NAUGHT.

UNITED MEXICAN STATES:
STATE OF NUEVO LEON
CITY OF MONTERREY
CONSULATE GENERAL OF THE
UNITED STATES OF AMERICA

~~STATE OF OKLAHOMA~~                    )
                                        )ss:  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
~~COUNTY OF OKLAHOMA~~                   )

MITCHELL W. WEST

Acknowledged and sworn to before me on this <u>8th</u> day of __Auqust__ 2001, by MITCHELL W. WEST

Witness my hand and official seal.

[ s e a l ]

~~Notary Public~~          SUSAN C. WEBSTER
                           VICE CONSUL OF THE
                           UNITED STATES OF AMERICA

~~My commission expires:~~ _____

H:\Docs\LUCENT\Vasquez III\Affidavits\Mitch West.doc



Tokyo, JAPAN

### AFFIDAVIT OF HIROYUKI KITA

BEFORE ME, the undersigned official, on this day appeared Hiroyuki Kita, who is personally known to me, and being first duly sworn according to law upon this oath deposed and said:

1. "My name is Hiroyuki Kita. I am over eighteen (18) years of age, I have never been convicted of a felony or crime of moral turpitude, and I am fully competent to make this affidavit.

2. Based on my employment with Bridgestone Corporation, as set forth below, I have personal knowledge of the facts stated in this affidavit, and they are all true and correct.

3. I am employed by Bridgestone Corporation as Manager, Corporate Legal Department.

4. Bridgestone Corporation is incorporated under the laws of Japan and maintains its principal place of business in Tokyo, Japan.

5. Bridgestone Corporation designs, manufactures and markets tires in Japan through transactions that are governed by Japanese law.

6. I have reviewed Plaintiffs' Original Petition in *Francisco Hernandez Guzman, et al vs. Bridgestone/Firestone, Inc., et al*, filed in the County Court at Law No. 2, Nueces County, Texas ("the subject lawsuit").

7. Bridgestone Corporation is not licensed to do business in Texas and does not maintain a registered agent for service of process in Texas. *See* Exhibit 1

STATE OF TEXAS
COUNTY OF NUECES

The above and foregoing is a true and correct copy as the same appears on file and/or recorded in the appropriate records of Nueces County, Texas.

I hereby certified, on 03-06 01


OSCAR SOLIZ
NUECES COUNTY DISTRICT CLERK
CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW



Bridgestone Corporation does not do business in Texas. To my best knowledge: (i) It maintains no offices, places of business, post office boxes, or telephone listings in Texas. (ii) Bridgestone Corporation has no real estate, bank accounts or other interest in property in Texas, and has not had real estate, bank accounts or other interest in property in Texas. (iii) It has not incurred any obligation to pay, and has not paid, any taxes in Texas. (iv) Bridgestone Corporation has no agents or sales representatives in Texas. (v) It has no employees in Texas and has not recruited any employees from Texas. (vi) Bridgestone Corporation has not conducted any advertising, solicitation, marketing or other sales promotions activities in Texas. (vii) Bridgestone Corporation has not designed, manufactured, sold, advertised, delivered, or issued warranties on any good or product in Texas, nor has it participated in the decision to sell or deliver any good or product to Texas. (viii) At no time relevant to this lawsuit has Bridgestone Corporation entered into a contract in Texas or committed any tort, in whole or in part, in Texas.

8.    Bridgestone Corporation did not design, manufacture or market the Firestone FR 480 (DOT # V6HLB4A507) tires that are at issue in the subject lawsuit.

9.    The tire at issue, a Firestone FR 480 DOT# V6HLB4A507, was manufactured and sold by Bridgestone/Firestone de Mexico, S.A. in Mexico.

10.    Bridgestone/Firestone de Mexico, S.A. manufactures its products in Mexico. Bridgestone/Firestone de Mexico, S.A. is incorporated under the laws of Mexico and is a subsidiary of Bridgestone/Firestone, Inc., a United States corporation. Bridgestone/Firestone, Inc. is in turn a wholly owned subsidiary of Bridgestone Corporation.



STATE OF TEXAS
COUNTY OF NUECES

The above and foregoing is a true and correct copy as the same appears on file and/or recorded in the appropriate records of Nueces County, Texas.

I hereby certified, on 03-06. 01

OSCAR SOLIZ
NUECES COUNTY DISTRICT CLERK
CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW

2

11. Bridgestone Corporation, Bridgestone/Firestone, Inc. and Bridgestone/Firestone de Mexico, S.A. are separate, adequately capitalized corporations.

12. Bridgestone Corporation does not establish daily management policies for Bridgestone/Firestone, Inc. or Bridgestone/Firestone de Mexico, S.A., nor does Bridgestone Corporation control the daily operations of Bridgestone/Firestone, Inc. or Bridgestone/Firestone de Mexico, S.A. As a result, the daily operations of Bridgestone Corporation, Bridgestone/Firestone, Inc. and Bridgestone/Firestone de Mexico, S.A. are separate.

13. There are formal barriers between management at Bridgestone Corporation, Bridgestone/Firestone, Inc. and management at Bridgestone/Firestone de Mexico, S.A., and the formalities in existence are observed. As a result:

• Bridgestone Corporation, Bridgestone/Firestone, Inc. and Bridgestone/Firestone de Mexico, S.A. each conducts its own separate shareholder and board of directors meetings.

• Bridgestone Corporation, Bridgestone/Firestone, Inc. and Bridgestone/Firestone de Mexico, S.A. do not share common departments or businesses.

• Bridgestone Corporation, Bridgestone/Firestone, Inc. and Bridgestone/Firestone de Mexico, S.A. keep separate books and accounts and file separate tax returns.

• Bridgestone/Firestone, Inc.'s and Bridgestone/Firestone de Mexico, S.A.'s operating capital is not provided by Bridgestone Corporation. Rather, Bridgestone/Firestone, Inc.'s and Bridgestone/Firestone de Mexico, S.A.'s operating capital is borrowed from outside sources and/or their own business profits.

STATE OF TEXAS
COUNTY OF NUECES

The above and foregoing is a true and correct copy as the same appears on file and/or recorded in the appropriate records of Nueces County, Texas.

I hereby certify, on 03-06-01



OSCAR SOLIZ
NUECES COUNTY DISTRICT CLERK
CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW

3

14. Bridgestone Corporation does not maintain an interactive web site to solicit business from the United States nor Mexico and does not solicit business for or on behalf of Bridgestone/Firestone, Inc. or Bridgestone/Firestone de Mexico, S.A.

15. Bridgestone Corporation has never filed suit in a Texas court.

16. No Texas court has previously found that the exercise of personal jurisdiction over Bridgestone Corporation was appropriate on the basis of its relationship with Bridgestone/Firestone, Inc. or Bridgestone/Firestone de Mexico, S.A.

Further Affiant sayeth not."



Hiroyuki Kita
Manager, Corporate Legal Department
Bridgestone Corporation

SUBSCRIBED AND SWORN to before me under oath by Hiroyuki Kita on this 28th day of February, 2001.

Notary Public    Tsuneo FURUHATA
TOKYO LEGAL AFFAIRS BUREAU



TOKYO LEGAL AFFAIRS BUREAU
NOTARY
1-10, 1 CHOME KYOBASHI CHUO-KU
TOKYO JAPAN

STATE OF TEXAS
COUNTY OF NUECES

The above and foregoing is a true and correct copy as the same appears on file and/or recorded in the appropriate records of Nueces County, Texas.

Thereby certified, on 03-06, 01



OSCAR SOLIZ
NUECES COUNTY DISTRICT CLERK
CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MARIA OLIVIA **VASQUEZ**, INDIVIDUALLY§
AND AS REPRESENTATIVE OF THE          §
ESTATE OF VALENTE IBARRA IBARRA,      §
DECEASED, AND AS NEXT FRIEND OF       §
OLIVIA LIZETH IBARRA VAZQUEZ AND      §
JESUS ALAN IBARRA VAZQUEZ, MINOR      §
CHILDREN ET AL;                       §
    **Plaintiffs,**                §
                                  §
ALEJANDRA MARLEN DELUNA,              §
CYNTHIA IVETTE ROJO RODRIGUEZ.        §
MATRA EVELYN ROJO RODRIGUEZ.          §
MIGUEL ANGEL ROJO GARCIA,             §
AND LUZ MEDINA ANDRADE                §
    **Intervenors,**               §
                                  §
V .                                   §
                                  §
BRIDGESTONE/FIRESTONE, INC.;          §
GENERAL MOTORS CORPORATION;           §
LUCENT TECHNOLOGIES, INC.;            §
LUCENT TECHNOLOGIES                   §
MAQUILADORAS, INC.,                   §
    **Defendants.**                §

CIVIL ACTION NO. 1:01-CV-168

JUDGE HOWELL COBB

## <u>DECLARATION OF BRIAN J. QUEISER</u>

STATE OF OHIO       §
                          §
COUNTY OF SUMMIT   §

    Brian J. Queiser declares as follows:

1.    My name is Brian J. Queiser. I am an employee of Bridgestone/Firestone, Inc., employed in its technical center in Akron, Ohio. My current position is Senior Product Engineer. I am over the age of twenty-one (21) years and have never been convicted of a crime involving moral turpitude. I am of sound mind and am competent to make this declaration. I have personal knowledge of the facts stated herein, and they are all true and correct.

Houston:378421.1



2.   All Firestone brand tires are stamped with a serial number. The first two digits of the serial number indicate the plant at which the tires were manufactured.

3.   The Plaintiff's Original Petition filed by the *Vasquez* Plaintiffs on February 23, 2001 states that the tire that allegedly failed in this case has the following serial number: V6HLB4A296 The V6 prefix of this serial number indicates that the tire was manufactured in Cuernavaca, Mexico by Bridgestone/Firestone de Mexico, S.A. de C.V.

4.   The tire with the serial number V6HLB4A296 was not manufactured or designed by Bridgestone Corporation.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on June ___21___, 2001.

Brian J. Queiser
Senior Product Engineer
Bridgestone/Firestone, Inc.

Case 1:01-cv-00140   Document 1   Filed in TXSD on 08/14/2001   Page 61 of 245

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

MARIA OLIVIA VASQUEZ, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
ESTATE OF VALENTE IBARRA IBARRA, §
DECEASED, AND AS NEXT FRIEND OF §
OLIVIA LIZETH IBARRA VAZQUEZ AND §
JESUS ALAN IBARRA VASQUEZ, MINOR §
CHILDREN §
§
MARGARITA SANTOS DAVILA, §
INDIVIDUALLY AND AS REPRE- §
SENTATIVE OF THE ESTATE OF JESUS §
DAVILA PAZ, DECEASED, AND AS NEXT §
FRIEND OF OCTAVIO HIPOLITO DAVILA §
SANTOS, ZAIDETH MARGARITA DAVILA §
SANTOS, ANDREA DENISSE DAVILA §
SANTOS, AND VALERIA NAYEL DAVILA §
SANTOS, MINOR CHILDREN; §
§
ETHNA ZULEYMA PEREZ LARA, §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE §
OF SERGIO ALBERTO ZAVALA §
PONCE, DECEASED, AND AS NEXT §
FRIEND OF SERGIO ALBERTO ZAVALA §
PEREZ, MINOR CHILD; §
§
MARIO ALBERTO §
VILLAGRAN TREVINO AND §
EVANGELINA CASTRO DE VILLEGRAN, §
INDIVIDUALLY AND AS §
REPRESENTATIVES OF THE ESTATE §
OF GABRIELA VILLAGRAN CASTRO, §
DECEASED; §
§
JESSICA JUAREZ AND OSCAR JUAREZ, §
INDIVIDUALLY AND AS REPRESENTA- §
TIVE OF THE ESTATE OF IVONNE §
JUAREZ, DECEASED; §
§

United States District Court
Southern District of Texas
FILED
March
FEB 1 5 2000

Michael N. Milby
Clerk of Court

CIVIL CASE NO. B - 00 - 040

JURY TRIAL



May-10-2000  09:27am  From-HALL & E'''''S                3036283368            T-946  P.007/023  F-592
05/08/00  MON 10.33 FAX                         -- -- - --

VS.                                  §
                                     §
LUCENT TECHNOLOGIES, INC.,           §
LUCENT TECHNOLOGIES                  §
MAQUILADORAS, INC., SERVICIOS        §
DE MANUFACTURAS DE MONTERREY, §
S.A. DE C.V., AND BRIDGESTONE/       §
FIRESTONE TIRE, INC.                 §

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. PARTIES

1.      Plaintiff MARIA OLIVIA VASQUEZ is an individual who is a citizen of Monterrey, Nuevo Leon, Mexico. Said Plaintiff is the legal spouse of VALENTE IBARRA IBARRA, deceased, and the natural mother of OLIVIA LIZETH IBARRA VAZQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2.      Plaintiff MARGARITA SANTOS DAVILA is an individual who is a citizen of Monterrey, Nuevo Leon, Mexico. Said Plaintiff is the legal spouse of JESUS DAVILA PAZ, deceased, and the natural mother of OCTAVIO HIPOLITO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, and VALERIA NAYEL DAVILA SANTOS, minor children of the marriage.

3.      Plaintiff ETHNA ZULEYMA PEREZ LARA is an individual who is a citizen of Monterrey, Nuevo Leon, Mexico. Said Plaintiff is the legal spouse of SERGIO ALBERTO ZAVALA PONCE, deceased, and the natural mother of SERGIO ALBERTO ZAVALA PEREZ, a minor child of the marriage.

4.      Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA CASTRO DE VILLAGRAN are individuals who are citizens of Monterrey, Nuevo Leon,

Mexico.  Said Plaintiffs are the natural parents of GABRIELA VILLAGRAN CASTRO, deceased.

5.      JESSICA JUAREZ AND OSCAR JUAREZ are individuals who are citizens of Monterrey, Nuevo Leon, Mexico.  Said Plaintiffs are the natural brother and sister of IVONNE JUAREZ, DECEASED.

6.      Defendant LUCENT TECHNOLOGIES, INC., is a corporation that is incorporated under the laws of the State of Delaware, has its home office in Murray Hill, New Jersey, and is doing business within the State of Texas, more particularly Harlingen, Texas and Brownsville, Texas.  Said Defendant may be served with process by serving its registered agent for service,  Prentice Hall Corporation System, 800 Brazos, Austin, TX 78701, by certified mail, return receipt requested.

7.      Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation that is incorporated under the laws of the State of Delaware and is doing business within the State of Texas at Harlingen, Texas, and Brownsville, Texas.  Defendant has its principal place of business in the State of Texas.  Said Defendant may be served with process by serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, TX 78701, by certified mail, return receipt requested.

8.      Defendant SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V., is a non-resident Mexican corporate business entity.  Said Defendant may be served with process at its principal place of business Avenida La Silla 7705, FRACC. Parque Industrial La Silla, Guadalupe, Nuevo Leon, Mexico C.P. 67190.

9.     Defendant BRIDGESTONE/FIRESTONE, INC. is a corporation that is incorporated under the laws of the State of Ohio and doing business in the State of Texas, more particularly Harlingen, Texas, and Brownsville, Texas. Said Defendant may be served with process by serving its registered agent for service, C.T. Corp. System 350 N. St. Paul St., Dallas, Texas 75201, by certified mail, return receipt requested.

## B. WRONGFUL DEATH ACTION

10.     This suit is also brought against LUCENT TECHNOLOGIES, INC. (hereinafter referred to as "LUCENT TECHNOLOGIES" AND LUCENT TECHNOLOGIES MAQUILADORAS, INC. (hereinafter referred to as "LUCENT MAQUILADORAS" and BRIDGESTONE/ FIRESTONE, INC. (hereinafter referred to as "FIRESTONE") under the provisions of the Texas Wrongful Death Statute, to-wit, Chapter 71, Civil Practices & Remedies Code wherein the Plaintiffs, as statutory beneficiaries of the decedents named herein, are entitled to bring this suit on behalf of all persons entitled to be benefitted by such action under the provisions of §71.001, §71.004 and §71.021 of the Texas Civil Practices & Remedies Code.

## C. JURISDICTION

11.     The court has jurisdiction over the lawsuit because the action arises under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and countries and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## D. FACTS

12.    This lawsuit results from a one-car accident that occurred at approximately 7:20 o'clock p.m. on August 12, 1999, in Cadereyta, Nuevo Leon, Distrito Norte, Mexico. At the time of the accident, the decedents, SERGIO ALBERTO ZAVALA PONCE, GABRIELA VILLAGRAN CASTRO, JESUS DAVILA PAZ, VALENTE IBARRA IBARRA, and IVONNE JUAREZ, were in the course and scope of their employment with the Defendant LUCENT TECHNOLOGIES. At the time of the accident, Decedents SERGIO ALBERTO ZAVALA PONCE, GABRIELA VILLAGRAN CASTRO, JESUS DAVILA PAZ, VALENTE IBARRA IBARRA, and IVONNE JUAREZ were passengers in a 1996 Chevrolet Suburban, owned and operated by Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS. At the time of the accident, the suburban was being driven at a high rate of speed by Carlos Ramirez Villanueva, who was also in the course and scope of his employment with Defendants LUCENT TECHNOLOGIES, INC. and/or LUCENT MAQUILADORAS, INC. Said Decedents were returning to Monterrey, Nuevo Leon, Mexico, after attending a day-long Lucent Technologies seminar in Matamoros, Mexico. This trip began at various departure points within Monterrey, Mexico at approximately 3:00 o'clock a.m. The accident occurred at approximately 7:20 p.m. on August 12, 1999.

13.    The decedents, SERGIO ALBERTO ZAVALA PONCE, GABRIELA VILLAGRAN CASTRO, JESUS DAVILA PAZ, VALENTE IBARRA IBARRA, and IVONNE JUAREZ, were returning from the day-long seminar/training session, when the right rear

BRIDGESTONE/FIRESTONE tire on the 1996 Chevrolet Suburban delaminated, causing

the vehicle to roll over numerous times and fatally injuring said decedents.

14.    Defendant LUCENT TECHNOLOGIES is under contract to Defendant

SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V., a Mexican

corporation, to provide "assistance and services" with respect to SERVICIOS DE

MANUFACTURAS DE MONTERREY, S.A. DE C.V. offices located in Monterrey, Nuevo

Leon, Mexico.  Certain contracts between Defendant LUCENT TECHNOLOGIES and

Defendant SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V. govern

the relationship between the parties and duties owed to decedents.

15.    The contract between Defendant LUCENT TECHNOLOGIES and Defendant

SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V. (the "Texas Contract")

was entered into at Brownsville, Texas, and LUCENT TECHNOLOGIES was assigned all

rights and obligations under the Texas Contract by virtue of an assignment entered into in

Brownsville, Texas.

16.    The Texas Contract provides that Defendant LUCENT TECHNOLOGIES

provide the following services, among others, to Defendant SERVICIOS DE

MANUFACTURAS DE MONTERREY, S.A. DE C.V.:

      (a)    advise and assist in determining the number and types of employees

           necessary to operate and manage the facility, and the scope and

           requirements of assignments and positions;

      (b)    advise and assist in the establishment of purchasing procedures;

      (c)    advise and assist in the operation of the facility;

> (d)  advise and assist in the establishment of maintenance practices and procedures;
>
> (e)  provide training for supervisory and production personnel;
>
> (f)  advise and assist in the installation of and operational training for new equipment.

17.  SERGIO ALBERTO ZAVALA PONCE, GABRIELA VILLAGRAN CASTRO, JESUS DAVILA PAZ, VALENTE IBARRA IBARRA, and IVONNE JUAREZ died as a result of the injuries they sustained in this rollover accident.

## E. NEGLIGENCE

### LUCENT NEGLIGENCE

18.  Plaintiffs assert claims against Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS, by virtue of the acts and omissions of said Defendants' Texas managerial employees, for the following:

> (a)  negligence (failure to exercise ordinary and reasonable care in the supervision and control of its employees; failure to repair and maintain suburban; deciding not to properly train the driver in safe operation of the subrubran, including appropriate braking procedure, the dangers of traveling at excessive rates of speed, and appropriate accident avoidance or mitigation measures when an accident was imminent; and deciding not property train and instruct the driver and passengers in safety procedures);

    (b)      negligence per se (operating a motor vehicle over the posted speed limit)

19.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS provided the 1996 Chevrolet Suburban to its employees for the purposes of traveling the highways.

20.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS knew that the 1996 Chevrolet Suburban would be driven at a high rate of speed and used extensively over long periods of time and accumulate high mileage, which would cause excessive wear and tear on the tires and vehicle.

21.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS, were negligent in not providing a safe vehicle for its employees for the purposes of traveling long distances over long periods of time.

22.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS, were negligent in improperly maintaining the tires on the 1996 Chevrolet Suburban.

23.    Defendants LUCENT TECHNOLIGIES and/or LUCENT MAQUILADORAS' employees conceived of and planned the use of the suburban for the transportation of the decedents, selected and purchased the Suburban in question, supervised and directed the maintenance (of lack thereof) of the Suburban (including the tires), selected the driver for the Suburban (an individual with a propensity towards driving at an excessive rate of speed), determined the schedule for the Suburban (pre-dawn and just prior to dusk, despite a full day of attending a training seminar), and decided no training was needed for the driver in how to safely operate the suburban.

24.     All of these decisions and acts were made by Defendants LUCENT
TECHNOLIGIES and/or LUCENT MAQUILADORAS' managerial employees, all of whom
are now and have been at all relevant times residents of Oklahoma and Texas.

25.     As a consequnce of this tragedy – which would have been avoided had
LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS' managerial employees
exercised proper care in discharging their duties – five young adults suffered a terrifying
and painful death, children will be raised fatherless, parents have lost the comfort and joy
of their children, and spouses have had their loved ones taken from them.

26.     One or more of the foregoing was a proximate cause of the occurrence made
the basis of this action, and Plaintiffs' injuries and damages.

27.     Each of these acts and omissions complained of occurred in Mexico and/or
was committed by Defendant LUCENT TECHNOLOGIES' and/or Defendant LUCENT
MAQUILADORAS, INC.'s Texas managerial employees.

28.     The acts and omissions of Defendants LUCENT TECHNOLOGIES and/or
LUCENT MAQUILADORAS by and through its Texas managerial employees, constitute
negligence, negligence *per se*, negligent hiring, and negligent entrustment of a defective
vehicle.

29.     The acts and omissions of the managerial employees of Defendants
LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS constituted gross
negligence and entitle Plaintiffs to recover punitive damages against said Defendants.

## BRIDGESTONE/FIRESTONE NEGLIGENCE

30.     Plaintiffs assert claims against BRIDGESTONE/FIRESTONE, by virtue of the following:

      (a)     negligence;

      (b)     strict liability;

      (c)     product liability;

      (d)     breach of implied warranty of fitness for a particular purpose; and

      (e)     failure to warn and instruct.

31.     Defendants were at the time of this occurrence, and are now engaged in the business of engineering, designing, manufacturing, fabricating, selling and marketing the tire, I.D. numbers P235/75R15 M&S [DOT V8HLB48A296]. The right rear tire on the 1996 Chevrolet Suburban that delaminated was defectively and improperly designed. The subject tire was defectively manufactured.

32.     The tire, I.D. number P235/75R15 M&S [DOT V8HLB48A296], was installed and maintained on the 1996 Chevrolet Suburban. The tire was in defective condition at the time it was manufactured and marketed. This dangerous condition rendered the product unreasonably dangerous in that it was (1) defectively designed, (2) defectively manufactured, (3) defective in materials and (4) in a defective condition when it was marketed and sold. These conditions were all a producing cause of the injuries and damages set forth below.

33.     Defendant BRIDGESTONE/FIRESTONE, INC. expressly and impliedly warranted to the public generally that the P235/75R15 M&S tire installed on the 1996

Chevrolet Suburban being the subject defective product was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

34.     Decedents relied upon these expressed and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

35.     Defendant BRIDGESTONE/FIRESTONE, INC. represented that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

36.     The representations made by the Defendant BRIDGESTONE/FIRESTONE, INC. were false, misleading, and deceptive in that the above-stated tire was of inferior quality, was defectively designed, defectively manufactured, defective in materials and in defective condition, and did not have the necessary qualities and characteristics to be deemed safe for use at the time it was marketed and sold.

37.     The foregoing representations violate Section 17.46(b) of The Deceptive Trade Practices - Consumer Protection Act in that they constitute representations that: (1) goods have characteristics, uses, or benefits which they do not have; (2) goods are of a particular standard, quality, or grade when they are another; or (3) goods are of a particular style or model when they are of another.

38.     In the design, manufacturing and marketing of the aforementioned tire, Defendant BRIDGESTONE/FIRESTONE, INC. engaged in an unconscionable action or

CUGPDF - www.fenrir.com

course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of the purchasers, ultimate users and Decedents to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the aforementioned parts being the subject defective product was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

39.     Defendant BRIDGESTONE/FIRESTONE, INC.'S conduct as described above was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the design and manufacture of the aforementioned tire was unsafe and unfit for the purpose intended when used under ordinary conditions and in an ordinary manner.

40.     Each of these acts and omissions, singularly or in combination, constituted negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

41.     Plaintiffs evoke the Doctrine of Strict Torts Liability against all Defendants, [Section 402A, Restatement of the Law of Torts 2D], as adopted by the Supreme Court of Texas.

## F. DAMAGES

42.     The Defendants' acts and omissions proximately caused each decedent (1) physical pain and suffering, (2) emotional distress and mental anguish, including fear and awareness of approaching death, and (3) death.

43.     Each estate has also incurred funeral and burial expenses.

44.     The Defendants' acts and omissions proximately caused and/or will cause the wrongful death beneficiaries to suffer (1) mental anguish and emotional distress, (2)

lost society, (3) lost companionship, (4) lost financial support, (5) loss of the amount that each decedent in reasonable probability would have added to his or her estate and left at a natural death to his or her heir, (6) loss of earning capacity, (7) loss of consortium, (8) loss of parental guidance, and (9) medical expenses.

45.    The Plaintiffs also incurred reasonable expenses paid by them for their relatives' funeral and burial.

46.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS acts and omissions were grossly negligent and malicious.   Defendant LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS' acts or omissions, when viewed objectively from said Defendants' standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare or other, including the Plaintiffs.

47.    Plaintiff seek total punitive damages of Two Hundred Million Dollars ($200,000,000.00).

### G. PRAYER

48.    For these reasons, Plaintiffs ask for judgment against Defendants, jointly and severally, for:

    a.    Actual damages of $50,000,000.00;

    b.    Punitive damages of $200,000,000.00;

    c.    Pre-judgment and post-judgment interest;

d.      Costs of suit; and

e.      All other relief the Court deems appropriate.

Respectfully submitted,

THE ALLISON LAW FIRM
855 East Harrison
Brownsville, Texas 78520
(956) 541-8338
(956) 541-2535 (facsimile)

DANA R. ALLISON
State Bar No. 12236260
Federal I.D. No. 8043
LEAD COUNSEL FOR PLAINTIFFS

THE ALLISON LAW FIRM
920 Leopard Street
Corpus Christi, Texas 78401
(361) 884-8900
(361) 888-8543 (facsimile)

GUY H. ALLISON
State Bar No. 01086000
Federal I.D. No. 4321
CO-LEAD COUNSEL FOR PLAINTIFFS

LAW OFFICES OF WILLIAM B. HARRISON
920 Leopard Street
P.O. Drawer 2568
Corpus Christi, Texas 78403-2568
(361) 883-2777
(361) 883-2781 (facsimile)

William B. Harrison
State Bar No. 09125100
Federal I.D. 5841
CO-COUNSEL FOR PLAINTIFFS

CAUSE NO. A 01 0031-C

| | |
|---|---|
| MARIA OLIVIA VASQUEZ, INDIVIDUALLY § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE §<br>ESTATE OF VALENTE IBARRA IBARRA, §<br>DECEASED, AND AS NEXT FRIEND OF §<br>OLIVIA LIZETH IBARRA VAZQUEZ AND §<br>JESUS ALAN IBARRA VASQUEZ, MINORS §<br>CHILDREN §<br>§ | |
| MARGARITA SANTOS DAVILA, §<br>INDIVIDUALLY AND AS REPRE- §<br>SENTATIVE OF THE ESTATE OF JESUS §<br>DAVILA PAZ, DECEASED, AND AS NEXT §<br>FRIEND OF OCTAVIO HIPOLITO DAVILA §<br>SANTOS, ZAIDETH MARGARITA DAVILA §<br>SANTOS, ANDREA DENISSE DAVILA §<br>SANTOS, AND VALERIA NAYEL DAVILA §<br>SANTOS, MINOR CHILDREN; §<br>§ | |
| ETHNA ZULEYMA PEREZ LARA, §<br>INDIVIDUALLY AND AS §<br>REPRESENTATIVE OF THE ESTATE §<br>OF SERGIO ALBERTO ZAVALA §<br>PONCE, DECEASED, AND AS NEXT §<br>FRIEND OF SERGIO ALBERTO ZAVALA §<br>PEREZ, MINOR CHILD; §<br>§ | |
| MARIO ALBERTO §<br>VILLAGRAN TREVINO AND §<br>EVANGELINA CASTRO DE VILLEGRAN, §<br>INDIVIDUALLY AND AS §<br>REPRESENTATIVES OF THE ESTATE §<br>OF GABRIELA VILLAGRAN CASTRO, §<br>DECEASED; §<br>§ | |
| JESSICA JUAREZ AND OSCAR JUAREZ, §<br>INDIVIDUALLY AND AS REPRESENTA- §<br>TIVE OF THE ESTATE OF IVONNE §<br>JUAREZ, DECEASED; §<br>§ | |
| VS. §<br>§ | 128 TH JUDICIAL DISTRICT COURT |

FILED
'01 JAN 19 A10 :56
VICKIE EDGERLY
DISTRICT CLERK
ORANGE COUNTY, TEXAS
BY



BRIDGESTONE/FIRESTONE, INC.,         §
GENERAL MOTORS CORPORATION,          §
LUCENT TECHNOLOGIES, INC.,           §
LUCENT TECHNOLOGIES                  §
MAQUILADORAS, INC.                   §   ORANGE COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Maria Olivia Vasquez, Individually and as representative of the Estate of

Valente Ibarra Ibarra, Deceased, and as next friend of Olivia Lizeth Ibarra Vazquez

and Jesus Alan Ibarra Vasquez, minor children, Margarita Santos Davila, Individually

and as representative of the Estate of Jesus Davila Paz, Deceased, and as next

friend of Octavio Hipolito Davila Santos, Zaideth Margarita Davila Santos, Andrea

Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children, and Ethna

Zuleyma Perez Lara, Individually and as representative of the Estate of Sergio

Alberto Zavala Ponce, Deceased, and as next friend of Sergio Alberto Zavala Perez,

minor child, Mario Alberto, Villagran Trevino, and Evangelina Castro de Villegran,

Individually and as representatives of the Estate of Gabriela Villagran Castro,

Deceased, and Jessica Juarez and Oscar Juarez, Individually and as

Representatives of the Estate of Ivonne Juarez, Deceased, collectively referred to

as the Plaintiffs, file their Plaintiffs' Original Petition complaining of

Bridgestone/Firestone Tire, Inc. (Defendant Firestone), General Motors Corporation

(Defendant General Motors), Lucent Technologies, Inc., and Lucent Technologies

(Defendants Lucent), hereinafter collectively referred to as Defendants.  Plaintiffs show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

1.   Plaintiffs intend to conduct discovery under Level 2 pursuant to Texas Rule of Civil Procedure 190.3.  Plaintiffs reserve the right to seek an order from this Court to allow Plaintiffs to conduct discovery under Level 3, if the parties agree to this designation or circumstances warrant it.

## II. PARTIES TO THIS LITIGATION

### A.    Plaintiffs

1.   Plaintiff MARIA OLIVIA VASQUEZ is an individual who is a citizen of Monterrey, Nuevo Leon, Mexico.  Plaintiff Vasquez is the legal spouse of Valente Ibarra Ibarra, deceased, and the natural mother of OLIVIA LIZETH IBARRA VASQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2.   Plaintiff MARGARITA SANTOS DAVILA is an individual who is a citizen of Monterrey, Nuevo Leon, Mexico.  Plaintiff is the legal spouse of Jesus Davila Paz, deceased, and the natural mother of OCTAVIO HIPOLITO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, and VALERIA NAYEL DAVILA SANTOS, minor children of the marriage.

3.   Plaintiff EHINA ZULEYMA PEREZ LARA is an individual who is a citizen of Monterrey, Nuevo Leon, Mexico.  Plaintiff is the legal spouse of Sergio Alberto

Zavala Ponce, deceased, and the natural mother of SERGIO ALBERTO ZAVALA PEREZ, a minor child of the marriage.

4. Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA CASTRO DE VILLAGRAN are individuals who are citizens of Monterrey, Nuevo Leon, Mexico. Plaintiffs are the natural parents of Gabriela Villagran Castro, deceased.

5. JESSICA JUAREZ and OSCAR JUAREZ are individuals who are citizens of Monterrey, Nuevo Leon, Mexico. Plaintiffs are the natural brother and sister of Ivonne Juarez, deceased.

B.      Defendants

6. Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a corporation incorporated under the laws of the State of Ohio, and is authorized to do business and is doing business throughout the State of Texas. Defendant Firestone has declared its principal place of business to be Orange, Texas, Orange County. (See Exhibit 1) Defendant Firestone may be served with process by serving its registered agent for service, C.T.Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested. Service is requested at this time.

7. Defendant GENERAL MOTORS CORPORATION (Defendant GM) is a corporation organized and existing under the laws of Delaware, is authorized to

conduct business in the State of Texas, and may be served with process by serving its registered agent for service of process, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. Service is requested at this time.

8. Defendant LUCENT TECHNOLOGIES, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas, more particularly Harlingen, Texas and Brownsville, Texas. With regard to this incident, Defendant Lucent Technologies, Inc.'s place of business is Brownsville, Texas, in that all business activities are coordinated in Brownsville, Texas. Defendant Lucent Technologies, Inc. may be served with process by serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. Service is requested at this time.

9. Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas, more particularly Harlingen, Texas and Brownsville, Texas. With regard to this incident, Defendant Lucent Technologies Maquiladora, Inc.'s principle place of business is Brownsville, Texas, in that all business activities are coordinated in Brownsville, Texas. Defendant Lucent Technologies Maquiladora, Inc. may be served with process by

serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

10. Defendants Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc. are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Lucent Technologies or Defendants Lucent.

### III. VENUE

11. Venue is proper in Orange, Orange County, Texas pursuant to Texas Civil Practices and Remedies Code, §§15.002(a)(3), 15.004, and 15.005. Defendant Firestone has publicly declared that its principal place of business and principal office in the State of Texas is 1006 Farm Rd., Orange, Orange County, Texas. See Exhibit 1.

12. Since venue is proper against Defendant Firestone, this Court has venue as to all Defendants since Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

### IV. BASIS FOR SUIT

13. This suit is brought against the Defendants pursuant to the provisions of the Texas Wrongful Death and Survival Statutes, Chapter 71 of the Texas Civil Practices & Remedies Code, wherein the Plaintiffs, as statutory beneficiaries of the

decedents are entitled to bring suit on behalf of all persons entitled to be benefitted by this action. TEX.CIV.PRAC. & REM. CODE §§ 71.001, 71.002, 71.004, AND 71.021.

## V.  BACKGROUND FACTS

14.    This lawsuit results from a one-car accident that occurred at approximately 7:20 p.m. on August 12, 1999, in Cadereyta, Nuevo Leon, Distrito Norte, Mexico.  At the time of the accident, the decedents, Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez,  were passengers in a 1996 Chevrolet Suburban, owned and operated by Defendants Lucent.  The suburban was being driven by Carlos Ramirez Villanueva, who was acting within the course and scope of his employment with Defendants Lucent.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, the Decedents, were being driven home from a one day seminar/training session with Defendants Lucent when the right rear Bridgestone/Firestone tire on the 1996 Chevrolet Suburban delaminated, causing the vehicle to lose control, roll over numerous times, and fatally injure them.

15.  The 1996 Chevrolet Suburban and its Bridgestone/Firestone tires  were owed and maintained by Defendants Lucent.   The driver was selected by Defendants Lucent,  and the seminar was arranged by Defendants Lucent and

conducted by Defendants Lucent. The Decedents were required, by Defendants Lucent, to attend the seminar.

16. Decisions as to the Decedents' attendance at the seminar, their transportation to and from the seminar, the driver and use of the suburban for their transportation, and other related matters were made by Defendants Lucent's managerial employees at their Brownsville, Texas location. The Decedents systematically and routinely traveled to the Brownsville office of Defendants Lucent for their work. The Decedents' work was performed for and to the benefit of Defendants Lucent.

17. Contracts exist between Defendants Lucent and Servicios de Manufacturas de Monterrey, S.A. de C.V., hereinafter referred to as Servicios (the corporation that issued the Decedents' pay checks) which govern the relationship between Defendants Lucent and the Decedents and establish the duties owed by Defendants Lucent to the Decedents.

18. The contract between Defendants Lucent and Servicios (the "Texas Contract") was entered into at Brownsville, Texas, and Defendants Lucent were assigned all rights and obligations under the Texas Contract by virtue of an assignment entered into in Brownsville, Texas.

19. The Texas Contract provides that Defendants Lucent provide the following services, among others, to Servicios, including the Decedents:

(a)     advise and assist in determining the number and types of employees necessary to operate and manage the Lucent facility, and the scope and requirements of assignments and positions;

(b)     advise and assist in the establishment of purchasing procedures for Defendant Lucent;

(c)     advise and assist in the operation of the Lucent facility;

(d)     advise and assist in the establishment of maintenance practices and procedures;

(e)     provide training for supervisory and production personnel; and

(f)     advise and assist in the installation of and operational training for new equipment.

Defendants Lucent's decisions regarding the implementation of the Texas Contract resulted in the August 1999 incident in which Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez were killed.

## VI.  BRIDGESTONE/FIRESTONE'S NEGLIGENCE

20.   Plaintiffs assert claims against Defendant Firestone on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the tire's properties.

21.   Defendant Firestone is engaged in the business of engineering, designing, manufacturing, fabricating, selling, marketing, providing quality control,

and inspecting the tire, I.D. number P235/75R15 M&S [DOT V6HLB4A296].   The right rear tire on the 1996 Chevrolet Suburban that delaminated was defectively and improperly designed.  The tire may also have been defectively manufactured.  No adequate quality control was exercised by Defendant Firestone with regard to this tire.

22.   The tire,  I.D. number P235/75R15 M&S [DOT V6HLB4A296] was installed and maintained on the 1996 Chevrolet Suburban, owned by Defendants Lucent.  The tire was defective at the time it was released into the stream of commerce.

23. The tire's dangerous condition rendered it unreasonably dangerous in that it was  defectively designed, defectively manufactured, defective in materials, inadequately inspected, and in a defective condition when it was released into the stream of commerce.  These conditions were all a producing cause of the injuries and damages of the Plaintiffs.

24.   Defendant Firestone expressly and impliedly warranted to the public generally that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

25.   Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant Firestone's breach of these warranties.

26.  The representations made by Defendant Firestone were false, misleading, and deceptive in that the tire was of inferior design, quality, and materials, was not properly inspected or manufactured, and was in a defective condition.  Moreover, the tire did not have the necessary qualities and characteristics to be deemed safe for use at the time it was released into the stream of commerce..

27.  The misrepresentations made by Defendant Firestone violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.  The violations include misrepresentations that the goods have benefits,  characteristics, or uses which they do not have, that the goods are of a particular standard, quality, or grade when they are of another, and that the goods are of a particular style or model when they are not.

28.  In the design, manufacturing, marketing, and inspection of the tire, Defendant Firestone engaged in an unconscionable action or course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of ultimate users, including the Decedents, to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the tire was of merchantable quality

and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

29. Defendant Firestone's conduct was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the tire was unsafe and unfit for the purpose intended.

30. Each of these acts and omissions, singularly or in combination, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

31. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VI. GENERAL MOTORS' NEGLIGENCE

32. Plaintiffs assert claims against Defendant General Motors on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the Chevrolet Suburban's properties.

33. Defendant General Motors is engaged in the business of engineering, developing, researching, designing, manufacturing, assembling, fabricating, selling, marketing, inspecting, providing quality control, and testing the Chevrolet Suburban. The right rear tire on the 1996 Chevrolet Suburban delaminated, and this tire was

designated by General Motors as an appropriate tire for its vehicle when the tire was not an appropriate choice.  No adequate testing and quality control was exercised by Defendant General Motors with regard to its vehicle and its choice of tire.

34. The vehicle was defective and unreasonably dangerous, as these terms are defined by law, and such condition of the vehicle was a producing cause of the incident which caused the Decedents' deaths and their relatives' injuries.  The vehicle was defective at the time it was released into the stream of commerce.

35.  Defendant General Motors expressly and impliedly warranted to the public generally that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban was an appropriate choice for its vehicle and that the combination of vehicle and tire was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

36.   Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant General Motor's breach of these warranties.

37.  The representations made by Defendant General Motors  were false, misleading, and deceptive in that the vehicle was defective and unreasonably dangerous when released into the stream of commerce.  Moreover, the vehicle did not have the necessary qualities and characteristics to be deemed safe for use at the time it was released into the stream of commerce..

Allison/Lucent/Pleading/POP

38.  The misrepresentations made by Defendant General Motors  violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.  The violations include misrepresentations that the goods have characteristics, uses, or benefits which they do not have, that the goods are of a particular standard, quality, or grade when they are of another, and that the goods are of a particular style or model when they are not.

39.  In the design, manufacturing, marketing, and inspection of the vehicle, Defendant General Motors engaged in an unconscionable action or course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of ultimate users, including the Decedents, to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the vehicle was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

40.  Defendant General Motor's conduct was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the vehicle  was unsafe and unfit for the purpose intended.

41.  Each of these acts and omissions, singularly or in combination, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

CtiitPDF - www.fastio.com

42. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VII. LUCENT'S NEGLIGENCE

43. Plaintiffs assert claims against Defendants Lucent by virtue of the acts and omissions of Lucent's managerial employees.

44. Defendants Lucent failed to exercise ordinary and reasonable care in the supervision and control of its employees, failed to repair and maintain the suburban, failed to properly train its driver as to the safe operation of the vehicle, and failed to instruct its driver as to safety procedures.

45. Defendants Lucent, through its driver, violated road safety laws; as such, they are liable to Plaintiffs under the doctrine of negligence per se.

46. Defendants Lucent selected  the vehicle and tires and provided the vehicle and tires to its employees for purposes of transporting Servicios employees on the highways, both in Texas and in Mexico.  Defendants Lucent were negligent in improperly maintaining the vehicle and tires. Defendants Lucent were negligent by providing an unsafe vehicle for transportation of the Decedents.

47. Defendants Lucent's negligence, negligence per se, and gross negligence were a proximate cause of the horrific injuries to the Decedents and their families.

## VIII.  DAMAGES

48.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were tragically killed as a result of all Defendants' misconduct.  Each decedent endured conscious physical pain and suffering, emotional distress and mental anguish, fear, the anticipation of death, and death.  Their injuries alone far exceed the jurisdictional limits of this Court.

49.  Additionally, each estate has incurred funeral and burial expenses.

50.  Also, the wrongful death beneficiaries have suffered mental anguish and emotional distress, loss of society, loss of companionship, loss of financial support, loss of the decedents' estate, loss of consortium, loss of parental guidance, loss of earning capacity, medical expenses, and burial expenses.

51.  Plaintiffs also seek punitive damages for the Defendants' malicious conduct and gross neglect.  Moreover, Plaintiffs seek prejudgment interest, postjudgment interest, their attorneys' fees and expenses, and costs of Court.

52.  Lastly, Plaintiffs request a jury trial and assert that all conditions precedent have occurred or been performed.

Respectfully submitted,

THE ALLISON LAW FIRM
855 East Harrison
Brownsville, Texas 78520
(956) 541-8338 (telephone)
(956) 541-2535 (facsimile)

DANA R. ALLISON
State Bar No. 12235280
LEAD COUNSEL FOR PLAINTIFFS

THE ALLISON LAW FIRM
920 Leopard Street
Corpus Christi, Texas 78401
(361) 884-8900 (telephone)
(361) 888-6543 (facsimile)

GUY H. ALLISON
State Bar No. 01086000
LEAD COUNSEL FOR PLAINTIFFS

LAW OFFICES OF WILLIAM B. HARRISON
920 Leopard Street
Corpus Christi, Texas 78401
(361) 883-2777 (telephone)
(361) 883-2781 (facsimile)

WILLIAM B. HARRISON
State Bar No. 09125100
CO-COUNSEL FOR PLAINTIFFS

05-102
(Rev. 11-99/16)

3333

00242151543

**TEXAS FRANCHISE TAX**
**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report

a. T Code   N   05870

| | |
|---|---|
| c. Taxpayer identification number | d. Report year |
| 1-34-0220440-1 | 2000 |

Corporation name and address

BRIDGESTONE/FIRESTONE, INC.
50 CENTURY BLVD.

NASHVILLE   TN   37214

| e. PIR / IND #   1, 2, 3, 4 |
|---|

Secretary of State file number or,
if none, Comptroller number

Item k on Franchise
Tax Report form,
Page 1    g =    1-34-0220440

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.

[X] Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

Corporation's principal office
50 CENTURY BLVD., NASHVILLE, TN 37124

Principal place of business
1006 FARM RD., ORANGE, TX 77630

**SECTION A.** Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| ONO, MASATOSHI | CEO | [X] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| SHIBATA, KENJI | PRES | [X] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| ANOO, TETSUO | TREAS | [X] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| THOMAS, DAVID | SEC. | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| SEELE, DAVID | CONTROLLER-TAX | [ ] YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |

**SECTION B.** List each corporation in which this reporting corporation owns an interest of ten percent (10%) or more.
Enter the information requested for each corporation. If none, enter "NONE". Use additional sheets if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
|---|---|---|---|
| LIST ATTACHED | | | 0.0000 |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
| | | | 0.0000 |

**SECTION C.** List each corporation that owns an interest of ten percent (10%) or more in this reporting corporation.
Enter the information requested for each corporation. If none, enter "NONE". Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
|---|---|---|---|
| BRIDGESTONE CORPORATION | | | 100.0000 |

Registered agent and registered office currently on file. (Changes must be filed separately with the Secretary of State.)

Agent:   CT CORPORATION
Office:   350 NORTH ST. PAUL STREET    DALLAS
       TX   75201

[ ] Check here if you need forms
to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or a related corporation.

| Sign here | Officer, director, or other authorized person | Title | Date | Daytime phone (Area code & no.) |
|---|---|---|---|---|
| | | CONTROLLER-TAX | 8-24-00 | 615-872-1590 |

TX51621   NTF 2500
Copyright 1999 Greatland/Nelco LP – Forms Software Only

DTTTLLC

EOD __8/8/01__

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

FILED-CLERK
U.S. DISTRICT COURT

01 AUG -7 PM 3: 53

TX EASTERN-BEAUMONT

BY _Marilyn Perez_

MARIA OLIVIA VASQUEZ, ET AL       §

VS.                               §   NO. 1:01-CV-168

BRIDGESTONE/FIRESTONE ET AL       §

## ORDER OF DISMISSAL

It is hereby ORDERED, ADJUDGED and DECREED that the above entitled and numbered cause is hereby DISMISSED with prejudice, for the reasons set forth in the memorandum opinion entered this date.

It is further ORDERED that costs of court shall be borne by the party incurring the same.

SIGNED this ___7th___ day of August, 2001.

_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE

United States District Court
Southern District of Texas
FILED

AUG 1 4 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARGARITA SANTOS DAVILA, §
INDIVIDUALLY, AND AS NEXT FRIEND §
OF JESUS OCTAVIO DAVILA SANTOS, §
ZAIDETH MARGARITA DAVILA SANTOS, §        CIVIL ACTION NO. **B - 01 - 140**
ANDREA DENISSE DAVILA SANTOS, §
AND VALERIA NAYEL DAVILA SANTOS, §
AND ALL AS REPRESENTATIVES OF §
THE ESTATE OF JESUS DAVILA PAZ; §
ETHNA ZULEYMA PEREZ LARA; §
INDIVIDUALLY, AND AS NEXT FRIEND §
OF SERGIO ALBERTO ZAVALA PEREZ, §
AND ALL AS REPRESENTATIVES OF §
THE ESTATE OF SERGIO ALBERTO §
ZAVALA; MARIA OLIVIA VASQUEZ, §
INDIVIDUALLY AND AS NEXT FRIEND OF §
OLIVIA LIZETH IBARRA VASQUEZ AND §
JESUS ALAN IBARRA VASQUEZ, AND §
ALL AS REPRESENTATIVES OF THE §
ESTATE OF VALANTE IBARRA IBARRA §
§
VS. §
§
LUCENT TECHNOLOGIES, INC.; §
LUCENT TECHNOLOGIES §
MAQUILADORAS, INC.; LAREDO §
QUALITY TRANSFER SERVICES, INC.; §
BRIDGESTONE/FIRESTONE, INC.; §
AND BRIDGESTONE CORPORATION §        "JURY"

DEFENDANTS LUCENT TECHNOLOGIES, INC. AND
LUCENT TECHNOLOGIES MAQUILADORAS, INC.'S
INDEX OF DOCUMENTS BEING FILED

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

---

Defendants Lucent Technologies, Inc. and
Lucent Technologies Maquiladoras, Inc.'s
Index of Documents Being Filed - Page 1

In connection with the removal of the above numbered cause from the District Court of Cameron County, 404th Judicial District, Defendants, Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc., file this Index of Documents Being Filed. The specific matters filed are:

1. Civil Cover Sheet;

2. List of All Parties;

3. Counsel of Record;

4. Certified Copy of State Court's Docket Sheet;

5. Plaintiffs' Original Petition (Complaint);

6. Citation issued to Lucent Technologies, Inc. with return of service;

7. Citation issued to Lucent Technologies Maquiladoras, Inc. with return of service;

8. Plaintiffs' First Amended Petition (Amended Complaint);

9. Defendant Lucent Technologies, Inc.'s Motion for Attorney to Show Authority Subject to Motion to Transfer Venue;

10. Defendant Lucent Technologies Maquiladoras, Inc.'s Special Appearance to Present Motion Objecting to Jurisdiction and Original Answer Subject Thereto;

11. Defendant Lucent Technologies, Inc.'s Motion to Transfer Venue and Original Answer, Subject Thereto;

12. Defendant Lucent Technologies, Inc.'s Plea In Abatement, Subject to Its Motion to Transfer Venue;

13. Order Setting Hearing on Defendant Lucent Technologies, Inc.'s Motion for Attorney to Show Authority, Subject to Motion to Transfer Venue (August 23, 2001, at 9:30 a.m.)

CHMPDF - www.hsvtss.com

14. Order Setting Hearing on Defendant Lucent Technologies, Inc.'s Plea In Abatement, Subject to its Motion to Transfer Venue (August 23, 2001, at 9:30 a.m.)

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal ID No. 970
Attorney-in-Charge for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
Margery Huston, Co-Counsel
State Bar No. 10329500
Federal ID No. 2211
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

Judge Gilberto Hinojosa
State Bar No. 09701100
Federal ID No. 3425
Co-Counsel for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

OF COUNSEL:
MAGALLANES, HINOJOSA & MANCIAS

Defendants Lucent Technologies, Inc. and
Lucent Technologies Maquiladoras, Inc.'s
Index of Documents Being Filed - Page 3

## CERTIFICATE OF SERVICE

I certify that on August 14, 2001, a complete and correct copy of **Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc.'s Index of Documents Being Filed** was served on each party by delivery to the following attorneys of record in the manner indicated below:

**Certified Mail/RRR No. 7000 1530 0004 2488 4370**
Mr. Michael A. Caddell
Caddell & Chapman
The Park In Houston Center
1331 Lamar, Suite 1070
Houston, Texas   77010-3027

**Certified Mail/RRR No. 7000 1530 0004 2488 4387**
Ms. Cynthia B. Chapman
Mr. Donald L. Harvey
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, Texas   77010-3027

**Certified Mail/RRR No. 7000 1530 0004 2488 4394**
Mr. Frank Costilla
Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520

**Certified Mail/RRR No. 7000 1530 0004 2488 4400**
Mr. Ezequiel Reyna, Jr.
Law Offices of Ezequiel Reyna, Jr.
702 West Expressway 83
Weslaco, Texas  78596

F. Edward Barker

Defendants Lucent Technologies, Inc. and
Lucent Technologies Maquiladoras, Inc.'s
Index of Documents Being Filed - Page 4

ClibPDF - www.fastio.com

# B-01-140

# CIVIL COVER SHEET

JS 44
(Rev. 3/99)

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Margarita Santos Davila, et al

(SEE ATTACHMENT)

## DEFENDANTS

Lucent Technologies, Inc., et al

(SEE ATTACHMENT)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Monterrey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**Southern District Court**
**Southern District of Texas**
**FILED**

AUG 1 4 2001

**Michael N. Milby**
**Clerk of Court**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

(SEE ATTACHMENT)

ATTORNEYS (IF KNOWN)

(SEE ATTACHMENT)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiffs have sued Defendants for motor vehicle product liability. Defendants remove this action from State District Court to this Court by virtue of 28 U.SC.Sec. 1441(a) and 28 U.S.C. Sec. 1332(a)(2)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE   Hon. Hilda G. Tagle - B-00-040
Hon. Howell Cobb - C.A. No. 1:01-CV-168   DOCKET NUMBER

DATE   8/14/2001

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

# CIVIL COVER SHEET
## (ATTACHMENT)

MARGARITA SANTOS DAVILA,                §
INDIVIDUALLY, AND AS NEXT FRIEND        §
OF JESUS OCTAVIO DAVILA SANTOS,         §
ZAIDETH MARGARITA DAVILA SANTOS,        §     CIVIL ACTION NO._____
ANDREA DENISSE DAVILA SANTOS,           §
AND VALERIA NAYEL DAVILA SANTOS,        §
AND ALL AS REPRESENTATIVES OF           §
THE ESTATE OF JESUS DAVILA PAZ;         §
ETHNA ZULEYMA PEREZ LARA;               §
INDIVIDUALLY, AND AS NEXT FRIEND        §
OF SERGIO ALBERTO ZAVALA PEREZ,         §
AND ALL AS REPRESENTATIVES              §
OF THE ESTATE OF SERGIO ALBERTO         §
ZAVALA; MARIA OLIVIA VASQUEZ,           §
INDIVIDUALLY AND AS NEXT FRIEND OF      §
OLIVIA LIZETH IBARRA VASQUEZ AND        §
JESUS ALAN IBARRA VASQUEZ, AND          §
ALL AS REPRESENTATIVES OF THE           §
ESTATE OF VALANTE IBARRA IBARRA         §
                                        §
VS.                                     §
                                        §
LUCENT TECHNOLOGIES, INC.;              §
LUCENT TECHNOLOGIES                     §
MAQUILADORAS, INC.; LAREDO              §
QUALITY TRANSFER SERVICES, INC.;        §
BRIDGESTONE/FIRESTONE, INC.;            §
AND BRIDGESTONE CORPORATION             §     "JURY"

**B-01-140**

## Attorney-in-Charge for Plaintiffs
Mr. Michael A. Caddell
Caddell & Chapman
The Park In Houston Center
1331 Lamar, Suite 1070
Houston, Texas  77010-3027
(713) 751-0400; FAX: (713) 751-0906

**Of Counsel for Plaintiffs**
Ms. Cynthia B. Chapman
Mr. Donald L. Harvey
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, Texas   77010-3027
(713) 751-0400; FAX: (713) 751-0906

**Of Counsel for Plaintiffs**
Mr. Frank Costilla
Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982; FAX: (956) 544-3152

**Of Counsel for Plaintiffs**
Mr. Ezequiel Reyna, Jr.
Law Offices of Ezequiel Reyna, Jr.
702 West Expressway 83
Weslaco, Texas  78596
(956) 968-9556; FAX: (956) 969-0492

**Attorney-in-Charge for Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc.**
Mr. F. Edward Barker
Ms. Margery Huston (Of Counsel)
Barker, Leon, Fancher & Matthys, LLP
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

**Co-Counsel for Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc.**
Judge Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

**Attorney for Defendant Laredo Quality Transfer Services, Inc.**
No service has been perfected on Defendant Laredo Quality Transfer Services, Inc. as of this filing.

**Attorney for Defendant Bridgestone/Firestone, Inc.**
No service has been perfected on Defendant Bridgeston/Firestone, Inc. as of
this filing.

**Attorney for Defendant Bridgestone Corporation**
No service has been perfected on Defendant Bridgestone Corporation as of this
filing.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal ID No. 970
Attorney-in-Charge for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
Margery Huston, Co-Counsel
State Bar No. 10329500
Federal ID No. 2211
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

Judge Gilberto Hinojosa
State Bar No. 09701100
Federal ID No. 3425
Co-Counsel for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

OF COUNSEL:
MAGALLANES, HINOJOSA & MANCIAS

CVisPDF – www.fastio.com

United States District Court
Southern District of Texas
FILED

AUG 1 4 2001  8:05

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARGARITA SANTOS DAVILA,           §
INDIVIDUALLY, AND AS NEXT FRIEND    §
OF JESUS OCTAVIO DAVILA SANTOS,     §
ZAIDETH MARGARITA DAVILA SANTOS,    §
ANDREA DENISSE DAVILA SANTOS,       §
AND VALERIA NAYEL DAVILA SANTOS,    §
AND ALL AS REPRESENTATIVES OF       §
THE ESTATE OF JESUS DAVILA PAZ;     §
ETHNA ZULEYMA PEREZ LARA;           §
INDIVIDUALLY, AND AS NEXT FRIEND    §
OF SERGIO ALBERTO ZAVALA PEREZ,     §
AND ALL AS REPRESENTATIVES OF       §
THE ESTATE OF SERGIO ALBERTO        §
ZAVALA; MARIA OLIVIA VASQUEZ,       §
INDIVIDUALLY AND AS NEXT FRIEND OF  §
OLIVIA LIZETH IBARRA VASQUEZ AND    §
JESUS ALAN IBARRA VASQUEZ, AND      §
ALL AS REPRESENTATIVES OF THE       §
ESTATE OF VALANTE IBARRA IBARRA     §
                                    §
VS.                                 §
                                    §
LUCENT TECHNOLOGIES, INC.;          §
LUCENT TECHNOLOGIES                 §
MAQUILADORAS, INC.; LAREDO          §
QUALITY TRANSFER SERVICES, INC.;    §
BRIDGESTONE/FIRESTONE, INC.;        §
AND BRIDGESTONE CORPORATION         §

B-01-140

CIVIL ACTION NO._____

"JURY"

LIST OF ALL PARTIES

1.    Plaintiffs -
      Margarita Santos Davila, Individually and As Next Friend of Jesus Octavio
      Davila Santos; Zaideth Margarita Davila Santos; Andrea Denisse Davila Santos,
      and Valeria Nayel Davila Santos, and All As Representatives of the Estate of
      Jesus Davila Paz; Ethna Zuleyma Perez Lara, Individually, and As Next Friend
      of Sergio Alberto Zavala Perez, and All As Representatives of the Estate of

Sergio Alberto Zavala; Maria Oliva Vasquez, Individually and As Next Friend of Olivia Lizeth Ibarra Vasquez, and All As Representatives of the Estate of Valante Ibarra Ibarra

2.    Defendant - Lucent Technologies, Inc.

3.    Defendant - Lucent Technologies Maquiladoras, Inc.

4.    Defendant - Laredo Quality Transfer Services, Inc.

5.    Defendant - Bridgestone/Firestone, Inc.

6.    Defendant - Bridgestone Corporation

Case is presently pending in the 404th Judicial District Court, Cameron County, Texas, Cause No. 2001-02-897-G.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal ID No. 970
Attorney-in-Charge for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
Margery Huston, Co-Counsel
State Bar No. 10329500
Federal ID No. 2211
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

Judge Gilberto Hinojosa
State Bar No. 09701100
Federal ID No. 3425
Co-Counsel for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

OF COUNSEL:
MAGALLANES, HINOJOSA & MANCIAS

List of All Parties - Page 3

CVISPDF – www.feelos.com

**United States District Court
Southern District of Texas
FILED**

AUG 1 4 2001

**Michael N. Milby
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, | § | **B - 0 1 - 1 4 0** |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF JESUS OCTAVIO DAVILA SANTOS, | § | CIVIL ACTION NO._____ |
| ZAIDETH MARGARITA DAVILA SANTOS, | § | |
| ANDREA DENISSE DAVILA SANTOS, | § | |
| AND VALERIA NAYEL DAVILA SANTOS, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA; | § | |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF SERGIO ALBERTO | § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND OF | § | |
| OLIVIA LIZETH IBARRA VASQUEZ AND | § | |
| JESUS ALAN IBARRA VASQUEZ, AND | § | |
| ALL AS REPRESENTATIVES OF THE | § | |
| ESTATE OF VALANTE IBARRA IBARRA | § | |
| | § | |
| VS. | § | |
| | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC.; LAREDO | § | |
| QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE, INC.; | § | |
| AND BRIDGESTONE CORPORATION | § | "JURY" |

### <u>COUNSEL OF RECORD</u>

1. **<u>Attorney-in-Charge for Plaintiffs</u>**
   Mr. Michael A. Caddell
   Caddell & Chapman
   The Park In Houston Center
   1331 Lamar, Suite 1070
   Houston, Texas   77010-3027
   (713) 751-0400; FAX: (713) 751-0906

---

Counsel of Record - Page 1

CTMPDF - www.tekks.com

**Of Counsel for Plaintiffs**
Ms. Cynthia B. Chapman
Mr. Donald L. Harvey
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, Texas   77010-3027
(713) 751-0400; FAX: (713) 751-0906

**Of Counsel for Plaintiffs**
Mr. Frank Costilla
Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982; FAX: (956) 544-3152

**Of Counsel for Plaintiffs**
Mr. Ezequiel Reyna, Jr.
Law Offices of Ezequiel Reyna, Jr.
702 West Expressway 83
Weslaco, Texas  78596
(956) 968-9556; FAX: (956) 969-0492


2.    **Attorney-in-Charge for Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc.:**
Mr. F. Edward Barker
Margery Huston (Of Counsel)
Barker, Leon, Fancher & Matthys, LLP
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590


**Co-Counsel for Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc.**
Judge Gilberto Hinojosa
Magallanes, Hinojosa & Mancias
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

CVtPDF - www.fanito.com

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal ID No. 970
Attorney-in-Charge for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
Margery Huston, Co-Counsel
State Bar No. 10329500
Federal ID No. 2211
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

Judge Gilberto Hinojosa
State Bar No. 09701100
Federal ID No. 3425
Co-Counsel for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

OF COUNSEL:
MAGALLANES, HINOJOSA & MANCIAS

---

Counsel of Record - Page 4

CVISPDF – www.fastio.com

# CIVIL DOCKET · JUDGE'S ENTRIES

## RULE 26-TRCP

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| MARGARITA SANTOS DAVILA, INDIVIDUALLY, ET AL<br><br>VS<br><br>LUCENT TECHNOLOGIES, INC., ET AL | 00473001<br>MICHAEL A., CADDELL<br>1331 LAMAR, SUITE 1070<br>HOUSTON, TEXAS    77010 3027 | (01)<br>WRONG DEATH |

| DATE OF ORDERS | COURT'S DOCKET (Rule 26, TRCP) |
|---|---|
| | |

CVISPDF – www.fastio.com

# CERTIFIED COPY

NO. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, INDIVIDUALLY, AND AS NEXT FRIEND OF JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, AND VALERIA NAYEL DAVILA SANTOS, AND ALL AS REPRESENTATIVES OF THE ESTATE OF JESUS DAVILA PAZ; ETHNA ZULEYMA PEREZ LARA, INDIVIDUALLY, AND AS NEXT FRIEND OF SERGIO ALBERTO ZAVALA PEREZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF SERGIO ALBERTO ZAVALA; MARIA OLIVIA VASQUEZ, INDIVIDUALLY, AND AS NEXT FRIEND OF OLIVIA LIZETH IBARRA VASQUEZ AND JESUS ALAN IBARRA VASQUEZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF VALANTE IBARRA IBARRA | § § § § § § § § § § § § § § § § § § § § § § | DISTRICT COURT OF  CAMERON COUNTY, TEXAS |
| Plaintiffs, | § § § § | |
| V. | § § § | |
| LUCENT TECHNOLOGIES, INC., LUCENT TECHNOLOGIES MAQUILADORAS, INC.; LAREDO QUALITY TRANSFER SERVICES, INC; BRIDGESTONE/FIRESTONE INC.; AND BRIDGESTONE CORPORATION | § § § § § § § | 404 JUDICIAL DISTRICT |
| Defendants. | § § § | |
| | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs assert the following claims against Defendants.

G:\VASQUEZ2\PLEADING\PETITION.001

# CERTIFIED COPY

## I.
## DISCOVERY CONTROL PLAN

1.1   Plaintiffs request that this case be governed by Discovery Control Plan Level 2, Texas Rule of Civil Procedure 190.3.  However, Plaintiffs reserve the right to seek a Level 3 docket control order.

## II.
## INTRODUCTION

2.1   On August 12, 1999, six persons died when a 1996 GM Suburban ("Suburban") with defective Firestone tires and an incompetent driver suffered a tire failure and rolled over. The Suburban and driver were transporting the Decedents in the course and scope of their employment.

2.2   Employees of Defendants, Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc., and Laredo Quality Transfer Services, Inc., conceived of and planned the use of the Suburban and driver to transport the Decedents. Lucent Technologies, Inc., Lucent Technologies Maquiladoras, and Laredo Quality Transfer Services, Inc.  selected the Suburban, determined its safety and maintenance (or lack thereof), selected and were responsible for training the driver, and scheduled the workers' trip.

## III.
## PARTIES

**A.   Plaintiffs**

3.1   Plaintiff Margarita Santos Davila is the spouse of Jesus Davila Paz, deceased, and the mother of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children

# CERTIFIED COPY

of Jesus Davila Paz. They are Mexican citizens and residents of Monterrey, Nuevo Leon, Mexico. Margarita Santos Davila, individually and on behalf of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, sues on behalf of, and as personal representative of, the Estate of Jesus Davila Paz. (TEX. CIV. PRAC. REM. CODE § 71.021) For this survival claim, all heirs have been joined, no estate proceeding is pending, and none is necessary. Margarita Santos Davila, individually and on behalf of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, also brings wrongful death claims arising from the death of Jesus Davila Paz. (TEX. CIV. PRAC. & REM. CODE § 71.001 et seq.)

3.2    Plaintiff Ethna Zuleyma Perez Lara is the spouse of Sergio Alberto Zavala, deceased, and the mother of Sergio Alberto Zavala Perez, minor child of Sergio Alberto Zavala. They are Mexican citizens and residents of Monterrey, Nuevo Leon, Mexico. Ethna Zuleyma Perez Lara, individually and on behalf of Sergio Alberto Zavala Perez, sues on behalf of, and as personal representative of, the Estate of Sergio Alberto Zavala. For this survival claim, all heirs have been joined, no estate proceeding is pending and none is necessary. (TEX. CIV. PRAC. REM. CODE § 71.021) Ethna Zuleyma Perez Lara, individually and on behalf of Sergio Alberto Zavala Perez, also brings wrongful death claims arising from the death of Sergio Alberto Zavala. (TEX. CIV. PRAC. REM. CODE § 71.001, et. seq.)

3.3    Maria Olivia Vasquez is the spouse of Valente Ibarra Ibarra, deceased, and the mother of Olivia Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, minor children

# CERTIFIED COPY

of Valante Ibarra Ibarra. They are Mexican citizens and residents of Monterrey, Nuevo Leon, Mexico. Maria Olivia Vasquez, individually and on behalf of Olivia Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, sues on behalf of, and as personal representative of, the Estate of Valente Ibarra Ibarra. (TEX. CIV. PRAC. REM. CODE § 71.021)  For this survival claim, all heirs have been joined, no estate proceeding is pending, and none is necessary. Maria Olivia Vasquez, individually and on behalf of Olivia Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, also brings wrongful death claims arising from the death of Valante Ibarra Ibarra. (TEX. CIV. PRAC. REM. CODE § 71.001 et. seq. )

## B.  Defendants

3.4  Defendant Lucent Technologies, Inc. ("Lucent Technologies") does business in the State of Texas and may be served with process through its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

3.5  Defendant Lucent Technologies Maquiladoras, Inc. ("Lucent Maquiladoras") does business in the State of Texas and may be served with process through its registered agent for service, Prentice-Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

3.6  Laredo Quality Transfer Services, Inc. ("Laredo Quality") is incorporated in the State of Texas, with its corporate headquarters in Texas. It does business in Texas and may be served through its registered agent for service, Richard G. Morales, Jr., 602 E. Calton Road, Laredo, Texas 78041.

# CERTIFIED COPY

3.7    Defendant Bridgestone/Firestone, Inc. is authorized to do business in the State of Texas and may be served through its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3.8    Defendant Bridgestone Corporation is a Japanese corporation with its principal place of business in Tokyo. It is a Japanese citizen and not a U.S. citizen. It may be served with process by registered mail at the following address:

> Bridgestone Corporation
> 10-1, Kyobashi 1-Chome, Chuo-ku
> Tokyo 104-8350
> Japan
> Attn:  Hiroyuki Kita
> Manager
> Corporate Legal Department

3.9    Lucent Technologies and Lucent Maquiladora are collectively referred to as "Lucent" or "the Lucent Defendants."  Bridgestone/Firestone, Inc. and Bridgestone Corporation are collectively referred to as "Firestone" or "the Firestone Defendants."

## IV.
## JURISDICTION

### A.    Personal Jurisdiction

4.1    At all relevant times, Defendants were transacting business within the State of Texas and deriving substantial revenue from Texas residents. They have the minimum contacts necessary for this Court to assert personal jurisdiction.

### B.    Subject Matter Jurisdiction

4.2    Plaintiffs seek damages under Texas common and statutory laws and the amount in controversy for each claim exceeds this Court's jurisdictional minimum.

# CERTIFIED COPY

4.3     There is no basis for federal court jurisdiction over this matter.  The Plaintiffs have not pled, nor do they intend to plead, any claim under federal law. The United States District Court for the Southern District of Texas, Brownsville Division (Judge Hilda Tagle), dismissed an earlier version of this lawsuit for lack of federal jurisdiction because there is "no federal cause of action and the Parties are not diverse." (Exhibit A)

4.4     There is not complete diversity of citizenship because Plaintiffs and one Defendant are foreign citizens.  There is not removal jurisdiction because one defendant is a Texas citizen.

## V.
## VENUE

5.1     A substantial part of the acts and omissions giving rise to the Plaintiffs' claims occurred in Cameron County, Texas.  Pursuant to TEX. CIV. PRAC. & REM. CODE §§15.001 et seq., venue for this action is proper in Cameron County, Texas.

## VI.
## FACTS

6.1     On August 12, 1999, a one-car accident occurred killing, among others, Sergio Alberto Zavala, Jesus Davila Paz, and Valente Ibarra Ibarra.

6.2     These Decedents were returning from a day-long Lucent seminar. Their trip began in Monterrey, Mexico from various departure points at approximately 4:30 a.m. and the accident occurred at approximately 7:20 p.m. The decedents were employed by Servicios de Manufactura de Monterrey, SA de CV. ("Servicios")

6.3     The Lucent Defendants and Laredo Quality were transporting these Decedents in a 1996 Chevrolet Suburban, with Firestone tires, with a driver employed by

G:\VASQUEZ2\PLEADING\PETITION.001

6

# CERTIFIED COPY

Lucent and Laredo Quality.  The driver was  in the course and scope of his employment with Lucent and Laredo Quality.

6.4    Immediately before the accident, the driver was driving the Suburban at a high, unsafe speed.

6.5    One of the Suburban's  Firestone tires failed (the "Defective Tire") and, in conjunction with the driver's reckless driving,  caused the vehicle to roll numerous times, fatally injuring the Decedents.

6.6    The Lucent Defendants are under contract with Servicios with provide assistance and services to Servicios. This contract generally governed the parties' relationship.

6.7    This contract was entered into in Brownsville, Texas.

6.8    Laredo Quality is Servicios' parent and exercised control over the Decedents' transportation.

6.9    The Firestone Defendants designed, manufactured, marketed and/or distributed the defective tire.

6.10   Sergio Alberto Zavala, Jesus Davila Paz, and Valente Ibarra Ibarra, among others, died from the injuries they sustained in the rollover.

## VII.
## CAUSES OF ACTION

### A.    The Lucent Defendants

7.1    Plaintiffs assert claims against the Lucent Defendants because of the negligent acts and omissions of their managerial employees including Texas managerial

# CERTIFIED COPY

employees. This negligence includes both the acts and omissions and the decision to
commit these acts and omissions:

    a.    failing to exercise ordinary and reasonable care in the supervision and
control of the Suburban's driver;

    b.    failing to repair and maintain the Suburban;

    c.    failing to select a competent driver for the Suburban;

    d.    failing to properly train the driver in the Suburban's safe operation,
including appropriate braking and steering procedures, the dangers
of traveling at an excessive speed, and appropriate accident
avoidance or mitigation when an accident is imminent;

    e.    failing to train the driver and passengers in safety procedures during
an accident;

    f.    failing to require a driving schedule which allowed adequate breaks
and rest for the Suburban's driver; and

    g.    providing the Suburban with the Defective Firestone Tire for the
Decedents' transportation.

7.2    The Lucent Defendants also are liable for negligence per se because the
Suburban's driver exceeded the posted speed limit.

7.3    These acts and omissions were a proximate cause of the Decedents' deaths
and all Plaintiffs' injuries.

7.4    The Lucent Defendants' acts and omissions, when viewed objectively from
each Defendant's standpoint when they occurred, involved an extreme degree of risk
considering the probability and magnitude of the potential harm to others. Each Lucent
Defendant had actual, subjective awareness of this risk but proceeded with conscious

# CERTIFIED COPY

indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

## B.   Laredo Quality

7.5    Plaintiffs assert claims against Laredo Quality because of the negligent acts and omissions of its managerial employees including Texas managerial employees.  This negligence includes both the acts and omissions and the decision to commit these acts and omissions:

> a.    failing to exercise ordinary and reasonable care in the supervision and control of the Suburban's driver;
>
> b.    failing to repair and maintain the Suburban;
>
> c.    failing to select a competent driver for the Suburban;
>
> d.    failing to properly train the driver in the Suburban's safe operation, including appropriate braking and steering procedures, the dangers of traveling at an excessive speed, and appropriate accident avoidance or mitigation when an accident is imminent;
>
> e.    failing to train the driver and passengers in safety procedures during an accident;
>
> f.    failing to require a driving schedule which allowed adequate breaks and rest for the Suburban's driver; and
>
> g.    providing the Suburban with the Defective Firestone Tire for the Decedents' transportation.

7.6    Laredo Quality also is liable for negligence per se because the Suburban's driver exceeded the posted speed limit.

7.7    These acts and omissions were a proximate cause of the Decedents' deaths and all Plaintiffs' injuries.

# CERTIFIED COPY

7.8    Laredo Quality's acts and omissions, when viewed objectively from this Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Laredo Quality had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

## C.    The Firestone Defendants

7.9    Firestone developed, designed, manufactured, inspected, marketed and/or distributed the Defective Tire for use on motor vehicles including the Suburban. At the time of the incident, the Defective Tire was in the same condition as when originally manufactured, marketed, tested, and distributed by Firestone.

### 1.    Negligence

7.10    Firestone breached the duty of reasonable care which it owed the Decedents and other Plaintiffs as follows:

    a.    negligently designing the Defective Tire;

    b.    negligently manufacturing the Defective Tire;

    c.    negligently testing or failing to test the Defective Tire;

    d.    negligently inspecting or failing to inspect the Defective Tire;

    e.    negligently warning or failing to warn of defects in the Defective Tire; and/or

    f.    negligently warning or failing to warn of the signs of a failing tire and the consequences of this failure.

7.11    These acts and omissions were a proximate cause of the Decedents' injuries and all Plaintiffs' damages.

# CERTIFIED COPY

7.12    The Firestone Defendants' acts and omissions, when viewed objectively from each Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. The Firestone Defendants each had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

**2.    Strict Liability**

7.13    The Defective Tire was unfit and unsafe for its intended uses and purposes when it left Firestone's control. Firestone's design, manufacturing, and/or marketing defects caused the Defective Tire to suddenly fail.

7.14    There were safer alternative designs which would have prevented these defects and prevented or significantly reduced the risk of injury without substantially impairing the Defective Tire's utility. These safer alternative designs were economically and technologically feasible when the Defective Tire left Firestone's control  by the application of existing or reasonably achievable scientific knowledge.

7.15    Firestone failed to warn or failed to adequately warn of these defects and the resulting dangers.

7.16    These acts and omissions were a direct and producing cause of the Decedents' deaths and all Plaintiffs' damages.

# CERTIFIED COPY

## VIII.
## DAMAGES

8.1    Defendants' acts and omissions described herein were a direct, producing and proximate cause of the following injuries, deaths and damages.

**A.    Survival Damages**

8.2    Defendants' acts and omissions were a direct, producing and proximate cause of each Decedent's (1) lost pleasure of living (hedonic damages), (2) physical pain and suffering, and (3) mental anguish, including paralyzing fear and the awareness of his approaching death.

8.3    Each Decedent's Estate seeks compensatory damages for these injuries.

**B.    Wrongful Death Damages**

8.4    The Defendants' acts and omissions were a direct, producing and proximate cause of each wrongful death Plaintiff's damages.  These Plaintiffs have suffered and will suffer (a) mental anguish, (b) lost companionship and society, and (c) pecuniary losses, including medical expenses and the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that, in reasonable probability, each would have received from the Decedent had he lived.

8.5    These Plaintiffs also incurred reasonable expenses for their respective son's funeral and burial.

**C.    Exemplary Damages**

8.6    Defendants' acts and omissions were grossly negligent, reckless, and involved an entire want of care.  Plaintiffs' damages resulted from the Defendants'

# CERTIFIED COPY

objective and subjective conscious indifference to the rights, welfare and safety of the Decedents and other Plaintiffs.

## D.    Interest and Costs

8.7    The Plaintiffs seek pre-judgment and post-judgment interest and court costs to the full extent permitted by Texas law.

## IX.
## JURY DEMAND

9.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial and have paid the jury fee.

## X.
## PRAYER

10.1   Plaintiffs seek judgment against Defendants for the compensatory damages, exemplary damages, pre-judgment and post-judgment interest at the lawful applicable rates, all court costs, and such further relief, at law and in equity, to which Plaintiffs are entitled.

Respectfully submitted,

*Michael A. Caddell*

Michael A. Caddell
SBT No. 03576700
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE AUG _ _ 2001
BY _____
DEPUTY

# CERTIFIED COPY

OF COUNSEL:

Cynthia B. Chapman
SBT No. 00796339
Joe Phillips
SBT No. 15933200
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX 77010-3027
(713) 751-0400 Telephone
(713) 751-0906 Facsimile

Ezequiel Reyna, Jr.
SBT No. 16794798
Law Offices of Ezequiel Reyna, Jr.
702 West Expressway 83
Weslaco, TX 78596
(956) 968-9556 Telephone
(956) 969-0492 Facsimile

CERTIFIED COPY



United States District Court
Southern District of Texas
ENTERED

JUN 1 4 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

Maria Olivia Vasquez, individually and §
as representative of the estate of Valente §
Ibarra Ibarra, deceased, and as next friend §
of Olivia Lizbeth Ibarra Vasquez and §
Jesus Alan Ibarra Vasquez, minor children, §
et al, §
        §
    Plaintiffs, §
        §   CIVIL ACTION NO. B-00-40
        §
v. §
        §
Lucent Technologies, Inc., et al, §
        §
    Defendants. §

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

BE IT REMEMBERED, that on June 13, 2000, the Court **DISMISSED** this case sua sponte because it does not have subject matter jurisdiction. The Plaintiffs' complaint alleges no federal cause of action, and the Parties are not diverse.

The Plaintiffs' complaint states that the Court has jurisdiction under 28 U.S.C. § 1332(a)(1) "because the Plaintiffs and the Defendants are citizens of different states and countries [Dkt. No. 1, p. 4]." The Court does not have jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because that provision only applies to lawsuits between "citizens of different states." All of the Plaintiffs in this case are citizens of Mexico, and are, therefore, not citizens of a state.

Moreover, one of the Defendants in this lawsuit, Servicios de Manufacturas de Monterrey, S.A. de C.V., "is a non-resident Mexican corporate business entity. Said

1

EXHIBIT A

CERTIFIED COPY

Defendant may be served with process at its principal place of business Avenida La Silla 7705, FRACC. Parque Industrial La Silla, Guadalupe, Nuevo Leon, Mexico C.P. 67190 [Dkt. No. 1, p. 3]." Since the face of the Plaintiffs' complaint reveals that both the Plaintiffs and one of the Defendants are citizens of Mexico, the Court does not have jurisdiction over the Plaintiffs' lawsuit under any of the other diversity provisions of 28 U.S.C. § 1332. See Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1064 (5th Cir. 1992); Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1151 (5th Cir. 1985). This case is therefore dismissed.

DONE at Brownsville, Texas, this ___13___ day of June 2000.

Hilda G. Tagle
United States District Judge

2

CVisPDF – www.fwzio.com

## CERTIFIED COPY

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5100401



No. 2001-02-000897-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LUCENT TECHNOLOGIES, IN C.
    C/O PRENTICE HALL CORP SYSTEM
    800 BRAZOS
    AUSTIN, TX   78701

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' FIRST AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said ___AMENDED PETITION___ was filed on ___MAY 29, 2001___.  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000897-G.

The style of the case is:

MARGARITA SANTOS DAVILA, INDIVIDUALLY, ET AL
VS.
LUCENT TECHNOLOGIES, INC., ET AL

Said petition was filed in said court by _____MICHAEL A. CADDELL_____ (Attorney for _____PLAINTIFF_____), whose address is 1331 LAMAR, SUITE 1070 HOUSTON, TEXAS   77010-3027

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law

U.S. Postal Service
CERTIFIED MAIL RECEIP

and seal of said Court at Brownsville,
A.D. 2001

# CERTIFIED COPY

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER            TITLE

_____
ADDRESS

_____
CITY           STATE           ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the  6th  of

___JUNE___  2001,   I mailed to

_____LUCENT TECHNOLOGIES, IN C._____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  1461474034
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

___AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By: _____, Deputy

A TRUE COPY I CERTIFY.
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE AUG - 2 2001
BY _____
                DEPUTY

CERTIFIED COPY



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

6/6/01 CIT 2001-02-897-G

AURORA DE LA GARZA, DISTRICT CLERK
974 E HARRISON ST
BRWONSVILLE,TX 78520

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

JUN 14 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

13

CibPDF - www.fastio.com

# CERTIFIED COPY

**SENDER COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LUCENT TECHNOLOGIES INC
C/O PRENTICE HALL CORP SYSTEM
300 BRAZOS
AUSTIN TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

JUN 1 1

C. Signature

X _____    ☐ Agent    ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below    ☒ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)

14 7147 4934

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

ChilPDF - www.fastio.com

# CERTIFIED COPY

# ORIGINAL

Citation for Personal Service  — BY CERTIFIED MAIL    Lit. Seq. # 5.005.01

No. 2001-02-000897-G

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LUCENT TECHNOLOGIES MAQUILADORAS, INC.
    C/O PRENTICE HALL CORP SYSTEM
    800 BRAZOS
    AUSTIN TX 78601

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' FIRST AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said ____AMENDED PETITION____ was filed on ___MAY 29, 2001___ .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000897-G.

The style of the case is:

MARGARITA SANTOS DAVILA, INDIVIDUALLY, ET AL
VS.
LUCENT TECHNOLOGIES, INC., ET AL

Said petition was filed in said court by _____MICHAEL A. CADDELL_____
(Attorney for _____PLAINTIFF_____), whose address is
1331 LAMAR, SUITE 1070 HOUSTON, TEXAS  77010-3027 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, _____ 6th day of_ JUNE , A.D. 2001.

CERTIFIED COPY

| | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|
| **ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE** | I hereby certify that on the __6th__ of |

<table>
<tr>
<td>

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

</td>
<td>

__JUNE__  __2001__, I mailed to

__LUCENT TECHNOLOGIES MAQUILADORAS, INC.__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __1461475451__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

</td>
</tr>
</table>

NAME OF PREPARER            TITLE

ADDRESS

CITY            STATE            ZIP

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: _____*Irene P. Garcia*_____, Deputy

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE __AUG - 2 2001__
BY _____ DEPUTY

CERTIFIED COPY

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

6/6/01 CIT 2001-02-897-G

AURORA DE LA GARZA, DISTRICT CLERK
974 E HARRISON ST
BROWNSVILLE,TX 78520

FILED
AURORA DE LA GARZA DIST. CLERK

O'CLOCK _____ M

JUN 1 4 2001

DISTRICT COURT, CAMERON COUNTY TEXAS
By _____ DEPUTY

CERTIFIED COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LUCENT TECHNOLOGIES MAQUILADORAS
C/O PRENTICE HALL CORP SYSTEM INC
800 BRAZOS
AUSTIN TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

JUN 11

C. Signature

X _____   ☐ Agent
                     ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☒ No

3. Service Type

☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

14 6147 5451

PS Form 3811, July 1999          Domestic Return Receipt          102595-99-M-1789

CVISPDF – www.fastio.com

# CERTIFIED COPY

## NO. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, INDIVIDUALLY, AND AS NEXT FRIEND OF JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, AND VALERIA NAYEL DAVILA SANTOS, AND ALL AS REPRESENTATIVES OF THE ESTATE OF JESUS DAVILA PAZ; ETHNA ZULEYMA PEREZ LARA, INDIVIDUALLY, AND AS NEXT FRIEND OF SERGIO ALBERTO ZAVALA PEREZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF SERGIO ALBERTO ZAVALA; MARIA OLIVIA VASQUEZ, INDIVIDUALLY, AND AS NEXT FRIEND OF OLIVIA LIZETH IBARRA VASQUEZ AND JESUS ALAN IBARRA VASQUEZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF VALANTE IBARRA IBARRA | § § § § § § § § § § § § § § § § § § § | DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| V. | § § § | |
| LUCENT TECHNOLOGIES, INC., LUCENT TECHNOLOGIES MAQUILADORAS, INC.; LAREDO QUALITY TRANSFER SERVICES, INC; BRIDGESTONE/FIRESTONE INC.; AND BRIDGESTONE CORPORATION | § § § § § § § | 404TH JUDICIAL DISTRICT |
| **Defendants.** | § § § | |
| | § | **JURY TRIAL DEMANDED** |

CAMERON COUNTY, TEXAS



FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK
MAY 29 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS

## PLAINTIFFS' FIRST AMENDED PETITION

Plaintiffs assert the following claims against Defendants.

# CERTIFIED COPY

## I.
## DISCOVERY CONTROL PLAN

1.1    Plaintiffs request that this case be governed by Discovery Control Plan Level 2, Texas Rule of Civil Procedure 190.3.  However, Plaintiffs reserve the right to seek a Level 3 docket control order.

## II.
## INTRODUCTION

2.1    On August 12, 1999, six persons died when a 1996 GM Suburban ("Suburban") with defective Firestone tires and an incompetent driver suffered a tire failure and rolled over. The Suburban and driver were transporting the Decedents in the course and scope of their employment.

2.2    Employees of Defendants, Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc., and Laredo Quality Transfer Services, Inc., conceived of and planned the use of the Suburban and driver to transport the Decedents. Lucent Technologies, Inc., Lucent Technologies Maquiladoras, and Laredo Quality Transfer Services, Inc. selected the Suburban, determined its safety and maintenance (or lack thereof), selected and were responsible for training the driver, and scheduled the workers' trip.

## III.
## PARTIES

### A.    Plaintiffs

3.1    Plaintiff Margarita Santos Davila is the spouse of Jesus Davila Paz, deceased, and the mother of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children of Jesus Davila Paz.  They are Mexican citizens and residents of Monterrey, Nuevo Leon,

# CERTIFIED COPY

Mexico. Margarita Santos Davila, individually and on behalf of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, sues on behalf of, and as personal representative of, the Estate of Jesus Davila Paz. (TEX. CIV. PRAC. REM. CODE § 71.021) For this survival claim, all heirs have been joined, no estate proceeding is pending, and none is necessary. Margarita Santos Davila, individually and on behalf of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, also brings wrongful death claims arising from the death of Jesus Davila Paz. (TEX. CIV. PRAC. & REM. CODE § 71.001 et seq.)

3.2     Plaintiff Ethna Zuleyma Perez Lara is the spouse of Sergio Alberto Zavala, deceased, and the mother of Sergio Alberto Zavala Perez, minor child of Sergio Alberto Zavala. They are Mexican citizens and residents of Monterrey, Nuevo Leon, Mexico. Ethna Zuleyma Perez Lara, individually and on behalf of Sergio Alberto Zavala Perez, sues on behalf of, and as personal representative of, the Estate of Sergio Alberto Zavala. For this survival claim, all heirs have been joined, no estate proceeding is pending and none is necessary. (TEX. CIV. PRAC. REM. CODE § 71.021) Ethna Zuleyma Perez Lara, individually and on behalf of Sergio Alberto Zavala Perez, also brings wrongful death claims arising from the death of Sergio Alberto Zavala. (TEX. CIV. PRAC. REM. CODE § 71.001, et. seq.)

3.3     Maria Olivia Vasquez is the spouse of Valente Ibarra Ibarra, deceased, and the mother of Olivia Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, minor children of Valante Ibarra Ibarra. They are Mexican citizens and residents of Monterrey, Nuevo Leon, Mexico. Maria Olivia Vasquez, individually and on behalf of Olivia Lizeth Ibarra

# CERTIFIED COPY

Vasquez and Jesus Alan Ibarra Vasquez, sues on behalf of, and as personal representative of, the Estate of Valente Ibarra Ibarra. (TEX. CIV. PRAC. REM. CODE § 71.021) For this survival claim, all heirs have been joined, no estate proceeding is pending, and none is necessary. Maria Olivia Vasquez, individually and on behalf of Olivia Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, also brings wrongful death claims arising from the death of Valante Ibarra Ibarra. (TEX. CIV. PRAC. REM. CODE § 71.001 et. seq. )

## B.    Defendants

3.4    Defendant Lucent Technologies, Inc. ("Lucent Technologies") does business in the State of Texas and may be served with process through its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

3.5    Defendant Lucent Technologies Maquiladoras, Inc. ("Lucent Maquiladoras") does business in the State of Texas and may be served with process through its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

3.6    Laredo Quality Transfer Services, Inc. ("Laredo Quality") is incorporated in the State of Texas, with its corporate headquarters in Texas. It does business in Texas and may be served through its registered agent for service, Richard G. Morales, Jr., 602 E. Calton Road, Laredo, Texas 78041.

# CERTIFIED COPY

3.7     Defendant Bridgestone/Firestone, Inc. is authorized to do business in the State of Texas and may be served through its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3.8     Defendant Bridgestone Corporation is a Japanese corporation with its principal place of business in Tokyo. It is a Japanese citizen and not a U.S. citizen. It may be served with process by registered mail at the following address:

>Bridgestone Corporation
>10-1, Kyobashi 1-Chome, Chuo-ku
>Tokyo 104-8350
>Japan
>Attn:  Hiroyuki Kita
>Manager
>Corporate Legal Department

3.9     Lucent Technologies and Lucent Maquiladora are collectively referred to as "Lucent" or "the Lucent Defendants."   Bridgestone/Firestone, Inc. and Bridgestone Corporation are collectively referred to as "Firestone" or "the Firestone Defendants."

## IV.
## JURISDICTION

### A.     Personal Jurisdiction

4.1     At all relevant times, Defendants were transacting business within the State of Texas and deriving substantial revenue from Texas residents. They have the minimum contacts necessary for this Court to assert personal jurisdiction.

### B.     Subject Matter Jurisdiction

4.2     Plaintiffs seek damages under Texas common and statutory laws and the amount in controversy for each claim exceeds this Court's jurisdictional minimum.

# CERTIFIED COPY

4.3    There is no basis for federal court jurisdiction over this matter. The Plaintiffs have not pled, nor do they intend to plead, any claim under federal law. The United States District Court for the Southern District of Texas, Brownsville Division (Judge Hilda Tagle), dismissed an earlier version of this lawsuit for lack of federal jurisdiction because there is "no federal cause of action and the Parties are not diverse." (*see* Exhibit A attached to Plaintiffs' Original Petition).

4.4    There is not complete diversity of citizenship because Plaintiffs and one Defendant are foreign citizens. There is not removal jurisdiction because one defendant is a Texas citizen.

## V.
## VENUE

5.1    A substantial part of the acts and omissions giving rise to the Plaintiffs' claims occurred in Cameron County, Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE §§15.001 et seq., venue for this action is proper in Cameron County, Texas.

## VI.
## FACTS

6.1    On August 12, 1999, a one-car accident occurred killing, among others, Sergio Alberto Zavala, Jesus Davila Paz, and Valente Ibarra Ibarra.

6.2    These Decedents were returning from a day-long Lucent seminar. Their trip began in Monterrey, Mexico from various departure points at approximately 4:30 a.m. and the accident occurred at approximately 7:20 p.m. The decedents were employed by Servicios de Manufactura de Monterrey, SA de CV. ("Servicios")

# CERTIFIED COPY

6.3   The Lucent Defendants and Laredo Quality were transporting these Decedents in a 1996 Chevrolet Suburban, with Firestone tires, with a driver employed by the Lucent Defendants and Laredo Quality. The driver was in the course and scope of his employment with the Lucent Defendants and Laredo Quality.

6.4   Immediately before the accident, the driver was driving the Suburban at a high, unsafe speed.

6.5   One of the Suburban's P235/75R15 Firestone M&S tires, bearing D.O.T. No. V6HLB4A296, failed (the "Defective Tire") and, in conjunction with the driver's reckless driving, caused the vehicle to roll numerous times, fatally injuring the Decedents.

6.6   The Lucent Defendants are under contract with Servicios to provide assistance and services to Servicios. This contract generally governed the parties' relationship.

6.7   This contract was entered into in Brownsville, Texas.

6.8   Lucent Maquiladoras principal place of business is within the state of Texas.

6.9   An employee of the Lucent Defendants, Mitch West, served as General Manager of Laredo Quality and of the Servicio's facility at which the Decedents were employed.   Mr. West, while serving as General Manager of Laredo Quality and the Servicio facility, maintained his permanent residence in the United States and made decisions and acted on behalf of Servicio within the United States.

6.10   Laredo Quality is Servicios' parent and exercised control over the Decedents' transportation. Additionally, Mr. West, an employee of the Lucent Defendants, conceived of and planned the use of the Suburban and driver to transport the Decedents, and as General Manager, selected the Suburban, determined its safety and maintenance (or lack

# CERTIFIED COPY

thereof), selected and was responsible for training the driver, and scheduled the workers' trip.

6.11    The Firestone Defendants designed, manufactured, marketed and/or distributed the defective tire.

6.12    Sergio Alberto Zavala, Jesus Davila Paz, and Valente Ibarra Ibarra, among others, died from the injuries they sustained in the rollover.

## VII.
## CAUSES OF ACTION

### A.    The Lucent Defendants

7.1    Plaintiffs assert claims against the Lucent Defendants because of the negligent acts and omissions of their managerial employees, including Mitch West and/or other Texas managerial employees.  This negligence includes both the acts and omissions and the decision to commit these acts and omissions:

      a.    failing to exercise ordinary and reasonable care in the supervision and control of the Suburban's driver;

      b.    failing to repair and maintain the Suburban;

      c.    failing to select a competent driver for the Suburban;

      d.    failing to properly train the driver in the Suburban's safe operation, including appropriate braking and steering procedures, the dangers of traveling at an excessive speed, and appropriate accident avoidance or mitigation when an accident is imminent;

      e.    failing to train the driver and passengers in safety procedures during an accident;

      f.    failing to require a driving schedule which allowed adequate breaks and rest for the Suburban's driver; and

## CERTIFIED COPY

g.   providing the Suburban with the Defective Firestone Tire for the Decedents' transportation.

7.2    The Lucent Defendants also are liable for negligence per se because the Suburban's driver exceeded the posted speed limit.

7.3    These acts and omissions were a proximate cause of the Decedents' deaths and all Plaintiffs' injuries.

7.4    The Lucent Defendants' acts and omissions, when viewed objectively from each Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others.  Each Lucent Defendant had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

**B.    Laredo Quality**

7.5    Plaintiffs assert claims against Laredo Quality because of the negligent acts and omissions of its managerial employees, including Mitch West and/or other Texas managerial employees.  This negligence includes both the acts and omissions and the decision to commit these acts and omissions:

a.   failing to exercise ordinary and reasonable care in the supervision and control of the Suburban's driver;

b.   failing to repair and maintain the Suburban;

c.   failing to select a competent driver for the Suburban;

d.   failing to properly train the driver in the Suburban's safe operation, including appropriate braking and steering procedures, the dangers of traveling at an excessive speed, and appropriate accident avoidance or mitigation when an accident is imminent;

CERTIFIED COPY

    e.     failing to train the driver and passengers in safety procedures during an accident;

    f.     failing to require a driving schedule which allowed adequate breaks and rest for the Suburban's driver; and

    g.     providing the Suburban with the Defective Firestone Tire for the Decedents' transportation.

7.6    Laredo Quality also is liable for negligence per se because the Suburban's driver exceeded the posted speed limit.

7.7    These acts and omissions were a proximate cause of the Decedents' deaths and all Plaintiffs' injuries.

7.8    Laredo Quality's acts and omissions, when viewed objectively from this Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Laredo Quality had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

**C.    The Firestone Defendants**

7.9    Firestone developed, designed, manufactured, inspected, marketed and/or distributed the Defective Tire for use on motor vehicles including the Suburban. At the time of the incident, the Defective Tire was in the same condition as when originally manufactured, marketed, tested, and distributed by Firestone.

**1.    Negligence**

7.10    Firestone breached the duty of reasonable care which it owed the Decedents and other Plaintiffs as follows:

    a.     negligently designing the Defective Tire;

# CERTIFIED COPY

b.      negligently manufacturing the Defective Tire;

c.      negligently testing or failing to test the Defective Tire;

d.      negligently inspecting or failing to inspect the Defective Tire;

e.      negligently warning or failing to warn of defects in the Defective Tire; and/or

f.      negligently warning or failing to warn of the signs of a failing tire and the consequences of this failure.

7.11    These acts and omissions were a proximate cause of the Decedents' injuries and all Plaintiffs' damages.

7.12    The Firestone Defendants' acts and omissions, when viewed objectively from each Defendant's standpoint when they occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. The Firestone Defendants each had actual, subjective awareness of this risk but proceeded with conscious indifference to the rights, safety, or welfare of others including the Decedents and other Plaintiffs.

## 2.   Strict Liability

7.13    The Defective Tire was unfit and unsafe for its intended uses and purposes when it left Firestone's control. Firestone's design, manufacturing, and/or marketing defects caused the Defective Tire to suddenly fail.

7.14    There were safer alternative designs which would have prevented these defects and prevented or significantly reduced the risk of injury without substantially impairing the Defective Tire's utility. These safer alternative designs were economically

# CERTIFIED COPY

and technologically feasible when the Defective Tire left Firestone's control  by the application of existing or reasonably achievable scientific knowledge.

7.15    Firestone failed to warn or failed to adequately warn of these defects and the resulting dangers.

7.16    These acts and omissions were a direct and producing cause of the Decedents' deaths and all Plaintiffs' damages.


## VIII.
## DAMAGES

8.1    Defendants' acts and omissions described herein were a direct, producing and proximate cause of the following injuries, deaths and damages.

### A.    Survival Damages

8.2    Defendants' acts and omissions were a direct, producing and proximate cause of each Decedent's (1) lost pleasure of living (hedonic damages), (2) physical pain and suffering, and (3) mental anguish, including paralyzing fear and the awareness of his approaching death.

8.3    Each Decedent's Estate seeks compensatory damages for these injuries.

### B.    Wrongful Death Damages

8.4    The Defendants' acts and omissions were a direct, producing and proximate cause of each wrongful death Plaintiff's damages.  These Plaintiffs have suffered and will suffer (a) mental anguish, (b) lost companionship and society, and (c) pecuniary losses, including medical expenses and the loss of the care, maintenance, support, services,

# CERTIFIED COPY

advice, counsel, and reasonable contributions of a pecuniary value that, in reasonable probability, each would have received from the Decedent had he lived.

8.5    These Plaintiffs also incurred reasonable expenses for their respective son's funeral and burial.

## C.    Exemplary Damages

8.6    Defendants' acts and omissions were grossly negligent, reckless, and involved an entire want of care.    Plaintiffs' damages resulted from the Defendants' objective and subjective conscious indifference to the rights, welfare and safety of the Decedents and other Plaintiffs.

## D.    Interest and Costs

8.7    The Plaintiffs seek pre-judgment and post-judgment interest and court costs to the full extent permitted by Texas law.

## IX.
## JURY DEMAND

9.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial and have paid the jury fee.

## X.
## PRAYER

10.1    Plaintiffs seek judgment against Defendants for the compensatory damages, exemplary damages, pre-judgment and post-judgment interest at the lawful applicable rates, all court costs, and such further relief, at law and in equity, to which Plaintiffs are entitled.

**CERTIFIED COPY**

Respectfully submitted,

Michael Caddell

Michael A. Caddell
SBT No. 03576700
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

Cynthia B. Chapman
SBT No. 00796339
Donald L. Harvey
SBT No. 00787658
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010-3027
(713) 751-0400 Telephone
(713) 751-0906 Facsimile

Frank Costilla
SBT No.  04856500
Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152

Ezequiel Reyna, Jr.
SBT No. 16794798
Law Offices of Ezequiel Reyna, Jr.
702 West Expressway 83
Weslaco, TX  78596
(956) 968-9556 Telephone
(956) 969-0492 Facsimile

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE AUG - 2 2001
BY_____
DEPUTY

# CERTIFIED COPY

Respectfully submitted,

*Michael Caddell*
_____
Michael A. Caddell
SBT No. 03576700
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

Cynthia B. Chapman
SBT No. 00796339
Donald L. Harvey
SBT No. 00787658
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010-3027
(713) 751-0400 Telephone
(713) 751-0906 Facsimile

Frank Costilla
SBT No.  04856500
Law Office of Frank Costilla
5 East Elizabeth Street
Brownsville, TX 78520
(956) 541-4982
(956) 544-3152

Ezequiel Reyna, Jr.
SBT No. 16794798
Law Offices of Ezequiel Reyna, Jr.
702 West Expressway 83
Weslaco, TX 78596
(956) 968-9556 Telephone
(956) 969-0492 Facsimile

CutePDF - www.cutepdf.com

# CERTIFIED COPY

Cause No. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF JESUS OCTAVIO DAVILA SANTOS, | § | |
| ZAIDETH MARGARITA DAVILA SANTOS, | § | |
| ANDREA DENISSE DAVILA SANTOS, | § | |
| AND VALERIA NAYEL DAVILA SANTOS, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA; | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF SERGIO ALBERTO | § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF OLIVIA LIZETH IBARRA VASQUEZ | § | |
| AND JESUS ALAN IBARRA VASQUEZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF VALANTE | § | |
| IBARRA IBARRA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC.; LAREDO | § | |
| QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE, INC.; | § | |
| AND BRIDGESTONE CORPORATION | § | |
| | § | |
| Defendants, | § | 404th JUDICIAL DISTRICT |

## DEFENDANT LUCENT TECHNOLOGIES, INC.'S
## MOTION FOR ATTORNEY TO SHOW AUTHORITY
## SUBJECT TO MOTION TO TRANSFER VENUE

# CERTIFIED COPY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** LUCENT TECHNOLOGIES, INC., one of the Defendants herein, and subject to its Motion to Transfer Venue, files this its Motion for Attorney to Show Authority, and in support of which would respectfully show this Honorable Court as follows:

I.

Plaintiffs herein are also Plaintiffs in Cause No. 1:01-CV-168, in the United States District Court for the Eastern District of Texas, Beaumont Division. Cause No. 1:01-CV-168, hereinafter referred to as the "Beaumont action" was originally filed by Plaintiffs on January 19, 2001, in the 128th Judicial Court of Orange County, Texas. A true and correct copy of Plaintiffs' Original Petition in that action is attached hereto as Exhibit 1 and incorporated herein by reference.

Thereafter, in timely fashion, Defendant removed the Orange County action to Federal Court. A true and correct copy of Defendant's Notice of Removal is attached hereto as Exhibit 2 and incorporated herein by reference.

II.

Attorneys for Plaintiffs in the Beaumont action are Ms. Dana R. Allison, The Allison Law Firm, 855 East Harrison, Brownsville, Texas 78520; Mr. Guy H. Allison, The Allison Law Firm, 920 Leopard Street, Corpus Christi, Texas 78401, and Mr. William B. Harrison, Esq., Law Offices of William B. Harrison, P.O. Drawer 2568, Corpus Christi, Texas 78403-2568. Please see Exhibit 1.

# CERTIFIED COPY

### III.

The Beaumont action is ongoing and has not been dismissed or remanded. No Motion to Substitute Counsel has been filed by the Plaintiffs attorneys therein; no Plaintiff has filed a Motion to Substitute Counsel. The accident which gave rise to the Beaumont action is the same accident cited for cause of action by Plaintiffs' attorneys herein. *See* Exhibit 1 and Plaintiffs' Original Petition herein.

### IV.

On information and belief, this Defendant believes that this action herein is being prosecuted without the authority of these Plaintiffs themselves. Pursuant to Rule 12, TEX.R.CIV.PRO.:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. The notice of the motion shall be served upon the challenged attorney at least ten days before the hearing on the motion. At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing.

Defendant moves this Honorable Court to require the appearance of Plaintiffs' counsel herein to show proof that they have the specific authority of these Plaintiffs to proceed with this action against this Defendant and all others named in Plaintiffs' First Amended Original Petition. Defendant further moves this Court to dismiss this action pursuant to Rule 12.

# CERTIFIED COPY

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that its Motion be sat down for hearing with 10 days notice afforded to Plaintiffs' counsel herein, that upon hearing of same this Motion be in all things granted, that this action be dismissed for want of authority from Plaintiffs to pursue it and for all other relief, both at law and in equity to which Defendant shows itself justly entitled.

Respectfully submitted,

BARKER, LEON, FANCHER
& MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437


F. Edward Barker
State Bar No. 01741000
Margery Huston
State Bar No. 10329500
Attorneys for Defendant
**LUCENT TECHNOLOGIES, INC.**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE AUG - 2 2001
BY _____
DEPUTY

Defendant Lucent Technologies' Motion for Attorney to Show Authority
page -4-

# CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Texas Rules of Civil Procedure on this the 25 day of June ,

2001, to all counsel of record as follows:

Michael A. Caddell
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

Frank Costilla
LAW OFFICE OF FRANK COSTILLA
5 East Elizabeth Street
Brownsville, Texas 78520

Ezequiel Reyna, Jr.
LAW OFFICES OF EZEQUIEL REYNA, JR.
702 West Expresseay 83
Weslaco, Texas 78596

F. Edward Barker

Defendant Lucent Technologies' Motion for Attorney to Show Authority
page -5-

# CERTIFIED COPY

THE STATE OF TEXAS   }

COUNTY OF NUECES   }

BEFORE ME, the undersigned authority, on this day personally appeared F. EDWARD

BARKER, who being by me duly sworn, on his oath deposed and said that he is an attorney for

Lucent Technologies, Inc., in the above-entitled and numbered cause; that he has read the foregoing

Motion for Attorney to Show Authority; and that the statements contained in Paragraphs I, II, and

III are within his personal knowledge and are true and correct and the statement contained within

Paragraph IV, based upon information and belief, is also true and correct.

_____

F. Edward Barker

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 28th day of June, 2001.

_____

Notary Public in and for the State of Texas.

# CERTIFIED COPY

CAUSE NO. A 01 0031-C

| | |
|---|---|
| MARIA OLIVIA VASQUEZ, INDIVIDUALLY§<br>AND AS REPRESENTATIVE OF THE §<br>ESTATE OF VALENTE IBARRA IBARRA, §<br>DECEASED, AND AS NEXT FRIEND OF §<br>OLIVIA LIZETH IBARRA VAZQUEZ AND §<br>JESUS ALAN IBARRA VASQUEZ, MINOR §<br>CHILDREN §<br>§<br>MARGARITA SANTOS DAVILA, §<br>INDIVIDUALLY AND AS REPRE- §<br>SENTATIVE OF THE ESTATE OF JESUS §<br>DAVILA PAZ, DECEASED, AND AS NEXT§<br>FRIEND OF OCTAVIO HIPOLITO DAVILA §<br>SANTOS, ZAIDETH MARGARITA DAVILA §<br>SANTOS, ANDREA DENISSE DAVILA §<br>SANTOS, AND VALERIA NAYEL DAVILA §<br>SANTOS, MINOR CHILDREN; §<br>§<br>ETHNA ZULEYMA PEREZ LARA, §<br>INDIVIDUALLY AND AS §<br>REPRESENTATIVE OF THE ESTATE §<br>OF SERGIO ALBERTO ZAVALA §<br>PONCE, DECEASED, AND AS NEXT §<br>FRIEND OF SERGIO ALBERTO ZAVALA §<br>PEREZ, MINOR CHILD; §<br>§<br>MARIO ALBERTO §<br>VILLAGRAN TREVINO AND §<br>EVANGELINA CASTRO DE VILLEGRAN, §<br>INDIVIDUALLY AND AS §<br>REPRESENTATIVES OF THE ESTATE §<br>OF GABRIELA VILLAGRAN CASTRO, §<br>DECEASED; §<br>§<br>JESSICA JUAREZ AND OSCAR JUAREZ, §<br>INDIVIDUALLY AND AS REPRESENTA- §<br>TIVE OF THE ESTATE OF IVONNE §<br>JUAREZ, DECEASED; §<br>§<br>VS. §<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br>FILED<br>VICKIE EDGERLY<br>'01 JAN 19 AM 10:56<br>DISTRICT CLERK<br>ORANGE COUNTY, TEXAS<br>BY _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br>128 TH JUDICIAL DISTRICT COURT |

Allison/Lucent/Pleading/POP

Page 1



# CERTIFIED COPY

BRIDGESTONE/FIRESTONE, INC.,    §
GENERAL MOTORS CORPORATION,    §
LUCENT TECHNOLOGIES, INC.,    §
LUCENT TECHNOLOGIES    §
MAQUILADORAS, INC.    §    ORANGE COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Maria Olivia Vasquez, Individually and as representative of the Estate of

Valente Ibarra Ibarra, Deceased, and as next friend of Olivia Lizeth Ibarra Vazquez

and Jesus Alan Ibarra Vasquez, minor children, Margarita Santos Davila, Individually

and as representative of the Estate of Jesus Davila Paz, Deceased, and as next

friend of Octavio Hipolito Davila Santos, Zaideth Margarita Davila Santos, Andrea

Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children, and Ethna

Zuleyma Perez Lara, Individually and as representative of the Estate of Sergio

Alberto Zavala Ponce, Deceased, and as next friend of Sergio Alberto Zavala Perez,

minor child, Mario Alberto, Villagran Trevino, and Evangelina Castro de Villegran,

Individually and as representatives of the Estate of Gabriela Villagran Castro,

Deceased, and Jessica Juarez and Oscar Juarez, Individually and as

Representatives of the Estate of Ivonne Juarez, Deceased, collectively referred to

as the Plaintiffs, file their Plaintiffs' Original Petition complaining of

Bridgestone/Firestone Tire, Inc. (Defendant Firestone), General Motors Corporation

(Defendant General Motors), Lucent Technologies, Inc., and Lucent Technologies

# CERTIFIED COPY

(Defendants Lucent), hereinafter collectively referred to as Defendants. Plaintiffs

show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 2 pursuant to Texas

Rule of Civil Procedure 190.3. Plaintiffs reserve the right to seek an order from this

Court to allow Plaintiffs to conduct discovery under Level 3, if the parties agree to

this designation or circumstances warrant it.

## II. PARTIES TO THIS LITIGATION

### A.    Plaintiffs

1.  Plaintiff MARIA OLIVIA VASQUEZ is an individual who is a citizen of

Monterrey, Nuevo Leon, Mexico. Plaintiff Vasquez is the legal spouse of Valente

Ibarra Ibarra, deceased, and the natural mother of OLIVIA LIZETH IBARRA

VASQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2.  Plaintiff MARGARITA SANTOS DAVILA is an individual who is a citizen of

Monterrey, Nuevo Leon, Mexico. Plaintiff is the legal spouse of Jesus Davila Paz,

deceased, and the natural mother of OCTAVIO HIPOLITO DAVILA SANTOS,

ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS,

and VALERIA NAYEL DAVILA SANTOS, minor children of the marriage.

3.  Plaintiff EHINA ZULEYMA PEREZ LARA is an individual who is a citizen

of Monterrey, Nuevo Leon, Mexico. Plaintiff is the legal spouse of Sergio Alberto

## CERTIFIED COPY

Zavala Ponce, deceased, and the natural mother of SERGIO ALBERTO ZAVALA PEREZ, a minor child of the marriage.

4. Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA CASTRO DE VILLAGRAN are individuals who are citizens of Monterrey, Nuevo Leon, Mexico. Plaintiffs are the natural parents of Gabriela Villagran Castro, deceased.

5. JESSICA JUAREZ and OSCAR JUAREZ are individuals who are citizens of Monterrey, Nuevo Leon, Mexico. Plaintiffs are the natural brother and sister of Ivonne Juarez, deceased.

## B.   Defendants

6. Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a corporation incorporated under the laws of the State of Ohio, and is authorized to do business and is doing business throughout the State of Texas. Defendant Firestone has declared its principal place of business to be Orange, Texas, Orange County. (See Exhibit 1) Defendant Firestone may be served with process by serving its registered agent for service, C.T.Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested. Service is requested at this time.

7. Defendant GENERAL MOTORS CORPORATION (Defendant GM) is a corporation organized and existing under the laws of Delaware, is authorized to

# CERTIFIED COPY

conduct business in the State of Texas, and may be served with process by serving its registered agent for service of process, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. Service is requested at this time.

8. Defendant LUCENT TECHNOLOGIES, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas, more particularly Harlingen, Texas and Brownsville, Texas. With regard to this incident, Defendant Lucent Technologies, Inc.'s place of business is Brownsville, Texas, in that all business activities are coordinated in Brownsville, Texas. Defendant Lucent Technologies, Inc. may be served with process by serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. Service is requested at this time.

9. Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas, more particularly Harlingen, Texas and Brownsville, Texas. With regard to this incident, Defendant Lucent Technologies Maquiladora, Inc.'s principle place of business is Brownsville, Texas, in that all business activities are coordinated in Brownsville, Texas. Defendant Lucent Technologies Maquiladora, Inc. may be served with process by

# CERTIFIED COPY

serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

10.     Defendants Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc. are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Lucent Technologies or Defendants Lucent.

## III.   VENUE

11.   Venue is proper in Orange, Orange County, Texas pursuant to Texas Civil Practices and Remedies Code, §§15.002(a)(3), 15.004, and 15.005.   Defendant Firestone has publicly declared that its principal place of business and principal office in the State of Texas is 1006 Farm Rd., Orange, Orange County, Texas.  See Exhibit 1.

12.   Since venue is proper against Defendant Firestone, this Court has venue as to all Defendants since Plaintiffs' claims arise out of  the same transaction, occurrence, or series of transactions or occurrences.

## IV.  BASIS FOR SUIT

13.  This suit is brought against the Defendants pursuant to the provisions of the Texas Wrongful Death and Survival Statutes, Chapter 71 of the Texas Civil Practices & Remedies Code, wherein the Plaintiffs, as statutory beneficiaries of the

# CERTIFIED COPY

decedents are entitled to bring suit on behalf of all persons entitled to be benefitted

by this action. TEX.CIV.PRAC. & REM. CODE §§ 71.001, 71.002, 71.004, AND 71.021.

## V.  BACKGROUND FACTS

14.    This lawsuit results from a one-car accident that occurred at

approximately 7:20 p.m. on August 12, 1999, in Cadereyta, Nuevo Leon, Distrito

Norte, Mexico.  At the time of the accident, the decedents, Sergio Alberto Zavala

Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and

Ivonne Juarez,  were passengers in a 1996 Chevrolet Suburban, owned and

operated by Defendants Lucent. The suburban was being driven by Carlos Ramirez

Villanueva, who was acting within the course and scope of his employment with

Defendants Lucent.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus

Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, the Decedents, were being

driven home from a one day seminar/training session with Defendants Lucent when

the right rear Bridgestone/Firestone tire on the 1996 Chevrolet Suburban

delaminated, causing the vehicle to lose control, roll over numerous times, and

fatally injure them.

15.  The 1996 Chevrolet Suburban and its Bridgestone/Firestone tires  were

owed and maintained by Defendants Lucent.   The driver was selected by

Defendants Lucent,  and the seminar was arranged by Defendants Lucent and

# CERTIFIED COPY

conducted by Defendants Lucent.  The Decedents were required, by Defendants Lucent,  to attend the seminar.

16.    Decisions as to the Decedents' attendance at the seminar, their transportation to and from the seminar, the driver and use of the suburban for their transportation, and other related matters were made by Defendants Lucent's managerial employees at their Brownsville, Texas location.   The Decedents systematically and routinely traveled to the Brownsville office of Defendants Lucent for their work.  The Decedents' work was performed for and to the benefit of Defendants Lucent.

17.    Contracts exist between Defendants Lucent and Servicios de Manufacturas de Monterrey, S.A. de C.V., hereinafter referred to as Servicios (the corporation that issued the Decedents' pay checks) which govern the relationship between  Defendants Lucent and the Decedents and establish the duties owed by Defendants Lucent to the Decedents.

18.   The contract between Defendants Lucent and Servicios (the "Texas Contract") was entered into at Brownsville, Texas, and Defendants Lucent were assigned all rights and obligations under the Texas Contract by virtue of an assignment entered into in Brownsville, Texas.

19.   The Texas Contract provides that Defendants Lucent provide the following services, among others, to Servicios, including the Decedents:

# CERTIFIED COPY

(a) advise and assist in determining the number and types of employees necessary to operate and manage the Lucent facility, and the scope and requirements of assignments and positions;

(b) advise and assist in the establishment of purchasing procedures for Defendant Lucent;

(c) advise and assist in the operation of the Lucent facility;

(d) advise and assist in the establishment of maintenance practices and procedures;

(e) provide training for supervisory and production personnel; and

(f) advise and assist in the installation of and operational training for new equipment.

Defendants Lucent's decisions regarding the implementation of the Texas Contract resulted in the August 1999 incident in which Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez were killed.

## VI. BRIDGESTONE/FIRESTONE'S NEGLIGENCE

20. Plaintiffs assert claims against Defendant Firestone on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the tire's properties.

21. Defendant Firestone is engaged in the business of engineering, designing, manufacturing, fabricating, selling, marketing, providing quality control,

# CERTIFIED COPY

and inspecting the tire, I.D. number P235/75R15 M&S [DOT V6HLB4A296].   The right rear tire on the 1996 Chevrolet Suburban that delaminated was defectively and improperly designed.  The tire may also have been defectively manufactured.  No adequate quality control was exercised by Defendant Firestone with regard to this tire.

22.   The tire,  I.D. number P235/75R15 M&S [DOT V6HLB4A296] was installed and maintained on the 1996 Chevrolet Suburban, owned by Defendants Lucent.   The tire was defective at the time it was released into the stream of commerce.

23.  The tire's dangerous condition rendered it unreasonably dangerous in that it was  defectively designed, defectively manufactured, defective in materials, inadequately inspected, and in a defective condition when it was released into the stream of commerce.  These conditions were all a producing cause of the injuries and damages of the Plaintiffs.

24.   Defendant Firestone expressly and impliedly warranted to the public generally that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

CERTIFIED COPY

25.   Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant Firestone's breach of these warranties.

26.  The representations made by Defendant Firestone were false, misleading, and deceptive in that the tire was of inferior design, quality, and materials, was not properly inspected or manufactured, and was in a defective condition.  Moreover, the tire did not have the necessary qualities and characteristics to be deemed safe for use at the time it was released into the stream of commerce..

27.  The misrepresentations made by Defendant Firestone violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.  The violations include misrepresentations that the goods have benefits,  characteristics, or uses which they do not have, that the goods are of a particular standard, quality, or grade when they are of another, and that the goods are of a particular style or model when they are not.

28.   In the design, manufacturing, marketing, and inspection of the tire, Defendant Firestone engaged in an unconscionable action or course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of ultimate users, including the Decedents, to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the tire was of merchantable quality

## CERTIFIED COPY

and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

29.   Defendant Firestone's conduct was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the tire was unsafe and unfit for the purpose intended.

30.   Each of these acts and omissions, singularly or in combination, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

31.   Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

### VI.  GENERAL MOTORS' NEGLIGENCE

32.   Plaintiffs assert claims against Defendant General Motors on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the Chevrolet Suburban's properties.

33.   Defendant General Motors is engaged in the business of engineering, developing, researching, designing, manufacturing, assembling, fabricating, selling, marketing, inspecting, providing quality control, and  testing the Chevrolet Suburban. The right rear tire on the 1996 Chevrolet Suburban delaminated, and this tire was

# CERTIFIED COPY

designated by General Motors as an appropriate tire for its vehicle when the tire was not an appropriate choice. No adequate testing and quality control was exercised by Defendant General Motors with regard to its vehicle and its choice of tire.

34. The vehicle was defective and unreasonably dangerous, as these terms are defined by law, and such condition of the vehicle was a producing cause of the incident which caused the Decedents' deaths and their relatives' injuries. The vehicle was defective at the time it was released into the stream of commerce.

35. Defendant General Motors expressly and impliedly warranted to the public generally that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban was an appropriate choice for its vehicle and that the combination of vehicle and tire was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

36. Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant General Motor's breach of these warranties.

37. The representations made by Defendant General Motors were false, misleading, and deceptive in that the vehicle was defective and unreasonably dangerous when released into the stream of commerce. Moreover, the vehicle did not have the necessary qualities and characteristics to be deemed safe for use at the time it was released into the stream of commerce..

# CERTIFIED COPY

38. The misrepresentations made by Defendant General Motors violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA. The violations include misrepresentations that the goods have characteristics, uses, or benefits which they do not have, that the goods are of a particular standard, quality, or grade when they are of another, and that the goods are of a particular style or model when they are not.

39. In the design, manufacturing, marketing, and inspection of the vehicle, Defendant General Motors engaged in an unconscionable action or course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of ultimate users, including the Decedents, to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the vehicle was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

40. Defendant General Motor's conduct was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the vehicle was unsafe and unfit for the purpose intended.

41. Each of these acts and omissions, singularly or in combination, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

# CERTIFIED COPY

42.  Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VII. LUCENT'S NEGLIGENCE

43.  Plaintiffs assert claims against Defendants Lucent by virtue of the acts and omissions of Lucent's managerial employees.

44.  Defendants Lucent failed to exercise ordinary and reasonable care in the supervision and control of its employees, failed to repair and maintain the suburban, failed to properly train its driver as to the safe operation of the vehicle, and failed to instruct its driver as to safety procedures.

45.  Defendants Lucent, through its driver, violated road safety laws; as such, they are liable to Plaintiffs under the doctrine of negligence per se.

46.  Defendants Lucent selected the vehicle and tires and provided the vehicle and tires to its employees for purposes of transporting Servicios employees on the highways, both in Texas and in Mexico.  Defendants Lucent were negligent in improperly maintaining the vehicle and tires.  Defendants Lucent were negligent by providing an unsafe vehicle for transportation of the Decedents.

47.  Defendants Lucent's negligence, negligence per se, and gross negligence were a proximate cause of the horrific injuries to the Decedents and their families.

CERTIFIED COPY

## VIII.  DAMAGES

48.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were tragically killed as a result of all Defendants' misconduct.  Each decedent endured conscious physical pain and suffering, emotional distress and mental anguish, fear, the anticipation of death, and death.  Their injuries alone far exceed the jurisdictional limits of this Court.

49.  Additionally, each estate has incurred funeral and burial expenses.

50.  Also, the wrongful death beneficiaries have suffered mental anguish and emotional distress, loss of society, loss of companionship, loss of financial support, loss of the decedents' estate, loss of consortium, loss of parental guidance, loss of earning capacity, medical expenses, and burial expenses.

51.  Plaintiffs also seek punitive damages for the Defendants' malicious conduct and gross neglect.  Moreover, Plaintiffs seek prejudgment interest, postjudgment interest, their attorneys' fees and expenses, and costs of Court.

52.  Lastly, Plaintiffs request a jury trial and assert that all conditions precedent have occurred or been performed.

**CERTIFIED COPY**

Respectfully submitted,

THE ALLISON LAW FIRM
855 East Harrison
Brownsville, Texas 78520
(956) 541-8338 (telephone)
(956) 541-2535 (facsimile)

DANA R. ALLISON
State Bar No. 12235280
LEAD COUNSEL FOR PLAINTIFFS

THE ALLISON LAW FIRM
920 Leopard Street
Corpus Christi, Texas 78401
(361) 884-8900 (telephone)
(361) 888-6543 (facsimile)

GUY H. ALLISON
State Bar No. 01086000
LEAD COUNSEL FOR PLAINTIFFS

LAW OFFICES OF WILLIAM B. HARRISON
920 Leopard Street
Corpus Christi, Texas 78401
(361) 883-2777 (telephone)
(361) 883-2781 (facsimile)

WILLIAM B. HARRISON
State Bar No. 09125100
CO-COUNSEL FOR PLAINTIFFS

# CERTIFIED COPY

3333

05-163
(Rev. 11-09-16)

a. T Code  ☒  05870

0024215.1543

**TEXAS FRANCHISE TAX**
**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report

|  | Do not write in the space above |
|---|---|
| c. Taxpayer identification number | d. Report year |
| 1-34-0220440-1 | 2000 |
| e. PIR / IND ☒  1, 2, 3, 4 | |

Corporation name and address

BRIDGESTONE/FIRESTONE, INC.
50 CENTURY BLVD.

NASHVILLE       TN  37214

| Secretary of State file number or, if none, Comptroller number |
|---|
| Item k on Franchise Tax Report form, Page 1 | g = 1-34-0220440 |

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.

☐ Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

**Corporation's principal office**
50 CENTURY BLVD., NASHVILLE, TN 37124
**Principal place of business**
1006 FARM RD., ORANGE, TX 77630

**SECTION A.** Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| ONO, MASATOSHI | CEO | ☒ YES | |
| **MAILING ADDRESS** | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.  NASHVILLE  TN  37214 | | | |
| **NAME** SHIBATA, KENJI | **TITLE** PRES | **DIRECTOR** ☒ YES | Social Security No. (Optional) |
| **MAILING ADDRESS** | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.  NASHVILLE  TN  37214 | | | |
| **NAME** ANOO, TETSUO | **TITLE** TREAS | **DIRECTOR** ☒ YES | Social Security No. (Optional) |
| **MAILING ADDRESS** | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.  NASHVILLE  TN  37214 | | | |
| **NAME** THOMAS, DAVID | **TITLE** SEC. | **DIRECTOR** ☐ YES | Social Security No. (Optional) |
| **MAILING ADDRESS** | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.  NASHVILLE  TN  37214 | | | |
| **NAME** SEELE, DAVID | **TITLE** CONTROLLER-TAX | **DIRECTOR** ☐ YES | Social Security No. (Optional) |
| **MAILING ADDRESS** | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.  NASHVILLE  TN  37214 | | | |

**SECTION B.** List each corporation in which this reporting corporation owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. If none, enter "NONE." Use additional sheets if necessary.

| Name of owned (subsidiary) corporation | State of Incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| LIST ATTACHED | | | 0.0000 |
| Name of owned (subsidiary) corporation | | | 0.0000 |

**SECTION C.** List each corporation that owns an interest of ten percent (10%) or more in this reporting corporation. Enter the information requested for each corporation. If none, enter "NONE." Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of Incorporation | Texas S.O.S. file number | Percentage Interest |
|---|---|---|---|
| BRIDGESTONE CORPORATION | | | 100.0000 |

Registered agent and registered office currently on file. (Changes must be filed separately with the Secretary of State.)

Agent:  CT CORPORATION
Office:  350 NORTH ST. PAUL STREET      DALLAS
         TX  75201

☐ Check here if you need forms to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or a related corporation.

| Sign here | Officer, director, or other authorized person | Title CONTROLLER-TAX | Date 8-24-00 | Daytime phone (Area code & No.) 615-872-1596 |
|---|---|---|---|---|

TX51621   H1F 2660L
Copyright 1999 Greatland/Notas CF - Forms Software Only

DTTTLLC



# CERTIFIED COPY

# COMPTROLLER OF PUBLIC ACCOUNTS

### P.O. BOX 13528
### AUSTIN, TX 78711-3528

THE STATE OF TEXAS                    §

COUNTY OF TRAVIS                      §


I, Arthur M. Hernandez, Section Supervisor of the Open Government Division of the Comptroller of Public Accounts of the State of Texas, DO HEREBY CERTIFY AND ATTEST, I am custodian of all tax records and files of the Comptroller of Public Accounts.

I FURTHER CERTIFY that the attached document is a true and correct copy of the microfilmed reproduction of the public information report filed by Bridgestone/Firestone, Inc., taxpayer number 1-34-0220440-1 for the 2000 report year.

I FURTHER CERTIFY that this document was authorized by law to be filed and was actually filed in a public office.


IN TESTIMONY WHEREBY, I have hereunto signed my name officially and caused to be impressed hereon the seal of my office on this 22nd day of September, 2000.


Arthur M. Hernandez, Section Supervisor
Open Government Division
Comptroller of Public Accounts



AMH:jr

an equal opportunity employer

# CERTIFIED COPY

FILED

VICKIE EDGERLY

IN THE UNITED STATES DISTRICT COURT '01   MAR 19   AM 10 :05
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION                    DISTRICT CL___
                                      ORANGE COUNTY, T___

BY _

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| MARIA OLIVIA VASQUEZ, et al.,        | § |                          |
|                                      | § |                          |
| Plaintiffs,                          | § |                          |
|                                      | § |                          |
| v.                                   | § | CIVIL CASE NO. _____ |
|                                      | § |                          |
| BRIDGESTONE/FIRESTONE, INC.,         | § | NOTICE OF REMOVAL        |
| GENERAL MOTORS CORPORATION;          | § |                          |
| LUCENT TECHNOLOGIES, INC.;           | § |                          |
| LUCENT TECHNOLOGIES                  | § |                          |
| MAQUILADORAS, INC.,                  | § |                          |
|                                      | § |                          |
| Defendants.                          | § |                          |

---

Defendants Lucent Technologies, Inc. ("Lucent") and Lucent Technologies Maquiladoras, Inc. ("LT Maquiladoras") (collectively the "Lucent Defendants"), by and through their counsel, F. Edward Barker, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby remove cause number A010031-C, captioned Vasquez, et al. v. Bridgestone/Firestone, Inc., et al., from the District Court of the 128th Judicial District, Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division. As grounds therefore, the Lucent Defendants state:

1.      Any civil action of which the district courts of the United States have original jurisdiction may be removed from state court to federal court. 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction of all actions between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

2.      The present action is between citizens of various American states and citizens of a foreign state. All plaintiffs are citizens of Mexico. (Plaintiffs' Original Petition at pp.3-4, ¶¶ 1-


DEFENDANT'S EXHIBIT

2

# CERTIFIED COPY

5; hereafter the "Complaint"; copy attached as Exhibit 1). None of the defendants is a citizen of Mexico.

    a.    Defendant Lucent is incorporated under the laws of the State of Delaware. (See Exhibit 1, Complaint at p.5, ¶ 8; Exhibit 2, Affidavit of Janet O'Rourke at ¶ 2). Notwithstanding the misleading allegations of paragraph 8 of the Complaint, Lucent maintains its principal place of business in New Jersey. (Exhibit 2, O'Rourke Affidavit at ¶ 2); see also Lucent Technologies, Inc. v. Lucentsucks.com, 95 F.Supp.2d 528, 529 (E.D. Va. 2000). Defendant Lucent is therefore a citizen of the States of Delaware and New Jersey. 28 U.S.C. § 1332(c).

    b.    Defendant LT Maquiladoras is incorporated under the laws of the State of Delaware. (Complaint at p.5, ¶ 9). Notwithstanding the erroneous and misleading allegations of paragraph 9 of the Complaint, defendant LT Maquiladoras maintains no place of business because it conducts no business. (Exhibit 2, Affidavit of Janet O'Rourke at ¶ 5). Defendant LT Maquiladoras is therefore a citizen of the State of Delaware.

    c.    Defendant Bridgestone/Firestone, Inc. ("Firestone") is incorporated under the laws of the State of Ohio. (Complaint at p.4, ¶ 6). Notwithstanding the erroneous allegation of paragraph 6 of the Complaint, Firestone maintains its principal place of business in Ohio. See Bridgestone/Firestone, Inc. v. Carr's Tire Service, Inc., 1992 WL 365512 at 1 (E.D. Pa. 1992) (not selected for official publication) (copy attached as Exhibit 3). Defendant Firestone is therefore a citizen of the State of Ohio.

CIMPDF - www.texisi.com

# CERTIFIED COPY

d.  Defendant General Motors Corporation ("GM") is incorporated under the laws of

the State of Delaware and maintains its principal place of business in Michigan. (Exhibit

1, Complaint at p.4, ¶ 7).  See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58,

95 L.Ed 2d 55, 107 S.Ct. 1542, 1545 (1987); Schwartz v. Electronic Data Systems, Inc.,

913 F.2d 279, 281 (6th Cir. 1990).  Defendant GM is therefore a citizen of the States of

Delaware and of Michigan.

3.  The amount in controversy in this action exceeds $75,000 exclusive of interest

and costs.  See 28 U.S.C. § 1332(a).  This is an action for wrongful death. (Complaint at pp.6-7,

¶ 13).  Plaintiffs are the surviving relatives and/or personal representatives of the estates of five

individuals who were killed in an automobile accident in Mexico. (Complaint at pp.3-4, ¶¶ 1-5).

Assuming that the plaintiffs could prove all of the allegations of their Complaint and that the

defendants had no defenses, each plaintiff could be expected to recover an amount exceeding

$75,000.  See McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); Garza v. Bettcher

Industries, Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990).

a.  The Lucent Defendants intend to argue that Mexican law governs all damages

issues in this case.  If Mexican law is applied, the amount recovered may not exceed

$75,000 per plaintiff.  See Zahn v. International Paper Co., 414 U.S. 291, 38 L.Ed.2d

511, 94 S. Ct. 505, 508 (1973)(each plaintiff must satisfy amount in controversy).

However, the amount in controversy is determined from the plaintiff's point of view and

assumes the success of all claims and the failure of all defenses.  Glenwood Light &

Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 60 L.Ed. 174, 36 S. Ct. 30,

32 (1915)(amount in controversy is determined from plaintiff's point of view); Myers v.

3

# CERTIFIED COPY

Long Island Lighting Co., 623 F. Supp. 1076, 1078-1079 (E.D.N.Y. 1985)(same); McGraw, supra, 863 F. Supp. at 434; Garza, supra, 752 F. Supp. at 763. Plaintiffs contend that Texas law applies. (Complaint at pp.6-7, ¶ 13). Under Texas law, each plaintiff could be expected to recover an amount exceeding $75,000.

b. Plaintiffs have admitted that the amount in controversy exceeds $75,000 exclusive of interest and costs. In March of 2000, plaintiffs filed a nearly identical complaint in the United States District Court for the Southern District of Texas, Brownsville Division. (See Plaintiffs' Original Complaint in Civil Case No. B-00-040; copy attached as Exhibit 4.) In that complaint, plaintiffs expressly affirm that the amount in controversy exceeds $75,000 exclusive of interest and costs. (Exhibit 4 at p.4, ¶ 11) In fact, plaintiffs sought damages in the amount of $250,000,000. (Exhibit 4 at p. 13, ¶ 48) The district court dismissed that case, however, due to a lack of diversity jurisdiction because the plaintiffs, citizens of Mexico, named a Mexican corporation as a defendant.

4. This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b). The 30-day period of 28 U.S.C. § 1446(b) begins to run from the time the first defendant is formally served with summons and a copy of the complaint. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 143 L.Ed.2d 448, 119 S. Ct. 1322, 1325, 1329-1330 (1999). Here, plaintiffs formally served defendants Lucent and LT Maquiladoras on February 20, 2001. (See Exhibit 5, Notice of Service of Process). According to documents filed with the clerk of the court for the 128th Judicial District, County of Orange, Texas, defendants Firestone and GM were served on February 28, 2001. This Notice of Removal has been filed within 30 days of the date

4

# CERTIFIED COPY

when plaintiffs formally served defendants Lucent and LT Maquiladoras, the first defendants to be served, with a summons and a copy of the Complaint.

5.     This Notice of Removal is filed by defendants Lucent and LT Maquildaoras. It is the understanding of undersigned counsel that defendants Firestone and GM concur in this removal and will be joining herein.

6.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed with the Clerk of the District Court for the 128th Judicial District, Orange County, Texas, in cause number A010031-C, Vasquez et al. v. Bridgestone/Firestone, Inc. et al. Also pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been mailed to Dana R. Allison, Guy H. Allison, and William B. Harrison, attorneys of record for the plaintiffs, at the addresses shown on the attached certificate of mailing.

7.     Trial of this matter has not been set.

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. § 1441, defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc., respectfully request that this Court assume jurisdiction of this case for all purposes.

Dated this 16 day of March, 2001.

CMxPDF – www.tesisx.com

# CERTIFIED COPY

Respectfully submitted,

_____

F. Edward Barker
Barker, Leon, Fancher & Matthys, L.L.P.
Suite 2100, South Tower
800 N. Shoreline
Corpus Christie, TX  78401-3700
(361) 881-9217

ATTORNEYS FOR DEFENDANTS
LUCENT TECHNOLOGIES INC and
LUCENT TECHNOLOGIES
MAQUILADORAS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16 day of March, 2001, a true and correct copy of the foregoing NOTICE OF REMOVAL, was placed in the U.S. Mail, postage prepaid, addressed to the following:

Dana R. Allison, Esq.
The Allison Law Firm
855 East Harrison
Brownsville, TX  78520

Guy H. Allison, Esq.
The Allison Law Firm
920 Leopard Street
Corpus Christi, TX  78401

William B. Harrison, Esq.
Law Offices of William B. Harrison
920 Leopard Street
P. O. Drawer 2568
Corpus Christi, TX  78403-2568

_____

H:\Docs\ATT\MEXICO\Plead\Texas federal court\notice of removal.doc

CERTIFIED COPY

FILED

VICKIE EDGERLY

'01  MAR 19  A10 :05

DISTRICT CLE K
ORANGE COUNTY. TEXAS

BY _____

| | |
|---|---|
| DISTRICT COURT FOR THE 128th<br>JUDICIAL DISTRICT, COUNTY OF<br>ORANGE, STATE OF TEXAS<br><br>MARIA OLIVIA VASQUEZ, et. al.<br><br>    Plaintiffs,<br>v.<br><br>BRIDGESTONE/FIRESTONE, INC.,<br>GENERAL MOTORS CORPORATION;<br>LUCENT TECHNOLOGIES, INC.; LUCENT<br>TECHNOLOGIES MAQUILADORAS, INC.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

§ CIVIL CAUSE NO. A010031-C

§ NOTICE OF FILING NOTICE OF
§ REMOVAL

---

Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc. (collectively the "Lucent Defendants"), by and through their counsel, F. Edward Barker, hereby give notice pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 that they have removed this action to the United States District Court for the Eastern District of Texas, Beaumont Division (hereafter the "Federal Court"). This Court shall conduct no further action herein absent further direction from the Federal Court. A copy of the Notice of Removal which the Lucent Defendants filed in the Federal Court is attached hereto.

Dated this 16 day of March, 2001.

1

CERTIFIED COPY

Respectfully submitted,

BARKER, LEON, FANCHER
    & MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

F. Edward Barker
State Bar No. 01741000

Attorney for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.

## CERTIFICATE OF SERVICE

I certify that on March 16, 2001, a complete and correct copy of **Notice of Filing Notice of Removal** was served on each party by delivery to the following attorneys of record in the manner indicated below:

**Certified Mail/RRR No. 7000 0600 0022 8019 2508**
Dana R. Allison, Esq.
The Allison Law Firm
855 East Harrison
Brownsville, Texas 78520

**Certified Mail/RRR No. 7000 0600 0022 8019 2492**
Guy H. Allison, Esq.
The Allison Law Firm
920 Leopard Street
Corpus Christi, Texas 78401

**Certified Mail/RRR No. 7000 0600 0022 8019 2485**
William B. Harrison, Esq.
Law Offices of William B. Harrison
P.O. Drawer 2568
Corpus Christi, Texas 78403-2568

2

# CERTIFIED COPY

**Certified Mail/RRR No. 7000 0600 0022 8019 2478**

Mr. Kyle Dreyer
Hartline, Dacus, Dreyer & Kern, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

**Certified Mail/RRR No. 7000 0600 0022 8019 2461**

Mr. Knox Nunnally
Vinson & Elkins
Attorneys at Law
2300 First City Tower
1001 Fannin
Houston, Texas 77002-6760

**Certified Mail/RRR No. 7000 0600 0022 8019 2454**

Mr. Luis M. Cardenas
Ellis, Koeneke & Ramirez, L.L.P.
1101 Chicago
McAllen, Texas 78501-4822

F. Edward Barker

3

CVisPDF – www.fastio.com

# CERTIFIED COPY

Cause No. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF JESUS OCTAVIO DAVILA SANTOS, | § | |
| ZAIDETH MARGARITA DAVILA SANTOS, | § | |
| ANDREA DENISSE DAVILA SANTOS, | § | |
| AND VALERIA NAYEL DAVILA SANTOS, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA; | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF SERGIO ALBERTO | § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF OLIVIA LIZETH IBARRA VASQUEZ | § | |
| AND JESUS ALAN IBARRA VASQUEZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF VALANTE | § | |
| IBARRA IBARRA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC.; LAREDO | § | |
| QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE, INC.; | § | |
| AND BRIDGESTONE CORPORATION | § | |
| | § | |
| Defendants, | § | 404th JUDICIAL DISTRICT |

## DEFENDANT LUCENT TECHNOLOGIES MAQUILADORAS, INC.'S SPECIAL APPEARANCE TO PRESENT MOTION OBJECTING TO JURISDICTION AND ORIGINAL ANSWER, SUBJECT THERETO

# CERTIFIED COPY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** LUCENT TECHNOLOGIES MAQUILADORAS, INC., one of the Defendants herein, and makes this Special Appearance under the authority of Rule 120a, TEX.R.CIV.PRO., for the purpose of objecting to the jurisdiction of the Court over the person and property of Defendant and as grounds shows the following:

## I.

This special appearance is made to the entire proceeding.

## II.

This special appearance is filed prior to any motion to transfer or any other plea, pleading, or motion filed by this Defendant.

## III.

This Court does not have jurisdiction over this Defendant because this Defendant is not amendable to process issued by the courts of Texas in that:

1.      This Defendant is not a resident of Texas.[1]

2.      Defendant does not now engage and has not engaged in business in Texas or committed any tort, in whole or in part, within the state.

3.      Defendant does not maintain a place of business in Texas, and has no employees, servants, or agents within the state.

---

[1] Although this Defendant does maintain a registered agent for service in the State, this fact is not dispositive of whether it does now or has ever conducted business in the State.

Lucent Maquiladoras' Special Appearance
page -2-

# CERTIFIED COPY

### IV.

Attached hereto as Exhibit 1 and incorporated herein by reference is the affidavit of Janet O'Rourke, Assistant Secretary of Lucent Technologies, Inc., the Law Division of Lucent. Exhibit 1 establishes that Lucent Technologies Maquiladoras, Inc. was a U.S. corporation incorporated in Delaware as wholly owned subsidiary of Lucent Technologies International, Inc. Exhibit 1 further establishes that Lucent Technologies Maquiladoras, Inc. has never had any employees, nor has it ever conducted business in Mexico or the United States.

### V.

The assumption of jurisdiction by the Court over this Defendant and its property would offend traditional notions of fair play and substantial justice, depriving this Defendant of due process as guaranteed by the Constitution of the United States.

For these reasons, Defendant Lucent Technologies Maquiladoras, Inc. requests that the Court set this motion for hearing, and that after hearing, the Court grant this motion and dismiss the entire proceeding for want of jurisdiction.

### DEFENDANT LUCENT TECHNOLOGIES MAQUILADORAS, INC.'S ORIGINAL ANSWER, SUBJECT TO SPECIAL APPEARANCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Subject to the foregoing Special Appearance and without waiving the same, now comes LUCENT TECHNOLOGIES MAQUILADORAS, INC., one of the Defendants in the above-styled and numbered cause, and file this its Original Answer, and for cause would respectfully show this Honorable Court as follows:

# CERTIFIED COPY

I.

Subject to such stipulations and admissions as may hereinafter be made, this Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiffs be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as is required by the Constitution and Laws of the State of Texas; and this Defendant hereby demands a trial by jury.

**WHEREFORE**, PREMISES CONSIDERED, Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. prays that upon a final hearing hereof Plaintiffs recover nothing of and from this Defendant and that the Court enter a judgment that Defendant go hence without day with all costs of court and expenses incurred herein; for election of credit, apportionment of percentage responsibility, reduction, limitation and/or contribution; and for all such further relief, general, special, legal and equitable which might be appropriate.

Respectfully submitted,

BARKER, LEON, FANCHER
& MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

F. Edward Barker
State Bar No. 01741000
Margery Huston
State Bar No. 10329500
Attorneys for Defendant
**LUCENT TECHNOLOGIES
MAQUILADORAS, INC.**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
DATE AUG - 2 2001
BY_____ DEPUTY

Lucent Maquiladoras' Special Appearance
page -4-

# CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the 28th day of June, 2001, to all counsel of record as follows:

Michael A. Caddell
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

Frank Costilla
LAW OFFICE OF FRANK COSTILLA
5 East Elizabeth Street
Brownsville, Texas 78520

Ezequiel Reyna, Jr.
LAW OFFICES OF EZEQUIEL REYNA, JR.
702 West Expresseay 83
Weslaco, Texas 78596


F. Edward Barker

)     **CERTIFIED COPY**     )

| | |
|---|---|
| MARIA OLIVIA VASQUEZ, et al. | § |
| | § |
| VS. | § |
| | § |
| BRIDGESTONE/FIRESTONE, INC., | § |
| GENERAL MOTORS CORPORATION, | § |
| LUCENT TECHNOLOGIES, INC., | § |
| LUCENT TECHNOLOGIES | § |
| MAQUILADORAS, INC., | § |
| | § |
| | § |
| | § |

### AFFIDAVIT OF JANET O'ROURKE

| | |
|---|---|
| County of Somerset | ) |
| | ) |
| | ) |
| State of New Jersey | ) ss:. |

1.     I am an Assistant Secretary of Lucent Technologies Inc.("Lucent"), the Law Division of Lucent. Lucent, as a company listed on a national stock exchange, is required by the Securities & Exchange Commission ("SEC") to keep and annually to file a list of all its direct and indirect subsidiary companies. It is part of my regular duties to assist in the maintenance of the corporate records of Lucent and its subsidiary companies for that and other purposes. Accordingly, I have regular access to corporate records and I make this affidavit based upon personal knowledge and inspection of Lucent's corporate records and in support of the motion of Lucent Technologies Inc. to dismiss the complaint in this matter.

2.     Lucent Technologies Inc. was incorporated in Delaware on November 29, 1995 under the name "NS-MPG Inc." At that time, it was a wholly owned subsidiary of AT&T Corp. It officially changed its name to Lucent Technologies Inc. on February 5, 1996. Its principal place of business is at 600 Mountain Avenue, Murray Hill, New Jersey 07974. Its stock first traded on the New York Stock Exchange on April 4, 1996. It ceased being a subsidiary of AT&T Corp. on



DEFENDANT'S EXHIBIT *1 to Special Appearance*

## CERTIFIED COPY

September 30, 1996. From that time to the present, it has not been a subsidiary of any other company.

3. Lucent Technologies Inc. does not do business in Mexico, own any facilities or vehicles in Mexico, nor employ any full-time employees in Mexico. Most business done outside the United States under the name of "Lucent" is conducted by subsidiary companies and all foreign facilities bearing the Lucent logo are owned by subsidiary companies. For example, Lucent's principal subsidiary doing business in Mexico is Lucent Technologies de Mexico, S.A. de C.V. with headquarters in Mexico City.

4. At no time did Lucent Technologies Inc. or Lucent Technologies Maquiladoras Inc. own a vehicle described as a white 1996 Chevrolet Suburban with Mexican license plate #RNN1580.

5. Lucent Technologies Maquiladoras Inc. ("Maquiladoras") was a US corporation incorporated in Delaware on October 14, 1983. At that time, it was a wholly owned subsidiary of AT&T International Inc. ( now known as Lucent Technologies International Inc. ("LTII") . LTII is a wholly owned subsidiary of Lucent Technologies Inc. It has never had any employees nor has it ever conducted any business either in the U.S. or Mexico since its formation.

_Janet O'Rourke_
Janet O'Rourke

Sworn to before me this
14th day of March 14, 2001

_Deborah F. Pavlik_
Notary Public

DEBORAH F. PAVLIK
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 6/12/2005

2

CVisPDF – www.favisio.com

CERTIFIED COPY

Cause No. 2001-02-897-G

IN THE DISTRICT COURT

MARGARITA SANTOS DAVILA,
INDIVIDUALLY, AND AS NEXT FRIEND
OF JESUS OCTAVIO DAVILA SANTOS,
ZAIDETH MARGARITA DAVILA SANTOS,
ANDREA DENISSE DAVILA SANTOS,
AND VALERIA NAYEL DAVILA SANTOS,
AND ALL AS REPRESENTATIVES OF
THE ESTATE OF JESUS DAVILA PAZ;
ETHNA ZULEYMA PEREZ LARA,
INDIVIDUALLY AND AS NEXT FRIEND
OF SERGIO ALBERTO ZAVALA PEREZ,
AND ALL AS REPRESENTATIVES OF
THE ESTATE OF SERGIO ALBERTO
ZAVALA; MARIA OLIVIA VASQUEZ,
INDIVIDUALLY AND AS NEXT FRIEND
OF OLIVIA LIZETH IBARRA VASQUEZ,
AND JESUS ALAN IBARRA VASQUEZ
AND ALL AS REPRESENTATIVES OF
THE ESTATE OF VALANTE
IBARRA IBARRA

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Plaintiffs,

h

of

VS.

LUCENT TECHNOLOGIES, INC.;
LUCENT TECHNOLOGIES
MAQUILADORAS, INC.; LAREDO
QUALITY TRANSFER SERVICES, INC.;
BRIDGESTONE/FIRESTONE, INC.;
AND BRIDGESTONE CORPORATION

Defendants,

CAMERON COUNTY, TEXAS

404th JUDICIAL DIST

LUCE.

Plaintiff

TEX.CIV.

TEX.CIV.P

**WH**

this Motion to

County, Texas.

**DEFENDANT LUCENT TECHNOLOGIES, INC.'S
MOTION TO TRANSFER VENUE AND
ORIGINAL ANSWER, SUBJECT THERETO**

Lucent Technologies' Moti

CERTIFIED COPY

Cause No. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF JESUS OCTAVIO DAVILA SANTOS, | § | |
| ZAIDETH MARGARITA DAVILA SANTOS, | § | |
| ANDREA DENISSE DAVILA SANTOS, | § | |
| AND VALERIA NAYEL DAVILA SANTOS, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA; | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF SERGIO ALBERTO | § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF OLIVIA LIZETH IBARRA VASQUEZ | § | |
| AND JESUS ALAN IBARRA VASQUEZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF VALANTE | § | |
| IBARRA IBARRA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC.; LAREDO | § | |
| QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE, INC.; | § | |
| AND BRIDGESTONE CORPORATION | § | |
| | § | |
| Defendants, | § | 404th JUDICIAL DISTRICT |

**DEFENDANT LUCENT TECHNOLOGIES, INC.'S
MOTION TO TRANSFER VENUE AND
ORIGINAL ANSWER, SUBJECT THERETO**

# CERTIFIED COPY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** LUCENT TECHNOLOGIES, INC., one of the Defendants herein, and files this its Motion to Transfer Venue herein, and for cause would respectfully show this Honorable Court as follows:

## I.

Defendant expressly denies the venue facts alleged by Plaintiffs in its First Amended Petition, particularly including, but without limitation, the statement that "venue for this action is proper in Cameron County. . . " Plaintiffs have failed to plead with specificity any facts which would establish proper venue in Cameron County, Texas, and, in fact, Cameron County is not a county of either proper or mandatory venue.

In that regard, Defendant would show that Defendant LUCENT TECHNOLOGIES, INC., has never had its principal office in Cameron County, and did not so have at the time of the accrual of the cause of action (if any).

## II.

Subject to and without waiving the foregoing, Defendant would show that Defendant LUCENT TECHNOLOGIES, INC., is not a natural person, and, at the time of the accrual of Plaintiffs' cause of action, if any, maintained its principal office, pursuant to §15.001(a), TEX.CIV.PRAC.& REM.CODE, in Dallas County. Therefore, pursuant to §15.002(a)(3) and §15.005, TEX.CIV.PRAC.& REM.CODE, Dallas County is a county of proper venue in this cause.

**WHEREFORE,** PREMISES CONSIDERED, it is prayed that this Honorable Court sustain this Motion to Transfer Venue and that this lawsuit be transferred to the District Court of Dallas County, Texas.

# CERTIFIED COPY

## DEFENDANT LUCENT TECHNOLOGIES, INC.'S
## ORIGINAL ANSWER,
## SUBJECT TO MOTION TO TRANSFER VENUE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Subject to the foregoing Motion to Transfer Venue and without waiving the same, now comes LUCENT TECHNOLOGIES, INC., one of the Defendants in the above-styled and numbered cause, and files this its Original Answer, and for cause would respectfully show this Honorable Court as follows:

I.

Subject to such stipulations and admissions as may hereinafter be made, this Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiffs be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as is required by the Constitution and Laws of the State of Texas; and this Defendant hereby demands a trial by jury.

**WHEREFORE**, PREMISES CONSIDERED, Defendant LUCENT TECHNOLOGIES, INC. prays that upon a final hearing hereof Plaintiffs recover nothing of and from this Defendant and that the Court enter a judgment that Defendant go hence without day with all costs of court and expenses incurred herein; for election of credit, apportionment of percentage responsibility, reduction, limitation and/or contribution; and for all such further relief, general, special, legal and equitable which might be appropriate.

CIVPDF - www.fseio.com

# CERTIFIED COPY

Respectfully submitted,

BARKER, LEON, FANCHER
    & MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

F. Edward Barker
State Bar No. 01741000
Margery Huston
State Bar No. 10329500
Attorneys for Defendant
**LUCENT TECHNOLOGIES, INC.**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE AUG - 2 2001
BY _____ DEPUTY

# CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the 28th day of June, 2001, to all counsel of record as follows:

Michael A. Caddell
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

Frank Costilla
LAW OFFICE OF FRANK COSTILLA
5 East Elizabeth Street
Brownsville, Texas 78520

Ezequiel Reyna, Jr.
LAW OFFICES OF EZEQUIEL REYNA, JR.
702 West Expresseay 83
Weslaco, Texas 78596

F. Edward Barker

CUtePDF - www.fastio.com

Case 1:01-cv-00140   Document 1   Filed in TXSD on 08/14/2001   Page 208 of 245

# CERTIFIED COPY

Cause No. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF JESUS OCTAVIO DAVILA SANTOS, | § | |
| ZAIDETH MARGARITA DAVILA SANTOS, | § | |
| ANDREA DENISSE DAVILA SANTOS, | § | |
| AND VALERIA NAYEL DAVILA SANTOS, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA; | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF SERGIO ALBERTO | § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF OLIVIA LIZETH IBARRA VASQUEZ | § | |
| AND JESUS ALAN IBARRA VASQUEZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF VALANTE | § | |
| IBARRA IBARRA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC.; LAREDO | § | |
| QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE, INC.; | § | |
| AND BRIDGESTONE CORPORATION | § | |
| | § | |
| Defendants, | § | 404th JUDICIAL DISTRICT |

**DEFENDANT LUCENT TECHNOLOGIES, INC.'S
PLEA IN ABATEMENT, SUBJECT TO ITS
MOTION TO TRANSFER VENUE**

# CERTIFIED COPY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES LUCENT TECHNOLOGIES, INC., one of the Defendants herein, and files

this its Plea in Abatement, Subject to its Motion to Transfer Venue, and, for cause, would

respectfully show this Honorable Court as follows:

## I.

This action was filed in state court in Cameron County on February 20, 2001. Plaintiffs in

this action are Margarita Santos Davila, Individually, and as Next Friend of Jesus Octavio Davila

Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila

Santos, and all as Representatives of The Estate of Jesus Davila Paz; Ethna Zuleyma Perez Lara,

Individually, and as Next Friend of Sergio Alberto Zavala Perez, and all as Representatives of the

Estate of Sergio Alberto Zavala; Maria Olivia Vasquez, Individually and as Next Friend of Olivia

Lizeth Ibarra Vasquez and Jesus Alan Ibarra Vasquez, and all as Representatives of the Estate of

Valante Ibarra Ibarra.

## II.

However, prior to filing the action herein, these same Plaintiffs, on January 19, 2001, filed

an action against this Defendant and others in the 128th Judicial District Court of Orange County,

Texas. The first filed action arises out of the same accident made the basis of this action. The filing

of the Orange County lawsuit predates Plaintiffs' filing in Cameron County. A true and correct copy

of Plaintiffs' Orange County Petition is attached hereto as Exhibit 1 and incorporated herein by

reference.

Thereafter, in timely fashion, Defendant removed the Orange County lawsuit to the Federal

District Court for the Eastern District of Texas, Beaumont Division. A true and correct copy of the

Notice of Removal is attached hereto as Exhibit 2 and incorporated herein by reference.

# CERTIFIED COPY

### III.

These two lawsuits constitute the same case. As the Court can see in examining the pleadings in both cases, many of the same parties are involved. Both lawsuits arise out of a motor vehicle accident which occurred in Mexico on August 12, 1999. The two actions therefore arise out of the same transaction or occurrence. Your Defendant is a party defendant in both actions.

### IV.

It is not in the interest of justice for both of these actions to proceed simultaneously. Scarce judicial resources will be used in both the federal case and the state case in the administration of these actions. This Defendant will be required to defend itself in two different venues as the result of this one occurrence.

### V.

As a matter of comity, it is the custom in this state for the court in which the later action is filed to stay proceedings until the earlier filed action is determined. *Space Master International, Inc. v. Porta-Kamp Manufacturing Co.,* 794 S.W.2d 944 (Tex.App. - Houston [1st Dist.] 1990, no writ). *Alpine Gulf, Inc. v. Valentino,* 563 S.W.2d 358 (Tex.App. - Houston [14th Dist.] 1978, writ ref'd, n.r.e.). Therefore, Defendant moves this Honorable Court to abate this action until such time as the Orange County action, now pending in federal court, is determined.

**WHEREFORE,** PREMISES CONSIDERED, Defendant LUCENT TECHNOLOGIES, INC., prays that upon a final hearing hereof, this Honorable Court sustain this Defendant's Plea in Abatement, Subject to its Motion to Transfer Venue, and that this Defendant go hence without day; and for all such further relief, general, special, legal and equitable which might be appropriate.

# CERTIFIED COPY

Respectfully submitted,

BARKER, LEON, FANCHER
   & MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

F. Edward Barker
State Bar No. 01741000
Margery Huston
State Bar No. 10329500
Gilberto Hinojosa
State Bar No. 09701100
Attorneys for Defendants
**LUCENT TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the 13th day of July, 2001, to all counsel of record as follows:

Michael A. Caddell
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

Frank Costilla
LAW OFFICE OF FRANK COSTILLA
5 East Elizabeth Street
Brownsville, Texas 78520

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE AUG - 2 2001
BY _____ DEPUTY

Davila/Lucent Technologies' Plea in Abatement
Page -4-

CERTIFIED COPY

Ezequiel Reyna, Jr.
LAW OFFICES OF EZEQUIEL REYNA, JR.
702 West Expresseay 83
Weslaco, Texas 78596

Mr. Richard Morales
602 E. Colton Road
Laredo, Texas 78041

F. Edward Barker

# CERTIFIED COPY

**THE STATE OF TEXAS**     §

**COUNTY OF NUECES**     §

    **BEFORE ME**, the undersigned authority, on this day personally appeared F. EDWARD

BARKER, who being by me duly sworn, on his oath deposed and said that he is the attorney for

Lucent Technologies, Inc., in the above-entitled and numbered cause; that he has read the foregoing

Plea in Abatement and that the statements contained in Paragraphs I, II and III are within his

personal knowledge and are true and correct.

                                        F. Edward Barker

**GIVEN UNDER MY HAND AND SEAL OF OFFICE** this _12th_ day of July, 2001.

                                     **Notary Public in and for the State of Texas.**

# CERTIFIED COPY

CAUSE NO. A 01 0031-C

| | |
|---|---|
| MARIA OLIVIA VASQUEZ, INDIVIDUALLY§<br>AND AS REPRESENTATIVE OF THE §<br>ESTATE OF VALENTE IBARRA IBARRA, §<br>DECEASED, AND AS NEXT FRIEND OF §<br>OLIVIA LIZETH IBARRA VAZQUEZ AND §<br>JESUS ALAN IBARRA VASQUEZ, MINOR §<br>CHILDREN §<br>§<br>MARGARITA SANTOS DAVILA, §<br>INDIVIDUALLY AND AS REPRE- §<br>SENTATIVE OF THE ESTATE OF JESUS §<br>DAVILA PAZ, DECEASED, AND AS NEXT §<br>FRIEND OF OCTAVIO HIPOLITO DAVILA §<br>SANTOS, ZAIDETH MARGARITA DAVILA §<br>SANTOS, ANDREA DENISSE DAVILA §<br>SANTOS, AND VALERIA NAYEL DAVILA §<br>SANTOS, MINOR CHILDREN; §<br>§<br>ETHNA ZULEYMA PEREZ LARA, §<br>INDIVIDUALLY AND AS §<br>REPRESENTATIVE OF THE ESTATE §<br>OF SERGIO ALBERTO ZAVALA §<br>PONCE, DECEASED, AND AS NEXT §<br>FRIEND OF SERGIO ALBERTO ZAVALA §<br>PEREZ, MINOR CHILD; §<br>§<br>MARIO ALBERTO §<br>VILLAGRAN TREVINO AND §<br>EVANGELINA CASTRO DE VILLEGRAN, §<br>INDIVIDUALLY AND AS §<br>REPRESENTATIVES OF THE ESTATE §<br>OF GABRIELA VILLAGRAN CASTRO, §<br>DECEASED; §<br>§<br>JESSICA JUAREZ AND OSCAR JUAREZ, §<br>INDIVIDUALLY AND AS REPRESENTA- §<br>TIVE OF THE ESTATE OF IVONNE §<br>JUAREZ, DECEASED; §<br>§<br>VS. §<br>§ | IN THE DISTRICT COURT<br><br><br><br><br><br><br><br><br><br>FILED<br>VICKIE EDGERLY<br>'01 JAN 19 AM 10:56<br>DISTRICT CLERK<br>ORANGE COUNTY, TEXAS<br>BY:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>128 TH JUDICIAL DISTRICT COURT |

Allison/Lucent/Pleading/POP                                                Page 1



## CERTIFIED COPY

BRIDGESTONE/FIRESTONE, INC.,        §
GENERAL MOTORS CORPORATION,         §
LUCENT TECHNOLOGIES, INC.,          §
LUCENT TECHNOLOGIES                 §
MAQUILADORAS, INC.                  §    ORANGE COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Maria Olivia Vasquez, Individually and as representative of the Estate of Valente Ibarra Ibarra, Deceased, and as next friend of Olivia Lizeth Ibarra Vazquez and Jesus Alan Ibarra Vasquez, minor children, Margarita Santos Davila, Individually and as representative of the Estate of Jesus Davila Paz, Deceased, and as next friend of Octavio Hipolito Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children, and Ethna Zuleyma Perez Lara, Individually and as representative of the Estate of Sergio Alberto Zavala Ponce, Deceased, and as next friend of Sergio Alberto Zavala Perez, minor child, Mario Alberto, Villagran Trevino, and Evangelina Castro de Villegran, Individually and as representatives of the Estate of Gabriela Villagran Castro, Deceased, and Jessica Juarez and Oscar Juarez, Individually and as Representatives of the Estate of Ivonne Juarez, Deceased, collectively referred to as the Plaintiffs, file their Plaintiffs' Original Petition complaining of Bridgestone/Firestone Tire, Inc. (Defendant Firestone), General Motors Corporation (Defendant General Motors), Lucent Technologies, Inc., and Lucent Technologies

# CERTIFIED COPY

(Defendants Lucent), hereinafter collectively referred to as Defendants.  Plaintiffs

show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

1.   Plaintiffs intend to conduct discovery under Level 2 pursuant to Texas

Rule of Civil Procedure 190.3.  Plaintiffs reserve the right to seek an order from this

Court to allow Plaintiffs to conduct discovery under Level 3, if the parties agree to

this designation or circumstances warrant it.

## II. PARTIES TO THIS LITIGATION

### A.      Plaintiffs

1.   Plaintiff MARIA OLIVIA VASQUEZ is an individual who is a citizen of

Monterrey, Nuevo Leon, Mexico.  Plaintiff Vasquez is the legal spouse of Valente

Ibarra Ibarra, deceased, and the natural mother of OLIVIA LIZETH IBARRA

VASQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2.  Plaintiff MARGARITA SANTOS DAVILA is an individual who is a citizen of

Monterrey, Nuevo Leon, Mexico.  Plaintiff is the legal spouse of Jesus Davila Paz,

deceased, and the natural mother of OCTAVIO HIPOLITO DAVILA SANTOS,

ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS,

and VALERIA NAYEL DAVILA SANTOS, minor children of the marriage.

3.  Plaintiff EHINA ZULEYMA PEREZ LARA is an individual who is a citizen

of Monterrey, Nuevo Leon, Mexico.  Plaintiff is the legal spouse of Sergio Alberto

# CERTIFIED COPY

Zavala Ponce, deceased, and the natural mother of SERGIO ALBERTO ZAVALA

PEREZ, a minor child of the marriage.

4. Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA

CASTRO DE VILLAGRAN are individuals who are citizens of Monterrey, Nuevo

Leon, Mexico. Plaintiffs are the natural parents of Gabriela Villagran Castro,

deceased.

5. JESSICA JUAREZ and OSCAR JUAREZ are individuals who are citizens

of Monterrey, Nuevo Leon, Mexico. Plaintiffs are the natural brother and sister of

Ivonne Juarez, deceased.

## B.     Defendants

6. Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is

a corporation incorporated under the laws of the State of Ohio, and is authorized to

do business and is doing business throughout the State of Texas. Defendant

Firestone has declared its principal place of business to be Orange, Texas, Orange

County. (See Exhibit 1) Defendant Firestone may be served with process by

serving its registered agent for service, C.T.Corp. System, 350 N. St. Paul, Dallas,

Texas 75201, by certified mail, return receipt requested. Service is requested at this

time.

7. Defendant GENERAL MOTORS CORPORATION (Defendant GM) is a

corporation organized and existing under the laws of Delaware, is authorized to

# CERTIFIED COPY

conduct business in the State of Texas, and may be served with process by serving

its registered agent for service of process, C.T. Corporation System, 350 N. St. Paul

Street, Dallas, Texas 75201.  Service is requested at this time.

8. Defendant LUCENT TECHNOLOGIES, INC. is a corporation incorporated

under the laws of the State of Delaware, and is authorized to do business and is

doing business within the State of Texas, more particularly Harlingen, Texas and

Brownsville, Texas.  With regard to this incident, Defendant Lucent Technologies,

Inc.'s place of business is Brownsville, Texas, in that all business activities are

coordinated in Brownsville, Texas.  Defendant Lucent Technologies, Inc. may be

served with process by serving its registered agent for service, Prentice Hall

Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return

receipt requested.  Service is requested at this time.

9.   Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a

corporation incorporated under the laws of the State of Delaware, and is authorized

to do business and is doing business within the State of Texas, more particularly

Harlingen, Texas and Brownsville, Texas.  With regard to this incident, Defendant

Lucent Technologies Maquiladora, Inc.'s principle place of business is Brownsville,

Texas, in that all business activities are coordinated in Brownsville, Texas.

Defendant Lucent Technologies Maquiladora, Inc. may be served with process by

# CERTIFIED COPY

serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested.

10.    Defendants Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc. are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Lucent Technologies or Defendants Lucent.

## III.   VENUE

11.  Venue is proper in Orange, Orange County, Texas pursuant to Texas Civil Practices and Remedies Code, §§15.002(a)(3), 15.004, and 15.005.  Defendant Firestone has publicly declared that its principal place of business and principal office in the State of Texas is 1006 Farm Rd., Orange, Orange County, Texas.  See Exhibit 1.

12.  Since venue is proper against Defendant Firestone, this Court has venue as to all Defendants since Plaintiffs' claims arise out of  the same transaction, occurrence, or series of transactions or occurrences.

## IV. BASIS FOR SUIT

13.  This suit is brought against the Defendants pursuant to the provisions of the Texas Wrongful Death and Survival Statutes, Chapter 71 of the Texas Civil Practices & Remedies Code, wherein the Plaintiffs, as statutory beneficiaries of the

# CERTIFIED COPY

decedents are entitled to bring suit on behalf of all persons entitled to be benefitted by this action. TEX.CIV.PRAC. & REM. CODE §§ 71.001, 71.002, 71.004, AND 71.021.

## V.  BACKGROUND FACTS

14.    This lawsuit results from a one-car accident that occurred at approximately 7:20 p.m. on August 12, 1999, in Cadereyta, Nuevo Leon, Distrito Norte, Mexico.  At the time of the accident, the decedents, Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez,  were passengers in a 1996 Chevrolet Suburban, owned and operated by Defendants Lucent.  The suburban was being driven by Carlos Ramirez Villanueva, who was acting within the course and scope of his employment with Defendants Lucent.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, the Decedents, were being driven home from a one day seminar/training session with Defendants Lucent when the right rear Bridgestone/Firestone tire on the 1996 Chevrolet Suburban delaminated, causing the vehicle to lose control, roll over numerous times, and fatally injure them.

15.  The 1996 Chevrolet Suburban and its Bridgestone/Firestone tires  were owed and maintained by Defendants Lucent.   The driver was selected by Defendants Lucent,  and the seminar was arranged by Defendants Lucent and

# CERTIFIED COPY

conducted by Defendants Lucent.  The Decedents were required, by Defendants Lucent,  to attend the seminar.

16.    Decisions as to the Decedents' attendance at the seminar, their transportation to and from the seminar, the driver and use of the suburban for their transportation, and other related matters were made by Defendants Lucent's managerial employees at their Brownsville, Texas location.   The Decedents systematically and routinely traveled to the Brownsville office of Defendants Lucent for their work.   The Decedents' work was performed for and to the benefit of Defendants Lucent.

17.    Contracts exist between Defendants Lucent and Servicios de Manufacturas de Monterrey, S.A. de C.V., hereinafter referred to as Servicios (the corporation that issued the Decedents' pay checks) which govern the relationship between  Defendants Lucent and the Decedents and establish the duties owed by Defendants Lucent to the Decedents.

18.   The contract between Defendants Lucent and Servicios (the "Texas Contract") was entered into at Brownsville, Texas, and Defendants Lucent were assigned all rights and obligations under the Texas Contract by virtue of an assignment entered into in Brownsville, Texas.

19.   The Texas Contract provides that Defendants Lucent provide the following services, among others, to Servicios, including the Decedents:

CERTIFIED COPY

(a)     advise and assist in determining the number and types of employees necessary to operate and manage the Lucent facility, and the scope and requirements of assignments and positions;

(b)     advise and assist in the establishment of purchasing procedures for Defendant Lucent;

(c)     advise and assist in the operation of the Lucent facility;

(d)     advise and assist in the establishment of maintenance practices and procedures;

(e)     provide training for supervisory and production personnel; and

(f)     advise and assist in the installation of and operational training for new equipment.

Defendants Lucent's decisions regarding the implementation of the Texas Contract resulted in the August 1999 incident in which Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez were killed.

## VI.  BRIDGESTONE/FIRESTONE'S NEGLIGENCE

20.   Plaintiffs assert claims against Defendant Firestone on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the tire's properties.

21.   Defendant Firestone is engaged in the business of engineering, designing, manufacturing, fabricating, selling, marketing, providing quality control,

# CERTIFIED COPY

and inspecting the tire, I.D. number P235/75R15 M&S [DOT V6HLB4A296].   The

right rear tire on the 1996 Chevrolet Suburban that delaminated was defectively and

improperly designed.  The tire may also have been defectively manufactured.  No

adequate quality control was exercised by Defendant Firestone with regard to this

tire.

22.   The tire,  I.D. number P235/75R15 M&S [DOT V6HLB4A296] was

installed and maintained on the 1996 Chevrolet Suburban, owned by Defendants

Lucent.   The tire was defective at the time it was released into the stream of

commerce.

23.  The tire's dangerous condition rendered it unreasonably dangerous in that

it was   defectively designed, defectively manufactured, defective in materials,

inadequately inspected, and in a defective condition when it was released into the

stream of commerce.  These conditions were all a producing cause of the injuries

and damages of the Plaintiffs.

24.   Defendant Firestone expressly and impliedly warranted to the public

generally that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban

was of merchantable quality and was safe and fit for the purpose intended when

used under ordinary conditions and in an ordinary manner.

# CERTIFIED COPY

25.    Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant Firestone's breach of these warranties.

26.  The representations made by Defendant Firestone were false, misleading, and deceptive in that the tire was of inferior design, quality, and materials, was not properly inspected or manufactured, and was in a defective condition. Moreover, the tire did not have the necessary qualities and characteristics to be deemed safe for use at the time it was released into the stream of commerce..

27.  The misrepresentations made by Defendant Firestone violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.  The violations include misrepresentations that the goods have benefits, characteristics, or uses which they do not have, that the goods are of a particular standard, quality, or grade when they are of another, and that the goods are of a particular style or model when they are not.

28.  In the design, manufacturing, marketing, and inspection of the tire, Defendant Firestone engaged in an unconscionable action or course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of ultimate users, including the Decedents, to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the tire was of merchantable quality

CERTIFIED COPY

and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

29. Defendant Firestone's conduct was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the tire was unsafe and unfit for the purpose intended.

30. Each of these acts and omissions, singularly or in combination, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

31. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VI. GENERAL MOTORS' NEGLIGENCE

32. Plaintiffs assert claims against Defendant General Motors on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the Chevrolet Suburban's properties.

33. Defendant General Motors is engaged in the business of engineering, developing, researching, designing, manufacturing, assembling, fabricating, selling, marketing, inspecting, providing quality control, and testing the Chevrolet Suburban. The right rear tire on the 1996 Chevrolet Suburban delaminated, and this tire was

CUIdPDF - www.fasto.com

# CERTIFIED COPY

designated by General Motors as an appropriate tire for its vehicle when the tire was not an appropriate choice. No adequate testing and quality control was exercised by Defendant General Motors with regard to its vehicle and its choice of tire.

34. The vehicle was defective and unreasonably dangerous, as these terms are defined by law, and such condition of the vehicle was a producing cause of the incident which caused the Decedents' deaths and their relatives' injuries. The vehicle was defective at the time it was released into the stream of commerce.

35. Defendant General Motors expressly and impliedly warranted to the public generally that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban was an appropriate choice for its vehicle and that the combination of vehicle and tire was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

36. Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant General Motor's breach of these warranties.

37. The representations made by Defendant General Motors were false, misleading, and deceptive in that the vehicle was defective and unreasonably dangerous when released into the stream of commerce. Moreover, the vehicle did not have the necessary qualities and characteristics to be deemed safe for use at the time it was released into the stream of commerce..

# CERTIFIED COPY

38. The misrepresentations made by Defendant General Motors violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA. The violations include misrepresentations that the goods have characteristics, uses, or benefits which they do not have, that the goods are of a particular standard, quality, or grade when they are of another, and that the goods are of a particular style or model when they are not.

39. In the design, manufacturing, marketing, and inspection of the vehicle, Defendant General Motors engaged in an unconscionable action or course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of ultimate users, including the Decedents, to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the vehicle was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

40. Defendant General Motor's conduct was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the vehicle was unsafe and unfit for the purpose intended.

41. Each of these acts and omissions, singularly or in combination, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

# CERTIFIED COPY

42.  Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VII. LUCENT'S NEGLIGENCE

43.  Plaintiffs assert claims against Defendants Lucent by virtue of the acts and omissions of Lucent's managerial employees.

44.  Defendants Lucent failed to exercise ordinary and reasonable care in the supervision and control of its employees, failed to repair and maintain the suburban, failed to properly train its driver as to the safe operation of the vehicle, and failed to instruct its driver as to safety procedures.

45.  Defendants Lucent, through its driver, violated road safety laws; as such, they are liable to Plaintiffs under the doctrine of negligence per se.

46.  Defendants Lucent selected  the vehicle and tires and provided the vehicle and tires to its employees for purposes of transporting Servicios employees on the highways, both in Texas and in Mexico.  Defendants Lucent were negligent in improperly maintaining the vehicle and tires. Defendants Lucent were negligent by providing an unsafe vehicle for transportation of the Decedents.

47.  Defendants Lucent's negligence, negligence per se, and gross negligence were a proximate cause of the horrific injuries to the Decedents and their families.

# CERTIFIED COPY

## VIII.  DAMAGES

48.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were tragically killed as a result of all Defendants' misconduct.  Each decedent endured conscious physical pain and suffering, emotional distress and mental anguish, fear, the anticipation of death, and death.  Their injuries alone far exceed the jurisdictional limits of this Court.

49.  Additionally, each estate has incurred funeral and burial expenses.

50.  Also, the wrongful death beneficiaries have suffered mental anguish and emotional distress, loss of society, loss of companionship, loss of financial support, loss of the decedents' estate, loss of consortium, loss of parental guidance, loss of earning capacity, medical expenses, and burial expenses.

51.  Plaintiffs also seek punitive damages for the Defendants' malicious conduct and gross neglect.  Moreover, Plaintiffs seek prejudgment interest, postjudgment interest, their attorneys' fees and expenses, and costs of Court.

52.  Lastly, Plaintiffs request a jury trial and assert that all conditions precedent have occurred or been performed.

# CERTIFIED COPY

Respectfully submitted,

THE ALLISON LAW FIRM
855 East Harrison
Brownsville, Texas 78520
(956) 541-8338 (telephone)
(956) 541-2535 (facsimile)

DANA R. ALLISON
State Bar No. 12235280
LEAD COUNSEL FOR PLAINTIFFS

THE ALLISON LAW FIRM
920 Leopard Street
Corpus Christi, Texas 78401
(361) 884-8900 (telephone)
(361) 888-6543 (facsimile)

GUY H. ALLISON
State Bar No. 01086000
LEAD COUNSEL FOR PLAINTIFFS

LAW OFFICES OF WILLIAM B. HARRISON
920 Leopard Street
Corpus Christi, Texas 78401
(361) 883-2777 (telephone)
(361) 883-2781 (facsimile)

WILLIAM B. HARRISON
State Bar No. 09125100
CO-COUNSEL FOR PLAINTIFFS

Case 1:01-cv-00140   Document 1   Filed in TXSD on 08/14/2001   Page 231 of 245

# CERTIFIED COPY

3333

0024215 1543

05-102
(Rev. 11-98/14)

4. T Code ☒ 05870

**TEXAS FRANCHISE TAX**
**PUBLIC INFORMATION REPORT**
MUST be filed with your Corporation Franchise Tax Report

Corporation name and address

BRIDGESTONE/FIRESTONE, INC.
50 CENTURY BLVD.

NASHVILLE          TN  37214

Do not write in the space above

| c. Taxpayer Identification number | d. Report year |
|---|---|
| 1-34-0220440-1 | 2000 |

e. PIR / IND #   1, 2, 3, 4

| Secretary of State file number or, if none, Comptroller number |
|---|
| Item k on Franchise Tax Report form, Page 1   g. #   1-34-0220440 |

The following information MUST be provided for the Secretary of State (S.O.S.) by each corporation that files a Texas Corporation Franchise Tax Report. The information will be available for public inspection.

"SECTION A" MUST BE COMPLETE AND ACCURATE.
If preprinted information is not correct, please type or print the correct information.

☐ Check here if there are currently no changes to the information preprinted in Sections A, B, and C of this report.

Corporation's principal office
50 CENTURY BLVD., NASHVILLE, TN 37124

Principal place of business
1006 FARM RD., ORANGE, TX 77630

**SECTION A.** Name, title and mailing address of each officer and director. Use additional sheets, if necessary.

| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
|---|---|---|---|
| ONO, MASATOSHI | CEO | ☒ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| SHIBATA, KENJI | PRES | ☒ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| ANDO, TETSUO | TREAS | ☒ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37216 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| THOMAS, DAVID | SEC. | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |
| NAME | TITLE | DIRECTOR | Social Security No. (Optional) |
| SEELE, DAVID | CONTROLLER-TAX | ☐ YES | |
| MAILING ADDRESS | | | Expiration date (mm-dd-yy) |
| 50 CENTURY BLVD.   NASHVILLE   TN   37214 | | | |

**SECTION B.** List each corporation in which this reporting corporation owns an interest of ten percent (10%) or more. Enter the information requested for each corporation. If none, enter "NONE." Use additional sheets if necessary.

| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
|---|---|---|---|
| LIST ATTACHED | | | 0.0000 |
| Name of owned (subsidiary) corporation | State of incorporation | Texas S.O.S. file number | 0.0000 |

**SECTION C.** List each corporation that owns an interest of ten percent (10%) or more in this reporting corporation. Enter the information requested for each corporation. If none, enter "NONE." Use additional sheets, if necessary.

| Name of owning (parent) corporation | State of incorporation | Texas S.O.S. file number | Percentage interest |
|---|---|---|---|
| BRIDGESTONE CORPORATION | | | 100.0000 |

Registered agent and registered office currently on file. (Changes must be filed separately with the Secretary of State.)

Agent: CT CORPORATION
Office: 350 NORTH ST. PAUL STREET   DALLAS
TX  75201                           ☐ Check here if you need forms to change this information.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief and that a copy of this report has been mailed to each person named in this report who is an officer or director and who is not currently employed by this corporation or a related corporation.

| sign here ▶ | Officer, director or other authorized person | Title CONTROLLER-TAX | Date 8-24-00 | Daytime phone (Area code & no.) 615-872-1590 |
|---|---|---|---|---|

XS1021   M1F 2600

Copyright 1999 Greatland/Nelco LP • Forms Software Only

DTTTLLC



# CERTIFIED COPY

## COMPTROLLER OF PUBLIC ACCOUNTS

### P.O. BOX 13528
### AUSTIN, TX 78711-3528

THE STATE OF TEXAS                    §

COUNTY OF TRAVIS                    §

I, Arthur M. Hernandez, Section Supervisor of the Open Government Division of the Comptroller of Public Accounts of the State of Texas, DO HEREBY CERTIFY AND ATTEST, I am custodian of all tax records and files of the Comptroller of Public Accounts.

I FURTHER CERTIFY that the attached document is a true and correct copy of the microfilmed reproduction of the public information report filed by Bridgestone/Firestone, Inc., taxpayer number 1-34-0220440-1 for the 2000 report year.

I FURTHER CERTIFY that this document was authorized by law to be filed and was actually filed in a public office.

IN TESTIMONY WHEREBY, I have hereunto signed my name officially and caused to be impressed hereon the seal of my office on this 22nd day of September, 2000.

Arthur M. Hernandez, Section Supervisor
Open Government Division
Comptroller of Public Accounts



AMH:jr

an equal opportunity employer

# CERTIFIED COPY

**FILED**

VICKIE EDGERLY

'01  MAR 19  A10 :05

DISTRICT CLE ..
ORANGE COUNTY. T~ ~ A S

BY ___ .          .. ___ ---

DISTRICT COURT FOR THE 128th  §
JUDICIAL DISTRICT, COUNTY OF  §
ORANGE, STATE OF TEXAS  §
  §
MARIA OLIVIA VASQUEZ, et. al.  §
  §
   Plaintiffs,  §
v.  §  CIVIL CAUSE NO. A010031-C
  §
BRIDGESTONE/FIRESTONE, INC.,  §  **NOTICE OF FILING NOTICE OF**
GENERAL MOTORS CORPORATION;  §  **REMOVAL**
LUCENT TECHNOLOGIES, INC.; LUCENT  §
TECHNOLOGIES MAQUILADORAS, INC.,  §
  §
   Defendants.  §
  §
  §
  §

---

     Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc. (collectively the "Lucent Defendants"), by and through their counsel, F. Edward Barker, hereby give notice pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 that they have removed this action to the United States District Court for the Eastern District of Texas, Beaumont Division (hereafter the "Federal Court"). This Court shall conduct no further action herein absent further direction from the Federal Court. A copy of the Notice of Removal which the Lucent Defendants filed in the Federal Court is attached hereto.

     Dated this 16 day of March, 2001.

1



# CERTIFIED COPY

Respectfully submitted,

BARKER, LEON, FANCHER
   & MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

_____
F. Edward Barker
State Bar No. 01741000

Attorney for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.

## CERTIFICATE OF SERVICE

    I certify that on March 16, 2001, a complete and correct copy of **Notice of Filing Notice of Removal** was served on each party by delivery to the following attorneys of record in the manner indicated below:

    **Certified Mail/RRR No. 7000 0600 0022 8019 2508**
Dana R. Allison, Esq.
The Allison Law Firm
855 East Harrison
Brownsville, Texas 78520

    **Certified Mail/RRR No. 7000 0600 0022 8019 2492**
Guy H. Allison, Esq.
The Allison Law Firm
920 Leopard Street
Corpus Christi, Texas 78401

    **Certified Mail/RRR No. 7000 0600 0022 8019 2485**
William B. Harrison, Esq.
Law Offices of William B. Harrison
P.O. Drawer 2568
Corpus Christi, Texas 78403-2568

2

**CERTIFIED COPY**

**Certified Mail/RRR No. 7000 0600 0022 8019 2478**
Mr. Kyle Dreyer
Hartline, Dacus, Dreyer & Kern, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

**Certified Mail/RRR No. 7000 0600 0022 8019 2461**
Mr. Knox Nunnally
Vinson & Elkins
Attorneys at Law
2300 First City Tower
1001 Fannin
Houston, Texas 77002-6760

**Certified Mail/RRR No. 7000 0600 0022 8019 2454**
Mr. Luis M. Cardenas
Ellis, Koeneke & Ramirez, L.L.P.
1101 Chicago
McAllen, Texas 78501-4822

F. Edward Barker

3

CMdPDF - www.fastio.com

CERTIFIED COPY

FILED

VICKIE EDGERLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

'01 MAR 19 A10 :05

DISTRICT CL..
ORANGE COUNTY, T

| | | |
|---|---|---|
| MARIA OLIVIA VASQUEZ, et al., | § | BY |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. _____ |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | NOTICE OF REMOVAL |
| GENERAL MOTORS CORPORATION; | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC., | § | |
| | § | |
| Defendants. | § | |

Defendants Lucent Technologies, Inc. ("Lucent") and Lucent Technologies Maquiladoras, Inc. ("LT Maquiladoras") (collectively the "Lucent Defendants"), by and through their counsel, F. Edward Barker, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby remove cause number A010031-C, captioned <u>Vasquez, et al. v. Bridgestone/Firestone, Inc., et al.</u>, from the District Court of the 128th Judicial District, Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division. As grounds therefore, the Lucent Defendants state:

1.      Any civil action of which the district courts of the United States have original jurisdiction may be removed from state court to federal court. 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction of all actions between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

2.      The present action is between citizens of various American states and citizens of a foreign state. All plaintiffs are citizens of Mexico. (Plaintiffs' Original Petition at pp.3-4, ¶¶ 1-

# CERTIFIED COPY

5; hereafter the "Complaint"; copy attached as Exhibit 1). None of the defendants is a citizen of Mexico.

     a.     Defendant Lucent is incorporated under the laws of the State of Delaware. (See Exhibit 1, Complaint at p.5, ¶ 8; Exhibit 2, Affidavit of Janet O'Rourke at ¶ 2). Notwithstanding the misleading allegations of paragraph 8 of the Complaint, Lucent maintains its principal place of business in New Jersey. (Exhibit 2, O'Rourke Affidavit at ¶ 2); see also Lucent Technologies. Inc. v. Lucentsucks.com, 95 F.Supp.2d 528, 529 (E.D. Va. 2000). Defendant Lucent is therefore a citizen of the States of Delaware and New Jersey. 28 U.S.C. § 1332(c).

     b.     Defendant LT Maquiladoras is incorporated under the laws of the State of Delaware. (Complaint at p.5, ¶ 9). Notwithstanding the erroneous and misleading allegations of paragraph 9 of the Complaint, defendant LT Maquiladoras maintains no place of business because it conducts no business. (Exhibit 2, Affidavit of Janet O'Rourke at ¶ 5). Defendant LT Maquiladoras is therefore a citizen of the State of Delaware.

     c.     Defendant Bridgestone/Firestone, Inc. ("Firestone") is incorporated under the laws of the State of Ohio. (Complaint at p.4, ¶ 6). Notwithstanding the erroneous allegation of paragraph 6 of the Complaint, Firestone maintains its principal place of business in Ohio. See Bridgestone/Firestone, Inc. v. Carr's Tire Service, Inc., 1992 WL 365512 at 1 (E.D. Pa. 1992) (not selected for official publication) (copy attached as Exhibit 3). Defendant Firestone is therefore a citizen of the State of Ohio.

2

# CERTIFIED COPY

d.    Defendant General Motors Corporation ("GM") is incorporated under the laws of the State of Delaware and maintains its principal place of business in Michigan. (Exhibit 1, Complaint at p.4, ¶ 7).   See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 95 L.Ed 2d 55, 107 S.Ct. 1542, 1545 (1987); Schwartz v. Electronic Data Systems, Inc., 913 F.2d 279, 281 (6th Cir. 1990).   Defendant GM is therefore a citizen of the States of Delaware and of Michigan.

3.    The amount in controversy in this action exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a). This is an action for wrongful death. (Complaint at pp.6-7, ¶ 13). Plaintiffs are the surviving relatives and/or personal representatives of the estates of five individuals who were killed in an automobile accident in Mexico. (Complaint at pp.3-4, ¶¶ 1-5). Assuming that the plaintiffs could prove all of the allegations of their Complaint and that the defendants had no defenses, each plaintiff could be expected to recover an amount exceeding $75,000. See McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); Garza v. Bettcher Industries, Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990).

a.    The Lucent Defendants intend to argue that Mexican law governs all damages issues in this case.  If Mexican law is applied, the amount recovered may not exceed $75,000 per plaintiff.  See Zahn v. International Paper Co., 414 U.S. 291, 38 L.Ed.2d 511, 94 S. Ct. 505, 508 (1973)(each plaintiff must satisfy amount in controversy). However, the amount in controversy is determined from the plaintiff's point of view and assumes the success of all claims and the failure of all defenses.  Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 60 L.Ed. 174, 36 S. Ct. 30, 32 (1915)(amount in controversy is determined from plaintiff's point of view); Myers v.

3

CERTIFIED COPY

Long Island Lighting Co., 623 F. Supp. 1076, 1078-1079 (E.D.N.Y. 1985)(same); McGraw, supra, 863 F. Supp. at 434; Garza, supra, 752 F. Supp. at 763. Plaintiffs contend that Texas law applies. (Complaint at pp.6-7, ¶ 13). Under Texas law, each plaintiff could be expected to recover an amount exceeding $75,000.

b.      Plaintiffs have admitted that the amount in controversy exceeds $75,000 exclusive of interest and costs. In March of 2000, plaintiffs filed a nearly identical complaint in the United States District Court for the Southern District of Texas, Brownsville Division. (See Plaintiffs' Original Complaint in Civil Case No. B-00-040; copy attached as Exhibit 4.) In that complaint, plaintiffs expressly affirm that the amount in controversy exceeds $75,000 exclusive of interest and costs. (Exhibit 4 at p.4, ¶ 11) In fact, plaintiffs sought damages in the amount of $250,000,000.  (Exhibit 4 at p. 13, ¶ 48) The district court dismissed that case, however, due to a lack of diversity jurisdiction because the plaintiffs, citizens of Mexico, named a Mexican corporation as a defendant.

4.      This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b).  The 30-day period of 28 U.S.C. § 1446(b) begins to run from the time the first defendant is formally served with summons and a copy of the complaint.  Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 143 L.Ed.2d 448, 119 S. Ct. 1322, 1325, 1329-1330 (1999). Here, plaintiffs formally served defendants Lucent and LT Maquiladoras on February 20, 2001. (See Exhibit 5, Notice of Service of Process).   According to documents filed with the clerk of the court for the 128th Judicial District, County of Orange, Texas, defendants Firestone and GM were served on February 28, 2001. This Notice of Removal has been filed within 30 days of the date

## RTIFIED COPY

when plaintiffs formally served defendants Lucent and LT Maquiladoras, the first defendants to be served, with a summons and a copy of the Complaint.

5.     This Notice of Removal is filed by defendants Lucent and LT Maquildaoras. It is the understanding of undersigned counsel that defendants Firestone and GM concur in this removal and will be joining herein.

6.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed with the Clerk of the District Court for the 128th Judicial District, Orange County, Texas, in cause number A010031-C, <u>Vasquez et al. v. Bridgestone/Firestone, Inc. et al.</u> Also pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been mailed to Dana R. Allison, Guy H. Allison, and William B. Harrison, attorneys of record for the plaintiffs, at the addresses shown on the attached certificate of mailing.

7.     Trial of this matter has not been set.

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. § 1441, defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc., respectfully request that this Court assume jurisdiction of this case for all purposes.

Dated this 16 day of March, 2001.

# CERTIFIED COPY

Respectfully submitted,

_____

F. Edward Barker
Barker, Leon, Fancher & Matthys, L.L.P.
Suite 2100, South Tower
800 N. Shoreline
Corpus Christie, TX 78401-3700
(361) 881-9217

ATTORNEYS FOR DEFENDANTS
LUCENT TECHNOLOGIES INC and
LUCENT TECHNOLOGIES
MAQUILADORAS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16 day of March, 2001, a true and correct copy of the foregoing NOTICE OF REMOVAL, was placed in the U.S. Mail, postage prepaid, addressed to the following:

Dana R. Allison, Esq.
The Allison Law Firm
855 East Harrison
Brownsville, TX 78520

Guy H. Allison, Esq.
The Allison Law Firm
920 Leopard Street
Corpus Christi, TX 78401

William B. Harrison, Esq.
Law Offices of William B. Harrison
920 Leopard Street
P. O. Drawer 2568
Corpus Christi, TX 78403-2568

_____

H:\Docs\ATT\MEXICO\Plead\Texas federal court\notice of removal.doc

ClickPDF – www.fastio.com

# CERTIFIED COPY

Cause No. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF JESUS OCTAVIO DAVILA SANTOS, | § | |
| ZAIDETH MARGARITA DAVILA SANTOS, | § | |
| ANDREA DENISSE DAVILA SANTOS, | § | |
| AND VALERIA NAYEL DAVILA SANTOS, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA; | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF SERGIO ALBERTO | § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF OLIVIA LIZETH IBARRA VASQUEZ | § | |
| AND JESUS ALAN IBARRA VASQUEZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF VALANTE | § | |
| IBARRA IBARRA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC.; LAREDO | § | |
| QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE, INC.; | § | |
| AND BRIDGESTONE CORPORATION | § | |
| | § | |
| Defendants, | § | 404th JUDICIAL DISTRICT |

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE AUG - 2 2001
BY _____ DEPUTY

## ORDER SETTING HEARING

The above and foregoing Motion having been presented to me and, the request made for a

hearing on Defendant Lucent Technologies, Inc.'s Motion for Attorney to Show Authority, Subject

to Motion to Transfer Venue, the same is set for a hearing at 9:30 .m. on the 23rd day of

August , 2001, in the 404th Judicial District, Cameron County, Texas

SIGNED this 5th day of July , 2001.

COPIES TO: 7/6/01
HON F EDWARD BARKER
HON MICHAEL A CADDELL
HON FRANK COSTILLA
HON EZEQUIEL REYNA JR

Judge Presiding

CLERK _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

JUL - 5 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CibPDF www.fineprint.com

CERTIFIED COPY

Cause No. 2001-02-897-G

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, | § | IN THE DISTRICT COURT |
| INDIVIDUALLY, AND AS NEXT FRIEND | § | |
| OF JESUS OCTAVIO DAVILA SANTOS, | § | |
| ZAIDETH MARGARITA DAVILA SANTOS, | § | |
| ANDREA DENISSE DAVILA SANTOS, | § | |
| AND VALERIA NAYEL DAVILA SANTOS, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA; | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF SERGIO ALBERTO | § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF OLIVIA LIZETH IBARRA VASQUEZ | § | |
| AND JESUS ALAN IBARRA VASQUEZ, | § | |
| AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF VALANTE | § | |
| IBARRA IBARRA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| LUCENT TECHNOLOGIES, INC.; | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC.; LAREDO | § | |
| QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE, INC.; | § | |
| AND BRIDGESTONE CORPORATION | § | |
| | § | |
| Defendants, | § | 404th JUDICIAL DISTRICT |

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE   AUG - 2 2001
BY_____ DEPUTY

## ORDER SETTING HEARING

The above and foregoing Motion having been presented to me and, the request made for a

hearing on Defendant Lucent Technologies, Inc.'s Plea in Abatement, Subject to its Motion to

Transfer Venue, the same is set for a hearing at 1:30 p.m. on the 23rd day of August,

2001, in the 404th Judicial District, Cameron County, Texas

**SIGNED** this 23rd day of July, 2001.

_____
**Judge Presiding**

7/25/01 COPIES TO
HON F EDWARD BARKER
HON FRANK COSTILLA
HON EZEQUIEL REYNA JR
HON MICHAEL CADDELL