

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION



**United States District Court**
**Southern District of Texas**
**FILED**

**AUG 2 3 2001**

**Michael N. Milby**
**Clerk of Court**

| | |
|---|---|
| MARGARITA SANTOS DAVILA, § | |
| INDIVIDUALLY, AND AS NEXT FRIEND § | |
| OF JESUS OCTAVIO DAVILA SANTOS, § | |
| ZAIDETH MARGARITA DAVILA SANTOS, § | |
| ANDREA DENISSE DAVILA SANTOS, § | |
| AND VALERIA NAYEL DAVILA SANTOS, § | |
| AND ALL AS REPRESENTATIVES OF § | |
| THE ESTATE OF JESUS DAVILA PAZ; § | |
| ETHNA ZULEYMA PEREZ LARA; § | |
| INDIVIDUALLY AND AS NEXT FRIEND § | |
| OF SERGIO ALBERTO ZAVALA PEREZ, § | |
| AND ALL AS REPRESENTATIVES OF § | |
| THE ESTATE OF SERGIO ALBERTO § | |
| ZAVALA; MARIA OLIVIA VASQUEZ, § | |
| INDIVIDUALLY AND AS NEXT FRIEND § | C.A. NO. B-01-140 |
| OF OLIVIA LIZETH IBARRA VASQUEZ § | |
| AND JESUS ALAN IBARRA VASQUEZ, § | |
| AND ALL AS REPRESENTATIVES OF § | |
| THE ESTATE OF VALANTE § | |
| IBARRA IBARRA § | **AMENDED** |
| § | **NOTICE OF REMOVAL** |
|     Plaintiffs, § | |
| § | **"JURY"** |
| VS. § | |
| § | |
| LUCENT TECHNOLOGIES, INC.; § | |
| LUCENT TECHNOLOGIES § | |
| MAQUILADORAS, INC.; LAREDO § | |
| QUALITY TRANSFER SERVICES, INC.; § | |
| BRIDGESTONE/FIRESTONE, INC.; § | |
| AND BRIDGESTONE CORPORATION § | |
| § | |
|     Defendants, § | |

1.    Defendants Lucent Technologies, Inc. ("Lucent") and Lucent Technologies

Maquiladoras, Inc. ("LT Maquiladoras") (collectively the "Lucent Defendants"), pursuant to 28

U.S.C. §1446, removed this action, Cause No. 2001–02–897-G, captioned ***Davila, et al. v. Lucent***

CutePDF · www.fxsio.com

*Technologies, Inc., et al.,* from the 404th Judicial District Court, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, on August 14, 2001. On August 16, 2001, the Lucent Defendants received, by regular mail, "Plaintiffs' Second Amended Petition," a copy of which is attached hereto as Exhibit A. Although the Petition bears a file stamp of August 10, 2001, it was not placed into the United States postal system until August 13, 2001, and was postmarked by the United States Post Office on August 14, 2001. Please see envelope in which Exhibit A was sent, attached hereto as Exhibit B. Exhibits A and B were not received by the Lucent Defendants until August 16, 2001, after this matter had been removed.

2.    The Second Amended Petition was filed by attorney Dana Allison, who is not the attorney of record for the original Plaintiffs herein. Although she file a "Notice of Substitution of Counsel" in state court before removal, no order was entered thereon, nor was an order entered permitting Michael Caddell, the original Plaintiffs' attorney of record, to withdraw. Therefore, the Second Amended Petition may be a legal nullity. However, to prevent any prejudice to the Lucent Defendants resulting from the uncertainty surrounding Plaintiffs' counsel, the Lucent Defendants will address the allegations made in the Second Amended Petition as though it were filed by an attorney of record for the original Plaintiffs.

3.    Plaintiffs' First Amended Petition was filed by spouses of the following decedents, suing in multiple capacities: Jesus Davila Paz, Sergio Alberto Zavala, and Valante Ibarra Ibarra, and asserted causes of action against the Lucent Defendants, Bridgestone/Firestone, Inc. ("Firestone"), Bridgestone Corporation ("Bridgestone") and Laredo Quality Transfer Services, Inc. ("Laredo Quality"). (Plaintiffs' First Amended Petition, Exhibit 1 to Lucent Defendants' Notice of Removal) In Exhibit A, spouses of the following decedents, suing in multiple capacities, were added: Gabriela Villagran Castro and Ivonne Juarez. In addition, General Motors Corporation ("GMC") was added

as a defendant. The addition of these new parties, of which the Lucent Defendants were unaware at the time of removal, has necessitated the filing of this Amended Notice of Removal, but, as explained below, this addition does not affect diversity jurisdiction.

4.      Any civil action of which the district courts of the United States have original jurisdiction may be removed from state court to federal court. 28 U.S.C. §1441(a). The district courts of the United States have original jurisdiction of all actions between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. §1332(a)(2).

5.      Notwithstanding the allegations of Plaintiffs' Second Amended petition, the present action remains an action between citizens of various American states and citizens of a foreign state. Plaintiffs explain that they are "Mexican citizens" and "foreign citizens." (Exhibit A, at p. 9, ¶ 21 and p. 10, ¶ 24) Further, Plaintiffs have previously admitted that they are citizens and residents of Mexico, as were their decedents, in this Court, in *Vasquez, et al. v. Lucent Technologies, Inc., et al.*, Civil Case No. B-00-00-40, (Exhibit 10, Lucent Defendants' Notice of Removal) previously filed in United States District Court for the Southern District of Texas, Brownsville Division (dismissed for want of diversity because Plaintiffs had sued a Mexican company), as well as in *Vasquez, et al. v. Bridgestone/Firestone, et al.*, Cause No. 1:01-CV-168, (Exhibit 11, Lucent Defendants' Notice of Removal) originally filed in Orange County, Texas, removed to the United States District for the Eastern District of Texas, Beaumont Division and dismissed therefrom with prejudice on the grounds of *forum non conveniens* by the Honorable Judge Howell Cobb. None of the Defendants is a citizen of Mexico.

a.      Defendant Lucent is incorporated under the laws of the State of Delaware. (Exhibit 2, Lucent Defendants' Notice of Removal, Affidavit of Janet O'Rourke at ¶ 2). Notwithstanding the misleading allegations of pages 5-6, ¶ 10 of Exhibit A, Lucent maintains

its principal place of business in New Jersey. ((Exhibit 2, Lucent Defendants' Notice of Removal, O'Rourke Affidavit at ¶ 2); see also *Lucent Technologies, Inc. v. Lucentsucks.com*, 95 F.Supp.2d 528, 529 (E.D. Va. 2000). Defendant Lucent is, therefore, a citizen of the States of Delaware and New Jersey. 28 U.S.C. §1332(c).

b.       Defendant L.T. Maquiladoras is incorporated under the laws of the State of Delaware (Exhibit 2, Lucent Defendants' Notice of Removal, Affidavit of Janet O'Rourke at ¶ 5). Notwithstanding the erroneous and misleading allegations of page 6, ¶ 11 of Exhibit A, L.T. Maquiladoras maintains no place of business because it conducts no business. (Exhibit 2, Lucent Defendants' Notice of Removal, Affidavit of Janet O'Rourke at ¶5) Defendant L.T. Maquiladoras is, therefore, a citizen of the State of Delaware.

c.       Defendant Firestone is incorporated under the laws of the State of Ohio. (Exhibit 3, Lucent Defendants' Notice of Removal, ¶ 2, Affidavit of Kenny Cantrell)   Firestone maintains its principal place of business in Tennessee. (Exhibit 3, Lucent Defendants' Notice of Removal,¶ 2, Affidavit of Kenny Cantrell, and Exhibit 4, Lucent Defendants' Notice of Removal,¶ 4, Affidavit of John J. Goudie) (See also, Exhibit 5, Lucent Defendants' Notice of Removal, Memorandum Opinion by the Honorable Judge Howell Cobb in *Vasquez, et al. v. Bridgestone/Firestone, et al.*, Cause No. 1:01-CV-168, dated August 7, 2001 at p. 4.) Firestone is, therefore, a citizen of the State of Ohio and of Tennessee.

d.       Plaintiffs have asserted that Defendant Laredo Quality is incorporated in the State of Texas with its corporate headquarters in Texas. (Exhibit A, p. 5, ¶ 9) However, the citizenship of Laredo Quality is immaterial to the determination of complete diversity of citizenship in this action because no Plaintiff is a citizen of Texas. In addition, Laredo Quality has been fraudulently joined in order to defeat removal. (See, Exhibit 6, Lucent

Defendants' Notice of Removal, Affidavit of Luis Sanchez, and Exhibit 7, Lucent Defendants' Notice of Removal, Affidavit of Mitch West)

e.   Defendant Bridgestone is a Japanese corporation with its principal place of business in Tokyo. (Exhibit 1, Lucent Defendants' Notice of Removal, at ¶ 3.8)  However, the citizenship of Bridgestone is irrelevant because Bridgestone has been fraudulently joined solely for the purposes of destroying diversity jurisdiction and preventing removal of this cause of action. (See, Exhibit 8, Lucent Defendants' Notice of Removal, Affidavit of Hiroyuki Kita, and Exhibit 9, Lucent Defendants' Notice of Removal, Declaration of Brian J. Queiser)

f.   Defendant GMC is a Delaware corporation with its principal place of business in Michigan.

6.   Ignoring the citizenship of the fraudulently joined Defendants, this is an action between Plaintiffs, all citizens of Mexico and Defendant Lucent, a citizen of the States of Delaware and New Jersey; Defendant L.T. Maquiladoras, a citizen of the State of Delaware; Defendant Firestone, a citizen of the States of Ohio and Tennessee; and Defendant GMC, a citizen of the States of Delaware and Michigan. Therefore, complete diversity is present and this action is removable pursuant to 28 U.S.C. §1441(a).

7.   The amount in controversy in this action exceeds $75,000.00 exclusive of interests and costs. See 28 U.S.C. §1332(a). This is an action for wrongful death. (See, Exhibit A at p. 10, ¶ 23)  Plaintiffs are the surviving relatives and/or personal representatives of the estates of five individuals who were killed in an automobile accident in Mexico. (Exhibit A at pp. 3-4, ¶¶ 1-5, and pp. 10-11, ¶¶ 25-26)

8.      Plaintiffs have not pled a specific amount in controversy and have instead sought survival damages, wrongful death damages, exemplary damages and interest and costs. (Exhibit A at p. 15, ¶¶ 47-50) The 5th Circuit has adopted a two-step test when a plaintiff either pleads a specific sum under $75,000.00 or does not plead a dollar amount at all. *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F.Supp. 1430 (E.D. Texas 1995). First, if it is facially apparent from the state court petition that the amount in controversy is likely to exceed $75,000.00, then the defendant need only point this out to successfully bear its burden. On the other hand, if such a determination is not apparent, then the defendant must prove by a preponderance of the evidence the jurisdictional facts in question. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993) (known as *"De Aguilar I"*); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995); rehearing denied, 70 F.3d 26 (5th Cir.1995).

 a. In this cause, it is facially apparent that the amount in controversy is likely to exceed $75,000.00. Plaintiffs' most recent petition herein establishes that this is a products liability action against corporate defendants in which exemplary damages are sought. The allegations against the Lucent Defendants sound in negligence/auto accident; those against Firestone and GMC sound in strict tort. The injury asserted by Plaintiffs is the death of five people.

 b. It is obvious that under Texas law that each of the Plaintiffs' claims far exceed $75,000.00. See, e.g., *De Aguilar I,* 11 F.3d at 57 (holding that it was facially apparent that a wrongful death claim, which sought damages for terror in anticipation of death, loss of companionship, and funeral expenses, satisfied the required amount in controversy); *Torrington Co. v. Stutzman,* 46 S.W.3d 829 (Tex. 2000) (awarding $29 million in actual damages for death of two persons); *General*

*Chemical Corp. v. De la Lastra*, 852 S.W.2d 916 (Tex. 1993) (awarding over $11 million in wrongful-death actual damages to parents of two deceased fisherman); *Pittsburg Corning Corp. v. Walters*, 1 S.W.3d 759 (Tex. App. – Corpus Christi 1999, pet. denied) (awarding over $8 million for wrongful death of one person); *Ford Motor Co. v. Durrill*, 714 S.W.2d 329 (Tex.App. – Corpus Christi 1986), *judgm't vacated w.r.m.*, 714 S.W.2d 329 (Tex. 1988) (awarding $300,000.00 in actual damages to each parent and $10 million in punitive damages for wrongful death of daughter). Indeed, the Fifth Circuit has recognized that claims not involving allegations of wrongful death meet the $75,000.00 amount in controversy requirement. See, *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that face of the complaint established the required amount in controversy, where plaintiff alleged that airline's loss of her heart medication caused "damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework."). Indeed, "common experience" dictates that virtually any claim for punitive damages against a corporate defendant in a products liability case will meet the requisite amount in controversy. See, *Cross v. Bell Helmets, USA*, 927 F.Supp. 209, 213-14 (E.D. Tex. 1996).

c.     Further, although it is facially apparent that the amount in controversy in this cause of action exceeds $75,000.00, these Plaintiffs have admitted that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. In March of 2000, these same Plaintiffs filed a nearly identical complaint in the United States District for the Southern District of Texas, Brownsville Division. (Exhibit 10, Lucent

Defendant's Notice of Removal) In that complaint, Plaintiffs expressly affirmed that the amount in controversy exceeded $75,000.00 exclusive of interests and costs (Exhibit 10, Lucent Defendants' Notice of Removal at page 4, ¶ [C][11]). In fact, Plaintiffs sought damages in the amount of $250,000,000.00 (Exhibit 10, Lucent Defendants' Notice of Removal, at page 13, ¶ [G][48]). The district court dismissed that case, however, due to a lack of diversity jurisdiction because the Plaintiffs, citizens of Mexico, named a Mexican corporation as a defendant. Further, these Plaintiffs were among the Plaintiffs in Cause No. 1:01-CV-168, *Vasquez, et al. v. Bridgestone/Firestone, et al.* (Exhibit 11, Lucent Defendants' Notice of Removal. That cause was removed to the United States District Court for the Eastern District of Texas, Beaumont Division, and dismissed with prejudice on the basis of *forum non conveniens*. [See, Order in *Vasquez* Exhibit 12, Lucent Defendants' Notice of Removal]) In that cause, the court specifically found that the amount in controversy was in excess of $75,000.00 exclusive of interests and costs. (See, Exhibit 5, Lucent Defendants' Notice of Removal, ¶ II, pp. 3, 4 and 5).

9.      The original Notice of Removal was timely filed under 28 U.S.C. §1446(b). This action was not removable when filed due to the presence of Laredo Quality and Bridgestone as named Defendants. In fact, Plaintiffs expressly so alleged in Exhibit 1, Lucent Defendants' Notice of Removal, at p. 6, ¶ 4.4. Nonetheless, a case not removable when filed may later become removable. In such event, defendant must file its notice of removal within thirty days of defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case...has become removable." 28 U.S.C. section 1446(b). The original Notice of Removal was filed within 30 days of the date when the Lucent Defendants first received a paper from which

it could be ascertained that this case had become removable. That date was August 14, 2001, when the Lucent Defendants first received the affidavit of Luis Sanchez, which affidavit established that Laredo Quality had been fraudulently joined in this cause of action. Moreover, Exhibit A clearly establishes the fraudulent nature of the joinder of Laredo Quality. Exhibit A is completely devoid of any allegation of negligence or, indeed, of any involvement whatsoever of Laredo Quality in the accident made the basis of this suit or in any action preceding such accident. With respect to Laredo Quality, Plaintiffs have asserted no cause of action whatsoever.

10.    The original Notice of Removal was filed by Defendants Lucent and L.T. Maquiladoras. At the time of the filing of the original Notice of Removal, no other Defendant in this cause had been served. However, GMC has now been served and concurs in the removal.

11.    Pursuant to 28 U.S.C. §1446(d), a copy of the Original Notice of Removal was filed with the clerk of the 404th Judicial District Court of Cameron County, Texas, in Cause No. 2001-02-897-G, *Davila, et al. v. Lucent Technologies, Inc., et al.* Also pursuant to 28 U.S.C. §1446(d), a copy of this Amended Notice of Removal has been mailed to Michael A. Caddell, Cynthia B. Chapman, Frank Costillo and Ezequiel Reyna, Jr., attorneys of record for the Plaintiffs, as well as Dana Allison and Guy Allison, the attorneys who filed Exhibit A (the Lucent Defendants do not now know who the proper attorneys for these Plaintiffs are) at the addresses shown on the attached Certificate of Service.

12.    Trial of this matter has not been set.

**WHEREFORE**, pursuant to this Amended Notice of Removal and 28 U.S.C. §1441, Defendants Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc., respectfully request that this Court assume jurisdiction of this case for all purposes.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal ID No. 970
Attorney-in-Charge for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
Margery Huston, Co-Counsel
State Bar No. 10329500
Federal ID No. 2211
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

Judge Gilberto Hinojosa
State Bar No. 09701100
Federal ID No. 3425
Co-Counsel for Defendants
Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 544-6571

OF COUNSEL:
MAGALLANES, HINOJOSA & MANCIAS

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this the 22nd day of August, 2001, to all counsel of record as follows:

Michael A. Caddell - *CM RRR # 7001 1140 0000 7400 0090*
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

Cynthia B. Chapman - *CM RRR # 7001 1140 0000 7400 0106*
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, Texas   77010-3027

Frank Costilla - *CM RRR # 7001 1140 0000 7400 0113*
LAW OFFICE OF FRANK COSTILLA
5 East Elizabeth Street
Brownsville, Texas 78520

Ezequiel Reyna, Jr. - *CM RRR # 7001 1140 0000 7400 0120*
LAW OFFICES OF EZEQUIEL REYNA, JR.
702 West Expressway 83
Weslaco, Texas 78596

Ms. Dana R. Allison - *CM RRR # 7001 1140 0000 7400 0137*
THE ALLISON LAW FIRM
855 E. Harrison
Brownsville, Texas 78520

Mr. Guy H. Allison - *CM RRR # 7001 1140 0000 7400 0144*
THE ALLISON LAW FIRM
920 Leopard
Corpus Christi, Texas 78401

Mr. Kyle H. Dreyer
Hartline, Dacus, Dreyer & Kern, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

_____
Margery Huston

# CAUSE NO. _____

| | | |
|---|---|---|
| MARIA OLIVIA VASQUEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF VALENTE IBARRA IBARRA, DECEASED, AND AS NEXT FRIEND OF OLIVIA LIZETH IBARRA VAZQUEZ AND JESUS ALAN IBARRA VASQUEZ, MINOR CHILDREN; | § § § § § § § § | IN THE DISTRICT COURT |
| MARGARITA SANTOS TORRES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JESUS HIPOLITO DAVILA PAZ, DECEASED, AND AS NEXT FRIEND OF JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, AND VALERIA NAYEL DAVILA SANTOS, MINOR CHILDREN; | § § § § § § § § § § § § | CAMERON COUNTY, TEXAS |
| ETHNA ZULEYMA PEREZ LARA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF SERGIO ALBERTO ZAVALA PONCE, DECEASED, AND AS NEXT FRIEND OF SERGIO ALBERTO ZAVALA PEREZ, MINOR CHILD; | § § § § § § § § | |
| MARIO ALBERTO VILLAGRAN TREVINO AND EVANGELINA CASTRO DE VILLEGRAN, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF GABRIELA VILLAGRAN CASTRO, DECEASED; | § § § § § § § § § | |
| GRICELDA LETICIA TORRES DE JUAREZ, JOSE GUADALUPE JUAREZ LOPEZ, JESSICA JUAREZ AND OSCAR JUAREZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF IVONNE JUAREZ, DECEASED, | § § § § § § § § § | |

MARIA OLIVIA VASQUEZ, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE
ESTATE OF VALENTE IBARRA IBARRA,
DECEASED, AND AS NEXT FRIEND OF
OLIVIA LIZETH IBARRA VAZQUEZ AND
JESUS ALAN IBARRA VASQUEZ, MINOR
CHILDREN;

IN THE DISTRICT COURT

404th JUDICIAL DISTRICT

CAMERON COUNTY, TEXAS



VS.                                              §
                                                 §
BRIDGESTONE/FIRESTONE, INC.,                     §
BRIDGESTONE CORPORATION OF JAPAN                 §
GENERAL MOTORS CORPORATION,                      §
LAREDO QUALITY TRANSFER SERVICES,                §
INC.; LUCENT TECHNOLOGIES. INC..                 §
LUCENT TECHNOLOGIES                              §
MAQUILADORAS. INC..                              §



FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST/CLERK
AUG 1 0 2001
DISTRICT CLERK WEBB COUNTY, TEXAS
_____ DEPUTY

---

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE LIMAS:

Maria Olivia Vasquez, Individually and as representative of the Estate of Valente

Ibarra Ibarra, Deceased, and as next friend of Olivia Lizeth Ibarra Vazquez and Jesus Alan

Ibarra Vasquez, minor children, Margarita Santos Torres, Individually and as representative

of the Estate of Jesus Hipolito Davila Paz, Deceased, and as next friend of Jesus Octavio

Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria

Nayel Davila Santos, minor children, and Ethna Zuleyma Perez Lara, Individually and as

representative of the Estate of Sergio Alberto Zavala Ponce, Deceased, and as next friend of

Sergio Alberto Zavala Perez, minor child, Mario Alberto Villagran Trevino, and Evangelina

Castro de Villegran. Individually and as representatives of the Estate of Gabriela Villagran

Castro, Deceased, and Gricelda Leticia Torres De Juarez, Jose Guadalupe Juarez Lopez,

Jessica Juarez and Oscar Juarez, Individually and as Representatives of the Estate of Ivonne

Juarez, Deceased, collectively referred to as the Plaintiffs, file their Plaintiffs' Second

---

Amended Petition complaining of Bridgestone/Firestone Tire, Inc. (Defendant Firestone),
Defendant Bridgestone Corporation of Japan (Defendant Bridgestone) General Motors
Corporation (Defendant General Motors or GMC), Lucent Technologies, Inc., and Lucent
Technologies Maquiladoras, Inc.(Defendants Lucent), hereinafter collectively referred to
as Defendants. Plaintiffs show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 2 pursuant to Texas Rule of Civil
Procedure 190.3. Plaintiffs reserve the right to seek an order from this Court to allow
Plaintiffs to conduct discovery under Level 3, if the parties agree to this designation or
circumstances warrant it.

## II. PARTIES TO THIS LITIGATION

**A.    Plaintiffs**

1. Plaintiff MARIA OLIVIA VASQUEZ is an individual who is the legal spouse of
Valente Ibarra Ibarra, deceased, and the natural mother of OLIVIA LIZETH IBARRA
VASQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2. Plaintiff MARGARITA SANTOS TORRES is an individual who is the legal
spouse of Jesus Hipolito Davila Paz, deceased, and the natural mother of JESUS OCTAVIO
DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE
DAVILA SANTOS, and VALERIA NAYEL DAVILA SANTOS, minor children of the
marriage.

3. Plaintiff ETHNA ZULEYMA PEREZ LARA is an individual who is the legal spouse of Sergio Alberto Zavala Ponce, deceased, and the natural mother of SERGIO ALBERTO ZAVALA PEREZ, a minor child of the marriage.

4. Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA CASTRO DE VILLAGRAN are individuals who are the natural parents of Gabriela Villagran Castro, deceased.

5. Plaintiffs JOSE GUADALUPE JUAREZ LOPEZ and GRICELDA LETICIA TORRES DE JUAREZ are individuals who are the natural parents of Ivonne Juarez, deceased, and JESSICA JUAREZ and OSCAR JUAREZ are individuals who are the natural brother and sister of Ivonne Juarez, deceased.

### B.     Defendants

6. Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a corporation incorporated under the laws of the State of Ohio, and is authorized to do business and is doing business throughout the State of Texas. Defendant Firestone has declared its principal place of business to be Orange, Texas, Orange County. Defendant Firestone may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested. Service is requested at this time.

7. Defendant BRIDGESTONE CORPORATION of Japan (Defendant Bridgestone) is a Japanese corporation or business association. Defendant Bridgestone does business

throughout the State of Texas, but does not maintain a registered agent for service of process in Texas. Defendant Bridgestone may be served by registered mail containing a true and correct copy of this Plaintiffs' Original Petition to its President, Chairman, and C.E.O., Yoichiro Kaizaki. or his designated successor, Shigeo Watanabe. or any other corporate officer. pursuant to the manner provided by Japanese law for service of documents in domestic actions on persons within its territory, at Bridgestone Corporation, 10-1 Kyobashi 1-Chome, Chuo-Ku. Tokyo 104-8340. Japan. Service is requested at this time.

8. Defendant GENERAL MOTORS CORPORATION (Defendant GMC) is a corporation organized and existing under the laws of Delaware, and is authorized to conduct business in Texas and is doing business throughout the State of Texas. It may be served with process by serving its registered agent for service of process, C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201. Service is requested at this time.

9. Defendant LAREDO QUALITY TRANSFER SERVICES, INC. ("LAREDO QUALITY") is incorporated in the State of Texas, with its corporate headquarters in Texas. It does business in Texas and may be served through its registered agent for service, Richard G. Morales, Jr., 602 E. Calton Road, Laredo, Texas 78401.

10. Defendant LUCENT TECHNOLOGIES, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business throughout the State of Texas, including, but not limited to Brownsville, Texas. With regard to the decedents, Defendant Lucent was coordinating and conducting business

activities in McAllen, Texas, Brownsville, Texas, and Laredo, Texas. Defendant Lucent Technologies, Inc. has been served, has appeared, and has answered.

11.   Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas. Defendant Lucent Technologies Maquiladoras, Inc. has been served, has appeared, and has answered. Defendant Lucent Technologies Maquiladoras, Inc. has also filed its Special Appearance asserting that this Court has no jurisdiction over it. Contrariwise, this Defendant has previously allowed other Texas State District Courts to exercise jurisdiction; as such, it is judicially estopped from taking this position.

12.   Defendants Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc. are, for all practical purposes, the same with regard to the incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Lucent.

13.   Defendants Bridgestone and Firestone are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Bridgestone/Firestone.

## III.   VENUE and JURISDICTION

### Venue in Cameron County, Texas is Proper

14.  Venue is proper in Cameron County, Texas pursuant to Texas Civil Practices and Remedies Code, §§15.001 et seq. since a substantial part of the events or omissions giving rise to the claim occurred in Cameron, County.  With regard to the decedents in this lawsuit, Defendants Lucent maintained an office in Cameron County, Texas.

### This Court Has Subject-Matter Jurisdiction

15. This Court has subject-matter jurisdiction over these claims pursuant to Texas Civil Practices and Remedies Code, §71.031.  Plaintiffs meet all requirements of §71.031; as such, they have a right to be before this Court. *Dubai Petroleum v. Kazi*, 12 S.W.3d 71 (Tex. 2000); *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252 (Tex. App. -- San Antonio 1999, pet. denied); *Toubaniaris v. American Bureau of Shipping, et al*, 981 S.W.2d 858 (Tex. App. -- Houston [1st Dist.] 1998, pet. denied).

16.  Moreover, The International Covenant on Civil and Political Rights supports the filing of this case in this Court.  The Covenant was adopted by the United States on September 8, 1992.  The Covenant expressly supports the Plaintiffs' choice of filing in Cameron County, Texas.

### This Court Has Personal Jurisdiction Over Defendant Bridgestone Corporation

17.   Personal jurisdiction exists as to Defendant Bridgestone in that it maintains continuous and systematic contacts with the State of Texas through its tire business and

through its publicly traded stock.

18.   Defendant Bridgestone conducts business in the State of Texas on a daily basis as its stock is bought or sold.  There is no stock with regard to Firestone (that is, Defendant Bridgestone/Firestone); rather, all publicly traded stock is Defendant Bridgestone's.

19    Defendant Bridgestone/Firestone, Inc. (Defendant Firestone) is the wholly owned subsidiary Defendant Bridgestone.  There is an intermingling of directors, employees and officers with regard to these two companies.  Also, Defendant Firestone manufactures tires in the United State of America under the "Bridgestone" name, and conversely, Defendant Bridgestone manufactures tires under the "Firestone" brand at its Hofu plant in Yamaguchi prefecture, Japan.  Additionally, Defendant Bridgestone maintains a world wide website wherein it claims that the "Bridgestone" and "Firestone" brands "herald the company's (Defendant Bridgestone's) strong presence in tire markets worldwide," claims to utilize a "multi-brand" strategy, concentrating on both the "Bridgestone" and "Firestone" brands; claims that Bridgestone of Japan supplies original equipment tires to automobile manufacturers in North America; identifies Bridgestone/Firestone tire manufacturing facilities in the United States as "Bridgestone" plants", identifies the Bridgestone/Firestone stores in the United States as "company-owned" stores and makes numerous other references which blend the two companies.  Moreover, Defendant Bridgestone's annual reports blend the two companies, the two companies' resources, and the two companies' finances.

Clearly, Defendant Bridgestone and Defendant Firestone integrate their resources to

achieve a common business purpose.  As such, Defendant Bridgestone is liable for the tort

obligations of Defendant Firestone incurred in the pursuit of that business purpose.  In fact,

it is Plaintiffs' belief that Defendant Firestone would be undercapitalized (and underinsured)

in relation to the reasonably foreseeable risks of its business operations.

20.   Defendants Bridgestone and Firestone are corporate *alter egos*.  Defendant

Firestone is operated as a tool or business conduit of its corporate parent, Defendant

Bridgestone.  Defendant Bridgestone has used Defendant Firestone to perpetuate an actual

and/or constructive fraud on the public – including the Plaintiffs – for the direct benefit of

Defendant Bridgestone.  Defendants Bridgestone and Firestone are united as one, and any

separateness, if there ever was, has ceased.

21.   This case is not removable to any federal court since Plaintiffs are foreign

citizens and Defendant Bridgestone is a foreign corporation (Japan) – as such, complete

diversity does not exist.

### Personal Jurisdiction Exists As To Defendant Lucent Technologies Maquiladoras

22.   There is no issue with regard to this Court's (a Texas State District Court)

personal jurisdiction over Defendant Lucent Technologies Maquiladoras, Inc.  Plaintiffs had

previously filed this action against this Defendant in an Texas State District Court, and this

issue was not raised.  As such, Defendant Lucent Technologies Maquiladoras, Inc. has

judicially admitted that this Court has jurisdiction over it.

## IV.  BASIS FOR SUIT

23.  This suit is brought against the Defendants pursuant to the provisions of the Texas Wrongful Death and Survival Statutes, Chapter 71 of the Texas Civil Practices & Remedies Code, wherein the Plaintiffs, as statutory beneficiaries of the decedents are entitled to bring suit on behalf of all persons entitled to be benefitted by this action. TEX.CIV.PRAC. & REM. CODE §§ 71.001, 71.002, 71.004, AND 71.021.

24.  Plaintiffs have an undisputed right to file their cause of action in this Court.  The Texas Legislature has specifically ordained a foreign citizen's right to file a civil lawsuit in Texas with regard to an accident or injury outside of the State of Texas.  TEX.CIV.PRAC.& REM. CODE ANN. §71.031.  Plaintiffs are Mexican citizens and the incident occurred outside of the State of Texas.  Plaintiffs are properly before this Court.

## V.  BACKGROUND FACTS

25.  This lawsuit results from a one-car accident that occurred on August 12, 1999, in Cadereyta, Nuevo Leon, Mexico.  At the time of the accident, the decedents, Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were passengers in a 1996 GMC Chevrolet Suburban 2500 with a defective FR 480 Bridgestone/Firestone tire.

26.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, the Decedents, were being driven home from a one day seminar/training session with Defendants Lucent when the rear Bridgestone/Firestone

CNIPDF - www.nuance.com

tire on the 1996 Chevrolet Suburban delaminated, causing the vehicle to lose control, roll over numerous times, and fatally injure them.

27. The decedents had previously traveled in the GMC Suburban for work, as Lucent employees, in McAllen, Texas, Brownsville, Texas, and Laredo, Texas. Also, some of the decedents had traveled to other United States' locations for work with Defendants Lucent. On the day of the accident, the decedents had attended a Lucent seminar, as required by Lucent, at the Lucent Matamoros Brownsville facility.

## VI. BRIDGESTONE AND FIRESTONE'S NEGLIGENCE

28. Plaintiffs assert claims against Defendants Bridgestone and Firestone on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the tire's properties.

29. Defendants Bridgestone and Firestone are engaged in the business of engineering, designing, manufacturing, fabricating, selling, marketing, providing quality control, and inspecting the FR 480 tire. The right rear tire on the 1996 GMC Chevrolet Suburban that delaminated was defectively and improperly designed. The tire may also have been defectively manufactured. No adequate quality control was exercised by Defendants Bridgestone/Firestone with regard to this tire.

30. The FR 480 tire was defective at the time it was released into the stream of

commerce. The tire's dangerous condition rendered it unreasonably dangerous in that it was defectively designed, defectively manufactured, defective in materials, inadequately inspected, and in a defective condition when it was released into the stream of commerce. These conditions were all a producing cause of the injuries and damages of the Plaintiffs.

31. Defendants Bridgestone and Firestone expressly and impliedly warranted to the public generally that the FR 480 P235/75R15 tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

32. Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendants Bridgestone's and Firestone's breach of these warranties.

33. The representations made by Defendants Bridgestone and Firestone were false, misleading, and deceptive, and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA. Defendants Bridgestone and Firestone violations of the DTPA include their unconscionable actions or course of actions.

34. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VI. GENERAL MOTORS' NEGLIGENCE

35. Plaintiffs assert claims against Defendant General Motors on the basis of

negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the Chevrolet Suburban's properties.

36. Defendant General Motors is engaged in the business of engineering, developing, researching, designing, manufacturing, assembling, fabricating, selling, marketing, inspecting, providing quality control, and testing the Chevrolet Suburban.  The right rear tire on the 1996 Chevrolet Suburban delaminated, and this tire was designated by General Motors as an appropriate tire for its vehicle when the tire was not an appropriate choice.  No adequate testing and quality control was exercised by Defendant General Motors with regard to its vehicle and its choice of tire.

37. The vehicle was defective and unreasonably dangerous, as these terms are defined by law, and such condition of the vehicle was a producing cause of the incident which caused the Decedents' deaths and their relatives' injuries.  The vehicle was defective at the time it was released into the stream of commerce.

38. Defendant GMC expressly and impliedly warranted to the public generally that its 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

39. Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant GMC's

breach of these warranties.

40.   The representations made by Defendant GMC were false, misleading, and deceptive, and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.   Defendant GMC's violations of the DTPA include its unconscionable actions or course of actions.

41.   Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VII. LUCENTS NEGLIGENCE

42.   Plaintiffs assert claims against Defendants Lucent by virtue of the acts and omissions of Lucent's managerial employees.

43.   Defendants Lucent failed to exercise ordinary and reasonable care in the supervision and control of its employees, and failed to provide safe transportation to the decedents.

44. Defendants Lucent, through its driver, violated road safety laws; as such, they are liable to Plaintiffs under the doctrine of negligence per se.

45. Defendants Lucent required decedents to be transported in an unsafe vehicle with a defective tire.

46. Defendants Lucent's negligence, negligence per se, and gross negligence were a proximate cause of the horrific injuries to the Decedents and their families.

---

# VIII.  DAMAGES

47.  Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were tragically killed as a result of all Defendants' misconduct.  Each decedent endured conscious physical pain and suffering, emotional distress and mental anguish, fear, the anticipation of death, and death.  Their injuries alone far exceed the jurisdictional limits of this Court.

48.  Additionally, each estate has incurred funeral and burial expenses.

49.  Also, the wrongful death beneficiaries have suffered mental anguish and emotional distress, loss of society, loss of companionship, loss of financial support, loss of the decedents' estate, loss of consortium, loss of parental guidance, loss of earning capacity, medical expenses, and burial expenses.

50.  Plaintiffs also seek punitive damages for the Defendants' malicious conduct and gross neglect.  Moreover, Plaintiffs seek prejudgment interest, postjudgment interest, their attorneys' fees and expenses, and costs of Court.

51.  Lastly, Plaintiffs request a jury trial and assert that all conditions precedent have occurred or been performed.

THE ALLISON LAW FIRM

855 East Harrison

Brownsville, Texas 78520



Mr. F. Edward Barker                    #511
BARKER, LEON, FANCHER &
MATTHYS L.L.P.
Tower II, Ste 1200, 555 N. Carancahua St
Corpus Christi, TX 78478

