IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 05 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF JESUS OCTAVIO | § | |
| DAVILA SANTOS, ZAIDETH MARGARITA | § | |
| DAVILA SANTOS, ANDREA DENISSE DAVILA | § | |
| SANTOS, AND VALERIA NAYEL DAVILA | § | |
| SANTOS, AND ALL AS REPRESENTATIVES | § | |
| OF THE ESTATE OF JESUS DAVILA PAZ; | § | |
| ETHNA ZULEYMA PEREZ LARA, INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF SERGIO ALBERTO | § | |
| ZAVALA PEREZ, AND ALL AS | § | |
| REPRESENTATIVES OF THE ESTATE OF | § | |
| SERGIO ALBERTO ZAVALA; | § | |
| MARIA OLIVIA **VASQUEZ**, INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF OLIVIA LIZETH | § | |
| IBARRA VASQUEZ AND JESUS ALAN IBARRA | § | |
| VASQUEZ, AND ALL AS REPRESENTATIVES OF | § | |
| THE ESTATE OF VALANTE IBARRA IBARRA | § | |
|      Plaintiffs, | § | |
| | § | |
| v | § | CASE NO. B-01-140 |
| | § | |
| LUCENT TECHNOLOGIES, INC., LUCENT | § | |
| TECHNOLOGIES MAQUILADORAS, INC.; | § | |
| LAREDO QUALITY TRANSFER SERVICES, INC.; | § | |
| BRIDGESTONE/FIRESTONE INC.; AND | § | |
| BRIDGESTONE CORPORATION | § | |
|     Defendants. | § | |

---

## DEFENDANT BRIDGESTONE/FIRESTONE, INC.'S
## MOTION TO DISMISS AND
## ORIGINAL ANSWER TO INTERVENORS'
## ORIGINAL PLEA IN INTERVENTION

---

### _MOTION TO DISMISS_

## TO THE UNITED STATES DISTRICT COURT:

    Defendant, Bridgestone/Firestone, Inc. ("Firestone"), moves the Court as follows:

1.    To dismiss this action on grounds of improper venue, and in the alternative, to transfer this case to the federal district court to which this case would have been removed if Plaintiffs had filed the underlying state court action in a county of proper venue.  Firestone objects to the venue chosen by Plaintiffs for this lawsuit.  In a lawsuit removed to federal court under diversity jurisdiction, venue is proper in a district where any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property at issue is situated), or where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(a)(1)-(3).  Firestone specifically denies:  that any defendant resides in the Southern District of Texas; that a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in the Southern District of Texas; that a substantial part of the property at issue is situated in the Southern District of Texas; and that there is no district in which the action may otherwise be brought. Although Firestone asserts that Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel (because the precise claims which Plaintiffs assert in this case have previously been dismissed with prejudice by the United States District Court for the Eastern District of Texas), in the event the Court declines to dismiss this action on that ground, then Firestone respectfully requests that this case be dismissed on the ground that venue in the Southern District of Texas is improper.  If the Court declines to dismiss this case on grounds of improper venue, then Firestone requests that this case be transferred to the Northern District of Texas, because Dallas County is where Firestone has the most significant contacts within the State of Texas.

2    Firestone reserves the right to file a brief and evidence in support of this motion.

## *ORIGINAL ANSWER*

Firestone files this Original Answer to Intervenors' Original Plea in Intervention, which Intervenors filed in state court prior to removal. Firestone respectfully shows as follows:

I.

With respect to Paragraph 1 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

II.

With respect to Paragraph 2 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

III.

With respect to Paragraph 3 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

IV.

With respect to Paragraph 4 of the Original Plea in Intervention, Firestone admits that it is incorporated under the laws of Ohio, and is authorized to do business and is doing business in the State of Texas. Firestone denies each and every remaining allegation in Paragraph 4.

V.

With respect to Paragraph 5 of the Original Plea in Intervention, Firestone admits that Defendant Bridgestone Corporation of Japan ("Bridgestone Corporation") is a Japanese corporation. Firestone denies that Bridgestone Corporation does business in the State of Texas. Firestone admits that Bridgestone Corporation does not maintain a registered agent for service of process in Texas. Firestone is without sufficient information to admit or deny the remaining allegations in Paragraph 5.

3

VI.

With respect to Paragraph 6 of the Original Plea in Intervention, Firestone admits that it is a wholly owned subsidiary of Bridgestone Corporation. Firestone admits that it and Bridgestone Corporation may have one or more common directors and officers. Firestone admits that it has employed former Bridgestone Corporation employees and that Bridgestone Corporation has employed former Firestone employees. Firestone admits that John Lampe, President and CEO of Firestone, is also on the board of directors of Bridgestone Corporation. Firestone admits that Masatoshi Ono, predecessor president and CEO of Firestone, was Executive Vice President, and on the board of directors, of Bridgestone Corporation, until October 2000. Firestone admits that Isao Togashi, head of manufacturing and development of Firestone, has been on the board of directors of Bridgestone Corporation since 1994 and was a Senior Vice President of tire production and product technology for Bridgestone Corporation from 1998 through October 9, 2000. Firestone admits that Kenji Shibata, former president of Firestone, was on the board of directors of Bridgestone Corporation. Firestone admits that Mike Fujimora, Executive Vice President of Firestone, was on the board of directors of Bridgestone Corporation. Firestone admits that it manufactures tires in the United States under the "Bridgestone" name. Firestone admits that Bridgestone Corporation has manufactured tires in Japan under the "Firestone" brand, including a P235/75R15 "Radial ATX" tire, but denies that the Radial ATX manufactured by Bridgestone Corporation in Japan is the same tire as the Radial ATX recalled in the United States. On information and belief, Firestone admits that the Bridgestone Corporation website at http://www.bridgestone.com makes various representations about Bridgestone Corporation and Firestone, but is without sufficient information to admit or deny Plaintiffs' allegations regarding the specific representations made in that website. Firestone is without sufficient information to admit

or deny Intervenors' allegations relating to Bridgestone Corporation's annual reports. Firestone admits that it does not issue annual reports. Firestone denies that it and Bridgestone Corporation "integrate their resources to achieve a common business purpose" and that Bridgestone Corporation may be liable for Firestone's tort obligations "incurred in the pursuit of that business purpose." Firestone denies that it is undercapitalized and underinsured in relation to the reasonably foreseeable risks of its business operations. Firestone denies each and every remaining allegation in Paragraph 6.

## VII.

With respect to Paragraph 7 of the Original Plea in Intervention, Firestone denies each and every allegation.

## VIII.

With respect to Paragraph 8 of the Original Plea in Intervention, Firestone denies each and every allegation.

## IX.

With respect to Paragraph 9 of the Original Plea in Intervention, Firestone denies that venue is proper as to it and therefore denies that venue is proper as to the other Defendants based on a common transaction or occurrence. Firestone denies each and every remaining allegation in Paragraph 9.

## X.

With respect to Paragraph 10 of the Original Plea in Intervention, Firestone admits that fatal injuries occurred. Firestone is without sufficient information to admit or deny the remaining allegations in Paragraph 10.

XI.

With respect to Paragraph 11 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

XII.

With respect to Paragraph 12 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

XIII.

With respect to Paragraph 13 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

XIV.

With respect to Paragraph 14 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

XV.

With respect to Paragraph 15 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

XVI.

With respect to Paragraph 16 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

XVII.

With respect to Paragraph 17 of the Original Plea in Intervention, Firestone admits that it is engaged in the business of designing, manufacturing, distributing and/or selling automotive tires. Firestone admits that it designed the tire at issue in this lawsuit. Firestone denies that it

6

manufactured, distributed, or sold the tire at issue in this lawsuit or that the tire at issue "blew out." Firestone denies each and every remaining allegation in Paragraph 17.

### XVIII.

With respect to Paragraph 18 of the Original Plea in Intervention, Firestone denies each and every allegation.

### XIX.

With respect to Paragraph 19 of the Original Plea in Intervention, Firestone denies each and every allegation.

### XX.

With respect to Paragraph 20 of the Original Plea in Intervention, Firestone denies each and every allegation made with respect to the tire. Firestone is without sufficient information to admit or deny each and every remaining allegation in Paragraph 20.

### XXI.

With respect to Paragraph 21 of the Original Plea in Intervention, Firestone denies each and every allegation.

### XXII.

With respect to Paragraph 22 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny whether, or to what extent, Plaintiffs may have relied on any alleged warranty. Firestone denies that it breached any alleged express or implied warranty or that Plaintiffs suffered injuries or damages from any alleged breach. Firestone denies each and every remaining allegation in Paragraph 22.

## XXIII.

With respect to Paragraph 23 of the Original Plea in Intervention, Firestone denies each and every allegation.

## XXIV.

With respect to Paragraph 24 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

## XXV.

With respect to Paragraph 25 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

## XXVI.

With respect to Paragraph 26 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny the allegations made against Lucent. Firestone denies each and every allegation made against it in Paragraph 26.

## XXVII.

With respect to Paragraph 27 of the Original Plea in Intervention, Firestone denies that any alleged act or omission by Firestone was a proximate cause of Intervenors' alleged damages. Firestone is without sufficient information to admit or deny whether any alleged act or omission of any other Defendant was a proximate cause of Intervenors' alleged damages. Firestone denies each and every remaining allegation in Paragraph 27.

## XXVIII.

With respect to Paragraph 28 of the Original Plea in Intervention, Firestone is without sufficient information to either admit or deny whether, or to what extent, Plaintiffs or their decedents may have suffered actual damages. Firestone denies that it is legally responsible for any actual

damages Plaintiffs or their decedents may have suffered. Firestone denies that any actual damages which Plaintiffs or their decedents may have suffered were directly or proximately caused by Firestone or a Firestone product. Firestone denies that it is liable in negligence or strict liability. Firestone denies each and every remaining allegation in Paragraph 28.

## XXIX.

With respect to Paragraph 29 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

## XXX.

With respect to Paragraph 30 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

## XXXI.

With respect to Paragraph 31 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

## XXXII.

With respect to Paragraph 32 of the Original Plea in Intervention, Firestone is without sufficient information to admit or deny these allegations.

## XXXIII.

With respect to Paragraph 33 of the Original Plea in Intervention, Firestone denies that it engaged in malicious conduct, gross negligence, or gross neglect. Firestone denies that its alleged acts or omissions, when viewed objectively from Firestone's standpoint at the time they allegedly occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Firestone denies that it had actual subjective awareness of any alleged risk or that it nevertheless proceeded with conscious indifference to the rights, safety, or welfare of

9

Intervenors or others. Firestone denies that it is liable for punitive or exemplary damages. Firestone denies each and every remaining allegation in Paragraph 33.

### XXXIV.

With respect to Paragraph 34 of the Original Plea in Intervention, Firestone denies that it is liable for any recovery to Intervenors. Firestone denies each and every remaining allegation in Paragraph 34.

## **AFFIRMATIVE DEFENSES**

Intervenors seek to apply Texas law to the actions of Firestone without a determination of whether that body of law or the law of Mexico applies to Intervenors' claims. Firestone intends to rely upon, reserves its right to assert, and hereby pleads such other and related defenses that may become available in the event of a determination that the action or some part thereof is governed by substantive federal common law or the substantive law of a jurisdiction other than Texas.

1.    Intervenors' claims are barred by the doctrines of res judicata and/or collateral estoppel, as the precise claims which Intervenors assert in this case have previously been dismissed with prejudice by the United States District Court for the Eastern District of Texas.

2.    Intervenors' Original Petition and each count thereof fails to state a claim upon which relief may be granted.

3.    Intervenors' causes of action are barred in whole or in part by the applicable statute of limitations and/or by the doctrines of laches, waiver, and estoppel.

4.    Intervenors' recovery, if any, may be barred entirely, or should be reduced, by their own comparative negligence.

5.    The damages alleged by Intervenors were caused, solely or partially, or proximately caused by some person or third party for whom Firestone is not legally responsible.

10

6.     Pleading further, alternatively, Firestone would show the Court that Intervenors' alleged injuries were the result of an unavoidable accident.

7.     This action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of §33.003 that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

8.     If Intervenors settle with any other person or entity, then Firestone reserves the right to make a written election of credit for settlements under §33.014 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

9.     Intervenors have sued General Motors Corporation, Laredo Quality Transfer Services, Inc., Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc. claiming that these parties are liable under theories of strict products liability, breach of the implied warranty of fitness, breach of the implied warranty of merchantability, negligence, and gross negligence and malice. If Intervenors settle the claims brought by the Intervenors against any of these parties, then Firestone demands that the trier of fact shall determine a percentage of responsibility as to each cause of action asserted, stated in whole numbers, for each settling person, with respect to each person causing, or contributing to cause, in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard or by any combination of these. Further, Firestone also reserves its rights under Section 33.012 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, to the extent Intervenors are not barred from recovery under Section 33.001, that the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the Intervenors' percentage of responsibility. Further, if Intervenors have settled

with one or more persons, the court shall further reduce the amount of damages to be recovered by Intervenors with respect to a cause of action by a credit equal to one of the elected alternatives elected under either Section 33.012(1) or (2).

10.    Intervenors' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Firestone.

11.    Intervenors' recovery, if any, from Firestone should be reduced by the comparative negligence fault, responsibility, or causation attributable to other defendants and/or intervenors and/or plaintiffs.

12.    Intervenors' alleged damages were not proximately caused by any act or omission of Firestone.

13.    Intervenors' alleged damages were the result of pre-existing conditions that were unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Firestone.

14.    Intervenors' damages, if any, were caused by changes and/or alterations to the vehicle or tire in question made by persons not within Firestone's control.

15.    Intervenors' alleged damages were not caused by any failure to warn on the part of Firestone.

16.    Based on the state of scientific and technological knowledge at the time that the tires in question were manufactured and marketed, they were reasonably safe for their normal and foreseeable use at all relevant times.

17. Intervenors' claims may be barred, in whole or in part, because the Firestone tires in question conformed to the state of the art and were in compliance with applicable governmental regulations and standards.

18. Intervenors' claims may be barred, in whole or in part, because Firestone complied with all applicable statutes and with the requirements and regulations, including the Motor Vehicle Safety Act promulgated by the National Highway Traffic Safety Administration.

19. Intervenors' claims fall within the primary jurisdiction of the National Highway Traffic Safety Administration.

20. Intervenors' claims against Firestone are barred under Section 402A of the *Restatement (Second) of Torts.*

21. Intervenors' claims against Firestone are barred under Sections 2 and 4, et seq. of the *Restatement (Third) of Torts: Product Liability.*

22. Intervenors did not rely on any alleged warranty.

23. Intervenors failed to notify Firestone of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and are, therefore, barred from any recovery for such claims.

24. The damages, if any, recoverable by Intervenors must be reduced by any amount of damages legally caused by Intervenors' failure to mitigate such damages in whole or in part.

25. Firestone expressly denies that any third party engaging in the acts alleged by Intervenors was acting as Firestone's agent or servant, at the instruction of defendant or within Firestone's control. Therefore, Intervenors' claims, to the extent they seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

26.     Intervenors' claims may be barred in whole or in part by the common knowledge defense.

27.     Intervenors' claims may be barred in whole or in part by their unforeseeable product misuse and/or their abnormal or unintended use or abuse of the product.

28.     Intervenors' claims may be barred in whole or in part by Intervenors' failure to properly maintain their vehicle.

29.     Intervenors' claims may be barred by their failure to comply with conditions precedent to their right to recover.

30.     Intervenors' claims may be barred because the Firestone's conduct is not the producing cause of Intervenors' alleged injuries.

31.     Intervenors' claims may be barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

32.     Intervenors' claims may be barred in whole or in part by intervening and/or superseding acts.

33.     Intervenors' claims may be barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

34.     If Intervenors' causes of action against the Firestone are permitted and allowed, they would impede, impair, frustrate and/or burden the effectiveness of federal law regulating transportation and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the UNITED STATES CONSTITUTION, Article VI, Section 2 and Article I, Section 8, respectively. Intervenors' claims are preempted, or barred by applicable federal law.

35.     Intervenors' claims of breach of warranty are barred because there was no privity between Firestone and Intervenors.

36.     Intervenors' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including without limitation the cap on exemplary damages set out in Section 41.008(b).

37.     Intervenors' claims for punitive damages are in contravention of Firestone's rights under each of the following constitutional provisions:

        a.     the Commerce Clause of Article I, Section 8 of the UNITED STATES CONSTITUTION;

        b.     the Contracts Clause of Article I, Section 10 of the UNITED STATES CONSTITUTION;

        c.     the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the UNITED STATES CONSTITUTION;

        d.     the Supremacy Clause of Article VI of the UNITED STATES CONSTITUTION;

        e.     the Free Speech Clause of the First Amendment of the UNITED STATES CONSTITUTION;

        f.     the Due Process Clause of the Fifth and Fourteenth Amendments of the UNITED STATES CONSTITUTION;

        g.     the Takings Clause of the Fifth Amendment of the UNITED STATES CONSTITUTION;

        h.     the Right to Counsel of the Sixth Amendment of the UNITED STATES CONSTITUTION;

i.      the Excessive Fines Clause of Eighth Amendment of the UNITED STATES CONSTITUTION;

j.      the Right to Trial by Jury contained in the Seventh Amendment of the UNITED STATES CONSTITUTION;

k.      the Equal Protection Clause of the Fourteenth Amendment; as well as the CONSTITUTION OF THE STATE OF TEXAS.

38.     Firestone pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States; similar provisions of the Texas Constitution, including Article I, Sections 3, 10, 13, 14 and 19; and *BMW of North America v. Gore*, 517 U.S. 559 (1995). Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies equal protection of the laws under the Fourteenth Amendment, and violates the due process of clause of the Fifth and Fourteenth Amendments. Firestone pleads that any claim by Intervenors for punitive damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside because, among other reasons:

a.      It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I, Sections 3 and 19 of the Texas Constitution, to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

c.      Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion, thereby violating the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution as well as Article I, sections 3 and 19 of the Texas Constitution.

d.      Firestone had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Intervenors in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Firestone to punitive damages or as to the potential amount of such an award.

e.      Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such

17

damages are assessed. The procedures pursuant to which punitive damages are awarded fail to adequately inform the fact finder as to reasonable limits, consistent with the purposes of punitive damages, on the amount of the award against the defendant, giving the fact finder discretion without adequate standards or guidelines within which to exercise that discretion with respect to the amount of any punitive damages award, thereby violating the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution;

f.      The procedures by which punitive damages are assessed and measured provide the defendant with no adequate notice (either with respect to the possibility of the imposition of punitive damages or with respect to the potential amount of any punitive damages award) and no standards by which it could modify its conduct to avoid the imposition of punitive damages, thereby violating the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article I, section 19 of the Texas Constitution;

g.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and permit arbitrary awards and discrimination against a defendant on various grounds, including (but not limited to) its residence and its status, particularly, (but not limited to) its corporate status, and other inappropriate discriminatory characteristics, thereby violating the equal protection clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the Texas Constitution;

h.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and of the equal protection clause of the Fourteenth Amendment of the United States Constitution, as well as violate Article I, Sections 13 and 19 of the Texas Constitution;

i.      Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times Firestone could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines, particularly (but not limited to) the likelihood that punitive damages may be assessed multiple times for the same conduct, in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 13 of the Texas Constitution (as well as in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution);

j.      The limitations imposed by statute on the authority of the appellate courts of Texas, particularly, but not limited to, the limitations contained in Article V, section 6 of the Texas Constitution and in section 22.225 of the Texas Government Code, do not provide for adequate appellate review of a punitive damage award or the amount thereof, and do not provide objective standards for such review, thereby violating the United States Constitution, as well as the Texas Constitution;

k.     An award of punitive damages in this action would constitute a deprivation of property without due process of law which violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution;

l.     Texas law concerning punitive damages does not provide adequate procedural safeguards for the imposition of a punitive damages award and does not provide adequate post-trial or appellate review of punitive damages awards or objective standards for such review,  and thus any award of punitive damages in this case would violate the due process clause of the Fifth and Fourteenth Amendments of the United State Constitution and Article I, section 19 of the Texas Constitution;

m.     No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

n.     Insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Texas law for conduct in other states, the award violates the following provisions, among others:  (a) Defendant's rights to due process and due course of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c)  the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution

that a state respect the autonomy of the other states within their spheres; and (e) the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution; and

o.      To the extent that Chapter 41 of the Texas Civil Practice and Remedies Code could be construed as authorizing an award of punitive damages under the circumstances of this case, Chapter 41 violates the above-listed provisions of the United States and Texas Constitutions. This is because, without limitation, in the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

p.      Firestone would show that the net effect of Texas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, §3) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal

CMPDF - www.fineio.com

protection mandates. Because of the lack of clear standards, the imposition of punitive damages against Firestone is unconstitutionally vague and/or over broad.

39.    No act or omission of Firestone was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

40.    Pleading further, alternatively, if Mexican law does not apply to Intervenors' claims, Intervenors' claims for punitive damages are barred because the subject tire complied with Federal Motor Vehicle Safety Standard 109.

41.    This case should be dismissed on the grounds of *forum non conveniens*.

WHEREFORE, PREMISES CONSIDERED, Defendant Bridgestone/Firestone, Inc. prays that Intervenors take nothing by reason of their suit against it, that it recover its costs herein expended, and for such other and further relief, in law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**VINSON & ELKINS L.L.P.**

By: _Knox D. Nunnally by permission_

Knox D. Nunnally, Attorney in Charge
State Bar No. 15141000
Federal ID No. 1282
1001 Fannin
2300 First City Tower
Houston, Texas 77002
Telephone: 713-758-3386
Fax: 713-615-5736

OF COUNSEL:

VINSON & ELKINS L.L.P.
Morgan L. Copeland
State Bar No. 04800500
Thad K. Jenks
State Bar No. 24007441
1001 Fannin
2300 First City Tower
Houston, Texas 77002
Telephone: 713-758-3386
Fax: 713-615-5736

**ATTORNEYS FOR DEFENDANT
BRIDGESTONE/FIRESTONE, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following parties by Federal Express overnight priority mail on the **4th** day of **September, 2001.**

*Attorneys for Plaintiffs:*
Dana R. Allison
The Allison Law Firm
855 East Harrison
Brownsville, Texas 78520
*and*
Guy H. Allison
The Allison Law Firm
920 Leopard Street
Corpus Christi, Texas 78401
*and*
Michael A. Caddell
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

*Attorneys for Intervenors, Alejandra Marlen Deluna, Cynthia Ivette Rojo Rodriguez, Matra Evelyn Rojo Rodriguez, Miguel Angel Rojo Garcia, and Luz Medina Andrade:*
Edmundo Ramirez
Luis M. Cardenas
Ellis, Koeneke & Ramirez, L.L.P.
1101 Chicago
McAllen, Texas 78501

*Attorneys for Defendant, General Motors Corporation:*
Kyle Dreyer
Hartline, Dacus, Dreyer & Kern, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

*Attorneys for Defendant, Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc.:*
F. Edward Barker
Barker, Leon, Fancher & Matthys, L.L.P.
Tower III, Suite 1200
555 N. Carancahua
Corpus Christi, Texas 78478

*Attorneys for Defendant, Bridgestone Corporation*
Trek C. Doyle
Burgain G. Hayes
Clark, Thomas & Winters, P.C.
P.O. Box 1148
700 Lavaca Street
1200 Texas Commerce Bank Bldg.
Austin, Texas 78701

*Registered Agent for Co-Defendant, Laredo Quality Transfer Services, Inc.*
Richard G. Morales
602 E. Carlton Rd.
Laredo, Texas 78401

KNOX D. NUNNALLY by permission