IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARGARITA SANTOS DAVILA, INDIVIDUALLY, § <br> AND AS NEXT FRIEND OF JESUS OCTAVIO § <br> DAVILA SANTOS, ZAIDETH MARGARITA § <br> DAVILA SANTOS, ANDREA DENISSE DAVILA § <br> SANTOS, AND VALERIA NAYEL DAVILA § <br> SANTOS, AND ALL AS REPRESENTATIVES § <br> OF THE ESTATE OF JESUS DAVILA PAZ; § <br> ETHNA ZULEYMA PEREZ LARA, INDIVIDUALLY, § <br> AND AS NEXT FRIEND OF SERGIO ALBERTO § <br> ZAVALA PEREZ, AND ALL AS § <br> REPRESENTATIVES OF THE ESTATE OF § <br> SERGIO ALBERTO ZAVALA; § <br> MARIA OLIVIA **VASQUEZ**, INDIVIDUALLY, § <br> AND AS NEXT FRIEND OF OLIVIA LIZETH § <br> IBARRA VASQUEZ AND JESUS ALAN IBARRA § <br> VASQUEZ, AND ALL AS REPRESENTATIVES OF § <br> THE ESTATE OF VALANTE IBARRA IBARRA § <br>       Plaintiffs, § <br> § <br> v. § <br> § <br> LUCENT TECHNOLOGIES, INC., LUCENT § <br> TECHNOLOGIES MAQUILADORAS, INC.; § <br> LAREDO QUALITY TRANSFER SERVICES, INC.; § <br> BRIDGESTONE/FIRESTONE INC.; AND § <br> BRIDGESTONE CORPORATION § <br>       Defendants. § | CASE NO. B-01-140 |

---

### DEFENDANT BRIDGESTONE/FIRESTONE, INC.'S
### MOTION TO DISMISS AND
### ORIGINAL ANSWER TO PLAINTIFFS'
### SECOND AMENDED PETITION

---

## *MOTION TO DISMISS*

## TO THE UNITED STATES DISTRICT COURT:

Defendant, Bridgestone/Firestone, Inc. ("Firestone"), moves the Court as follows:

1.     To dismiss this action on grounds of improper venue, and in the alternative, to transfer this case to the federal district court to which this case would have been removed if Plaintiffs had filed the underlying state court action in a county of proper venue. Firestone objects to the venue chosen by Plaintiffs for this lawsuit.   In a lawsuit removed to federal court under diversity jurisdiction, venue is proper in a district where any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property at issue is situated), or where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(a)(1)-(3).  Firestone specifically denies:  that any defendant resides in the Southern District of Texas; that a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in the Southern District of Texas; that a substantial part of the property at issue is situated in the Southern District of Texas; and that there is no district in which the action may otherwise be brought. Although Firestone asserts that Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel (because the precise claims which Plaintiffs assert in this case have previously been dismissed with prejudice by the United States District Court for the Eastern District of Texas), in the event the Court declines to dismiss this action on that ground, then Firestone respectfully requests that this case be dismissed on the ground that venue in the Southern District of Texas is improper.  If the Court declines to dismiss this case on grounds of improper venue, then Firestone requests that this case be transferred to the Northern District of Texas, because Dallas County is where Firestone has the most significant contacts within the State of Texas.

2     Firestone reserves the right to file a brief and evidence in support of this motion.

## ***ORIGINAL ANSWER***

Defendant Bridgestone/Firestone, Inc. ("Firestone") files this Original Answer to Plaintiffs' Second Amended Petition, which Plaintiffs filed in state court prior to removal.   Firestone respectfully shows as follows:

### I.

With respect to Paragraph 1 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

### II.

With respect to Paragraph 2 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

### III.

With respect to Paragraph 3 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

### IV.

With respect to Paragraph 4 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

### V.

With respect to Paragraph 5 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

### VI.

With respect to Paragraph 6 of Plaintiffs' Second Amended Petition, Firestone admits that it is incorporated under the laws of Ohio and is authorized to do business and is doing business in the State of Texas.  Firestone denies that its principal place of business is in Orange, Orange County,

3

Texas and denies that it has declared its principal place of business to be Orange, Orange County, Texas for any purposes relating to federal court jurisdiction.

## VII.

With respect to Paragraph 7 of Plaintiffs' Second Amended Petition, Firestone admits that Defendant Bridgestone Corporation of Japan ("Bridgestone Corporation") is a Japanese corporation. Firestone denies that Bridgestone Corporation does business in the State of Texas. Firestone admits that Bridgestone Corporation does not maintain a registered agent for service of process in Texas. Firestone is without sufficient information to admit or deny the remaining allegations in Paragraph 7.

## VIII.

With respect to Paragraph 8 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

## IX.

With respect to Paragraph 9 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

## X.

With respect to Paragraph 10 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

## XI.

With respect to Paragraph 11 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

## XII.

With respect to Paragraph 12 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

XIII.

With respect to Paragraph 13 of Plaintiffs' Second Amended Petition, Firestone denies that it and Bridgestone Corporation are, "for all practical purposes, the same" with regard to the events underlying this suit. Firestone admits that the incident resulted in fatal injuries to decedents. Firestone is without sufficient information to admit or deny whether any injuries occurred to Plaintiffs. Firestone denies that Bridgestone Corporation and Firestone are properly referred to as Defendants Bridgestone/Firestone. Firestone denies each and every remaining allegation in Paragraph 13.

XIV.

With respect to Paragraph 14 of Plaintiffs' Second Amended Petition, Firestone denies that venue is proper in Cameron County and denies that a substantial part of the alleged events or omissions giving rise to Plaintiffs' alleged claims occurred in Cameron County. Firestone is without sufficient information to admit or deny the remaining allegations in Paragraph 14.

XV.

With respect to Paragraph 15 of Plaintiffs' Second Amended Petition, Firestone denies that Plaintiffs have met all requirements of Texas Civil Practices and Remedies Code § 71.031, denies that a state district court in Cameron County would have jurisdiction over Plaintiffs' claim, and denies that Plaintiffs "have a right" to pursue their claims in state district court. This case has been removed to this Court based on diversity of citizenship and, in any event, Plaintiffs' claim are barred because they have already been dismissed with prejudice by the United States District Court for the Eastern District of Texas.

XVI.

With respect to Paragraph 16 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny that any alleged International Covenant on Civil and Political Rights was adopted by the United States on September 8, 1992. Firestone denies that any such Covenant would support Plaintiffs' filing of their claims in Cameron County, Texas, because, among other reasons, Plaintiffs' claims have already been dismissed with prejudice by the United States District Court for the Eastern District of Texas.

XVII.

With respect to Paragraph 17 of Plaintiffs' Second Amended Petition, Firestone denies that this Court has personal jurisdiction over Bridgestone Corporation and denies that Bridgestone Corporation maintains continuous and systematic contacts with the State of Texas through its tire business and through its publicly traded stock.

XVIII.

With respect to Paragraph 18 of Plaintiffs' Second Amended Petition, Firestone denies that Bridgestone Corporation conducts business in Texas on a daily business based on stock sales. Firestone admits that its stock is not publicly traded.

XIX.

With respect to Paragraph 19 of Plaintiffs' Second Amended Petition, Firestone admits that it is a wholly owned subsidiary of Bridgestone Corporation. Firestone admits that it and Bridgestone Corporation may have one or more common directors and officers. Firestone admits that it has employed former Bridgestone Corporation employees and that Bridgestone Corporation has employed former Firestone employees. Firestone admits that it manufactures tires in the United States under the "Bridgestone" name. Firestone admits that Bridgestone Corporation has

6

manufactured tires in Japan under the "Firestone" brand. On information and belief, Firestone admits that the Bridgestone Corporation website at http://www.bridgestone.com makes various representations about Bridgestone Corporation and Firestone, but Firestone is without sufficient information to admit or deny Plaintiffs' allegations regarding specific representations made in that website. Firestone is without sufficient information to admit or deny Plaintiffs' allegations relating to Bridgestone Corporation's annual reports. Firestone denies that it and Bridgestone Corporation "integrate their resources to achieve a common business purpose" and that Bridgestone Corporation is liable for Firestone's tort obligations "incurred in the pursuit of that business purpose." Firestone denies that it is undercapitalized and underinsured in relation to the reasonably foreseeable risks of its business operations. Firestone denies each and every remaining allegation in Paragraph 19.

## XX.

With respect to Paragraph 20 Plaintiffs' Second Amended Petition, Firestone denies each and every allegation.

## XXI.

With respect to Paragraph 21 of Plaintiffs' Second Amended Petition, Firestone denies that the case is not removable to federal court as Bridgestone Corporation has been fraudulently joined as a Defendant.

## XXII.

With respect to Paragraph 22 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

## XXIII.

With respect to Paragraph 23 of Plaintiffs' Second Amended Petition, Firestone denies that Plaintiffs properly brought suit pursuant to Chapter 71 of the Texas Civil Practice and Remedies

Code, denies that Texas law governs the substance of Plaintiffs' claim and denies that Plaintiffs' claims are properly maintainable in the United States. Firestone is without sufficient information to either admit or deny that Plaintiffs are statutory beneficiaries of the decedents who are entitled to bring suit.

## XXIV.

With respect to Paragraph 24 of Plaintiffs' Second Amended Petition, Firestone denies that Plaintiffs have an "undisputed right" to bring their claims in state court in Cameron County. The case has properly been removed to this Court and, in any event, Plaintiffs' claims are barred because they have been previously dismissed with prejudice by the United States District Court for the Eastern District of Texas. Firestone denies that the Texas Legislature has "ordained" their right to file a civil suit in Texas with regard to an accident or injury outside the State of Texas, since Plaintiffs' claims are subject to dismissal based on the doctrine of forum non conveniens. Firestone admits that Plaintiffs are Mexican citizens and that the accident occurred outside of Texas. Firestone denies that the Plaintiffs were ever properly before the state district court in Cameron County, as Plaintiffs' claims are barred because they have been previously dismissed with prejudice by the United States District Court for the Eastern District of Texas.

## XXV.

With respect to Paragraph 25 of Plaintiffs' Second Amended Petition, Firestone denies that the tire at issue was defective. Firestone admits the remaining allegations of Paragraph 25.

## XXVI.

With respect to Paragraph 26 of Plaintiffs' Second Amended Petition, Firestone admits that fatal injuries occurred. Firestone is without sufficient information to admit or deny the remaining allegations in Paragraph 26.

## XXVII.

With respect to Paragraph 27 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XXVIII.

With respect to Paragraph 28 of Plaintiffs' Second Amended Petition, Firestone denies that Plaintiffs properly assert the listed claims. Firestone denies that it is liable under any of the listed claims or under any other possible legal theory.

## XXIX.

With respect to Paragraph 29 of Plaintiffs' Second Amended Petition, Firestone admits that it is engaged in the business of engineering, designing, manufacturing, fabricating, selling, marketing, providing quality control, and inspecting tires. Firestone admits that it designed the FR480 tire. Firestone denies each and every remaining allegation in Paragraph 29.

## XXX.

With respect to Paragraph 30 of Plaintiffs' Second Amended Petition, Firestone denies each and every allegation.

## XXXI.

With respect to Paragraph 31 of Plaintiffs' Second Amended Petition, Firestone denies that it made any express or implied warranty to the "public generally." Firestone admits that the law generally imposes an implied warranty of merchantability with respect to the sale of goods, including tires, in favor of the purchaser. Firestone denies that, under the circumstances of this case, the law imposes an implied warranty of fitness for an intended purpose. Firestone denies that it made an express warranty to Plaintiffs regarding merchantability or fitness for an intended purpose. Firestone denies each and every remaining allegation in Paragraph 31.

## XXXII.

With respect to Paragraph 32 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny whether, or to what extent, Plaintiffs may have relied on any alleged warranty. Firestone denies that it breached any alleged express or implied warranty or that Plaintiffs suffered injuries or damages from any alleged breach. Firestone denies each and every remaining allegation in Paragraph 32.

## XXXIII.

With respect to Paragraph 33 of Plaintiffs' Second Amended Petition, Firestone denies each and every allegation.

## XXXIV.

With respect to Paragraph 34 of Plaintiffs' Second Amended Petition, Firestone denies that Plaintiffs properly invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts, Second. Firestone denies that Section 402A of the Restatement of the Law of Torts, Second has been adopted by the Supreme Court of Texas, denies that Section 402A of the Restatement of the Law of Torts, Second applies to this case, and denies that it is strictly liable under Section 402A of the Restatement of the Law of Torts, Second.

## XXXV.

With respect to Paragraph 35 of Plaintiffs' Second Amended Petition, Firestone admits that Plaintiffs assert the listed claims against General Motors.

## XXXVI.

With respect to Paragraph 36 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to admit or deny these allegations.

## XXXVII.

With respect to Paragraph 37 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XXXVIII.

With respect to Paragraph 38 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XXXIX.

With respect to Paragraph 39 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XL.

With respect to Paragraph 40 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XLI.

With respect to Paragraph 41 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny this allegation.

## XLII.

With respect to Paragraph 42 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XLIII.

With respect to Paragraph 43 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XLIV.

With respect to Paragraph 44 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XLV.

With respect to Paragraph 45 of Plaintiffs' Second Amended Petition, Firestone denies that the tire at issue was defective. Firestone is without sufficient information to either admit or deny the remaining allegations in Paragraph 45.

## XLVI.

With respect to Paragraph 46 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

## XLVII.

With respect to Paragraph 47 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny whether, or to what extent, Plaintiffs or their decedents may have suffered actual damages. Firestone denies that it engaged in misconduct. Firestone denies that the state district court had jurisdiction over this matter. Firestone denies that any actual damages which Plaintiffs or their decedents may have suffered were caused by Firestone or a Firestone product. Firestone denies that it is legally responsible for any actual damages Plaintiffs or their decedents may have suffered. Firestone denies each and every remaining allegation in Paragraph 47.

## XLVIII.

With respect to Paragraph 48 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

XLIX.

With respect to Paragraph 49 of Plaintiffs' Second Amended Petition, Firestone is without sufficient information to either admit or deny these allegations.

L.

With respect to Paragraph 50 of Plaintiffs' Second Amended Petition, Firestone denies that it engaged in malicious conduct or gross neglect and it denies that it is liable for punitive or exemplary damages. Firestone denies that it is liable for prejudgment interest, postjudgment interest, attorneys' fees and expenses, or costs of Court. Firestone denies each and every remaining allegation in Paragraph 50.

## AFFIRMATIVE DEFENSES

Plaintiffs seek to apply Texas law to the actions of Firestone without a determination of whether that body of law or the law of Mexico applies to Plaintiffs' claims. Firestone intends to rely upon, reserves its right to assert, and hereby pleads such other and related defenses that may become available in the event of a determination that the action or some part thereof is governed by substantive federal common law or the substantive law of a jurisdiction other than Texas.

1.  Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel, as the precise claims which Plaintiffs assert in this case have previously been dismissed with prejudice by the United States District Court for the Eastern District of Texas.

2.  Plaintiffs' Original Petition and each count thereof fails to state a claim upon which relief may be granted.

3.  Plaintiffs' causes of action are barred in whole or in part by the applicable statute of limitations and/or by the doctrines of laches, waiver, and estoppel.

4.      Plaintiffs' recovery, if any, may be barred entirely, or should be reduced, by their own comparative negligence.

5.      The damages alleged by Plaintiffs were caused, solely or partially, or proximately caused by some person or third party for whom Firestone is not legally responsible.

6.      Pleading further, alternatively, Firestone would show the Court that Plaintiffs' alleged injuries were the result of an unavoidable accident.

7.      This action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of §33.003 that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

8.      If Plaintiffs settle with any other person or entity, then Firestone reserves the right to make a written election of credit for settlements under §33.014 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

9.      Plaintiffs have sued General Motors Corporation, Laredo Quality Transfer Services, Inc., Lucent Technologies, Inc., and Lucent Technologies Maquiladoras, Inc. claiming that these parties are liable under theories of strict products liability, breach of the implied warranty of fitness, breach of the implied warranty of merchantability, negligence, and gross negligence and malice. If Plaintiffs settle the claims brought by the Plaintiffs against any of these parties, then Firestone demands that the trier of fact shall determine a percentage of responsibility as to each cause of action asserted, stated in whole numbers, for each settling person, with respect to each person causing, or contributing to cause, in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard or by any combination of these. Further, Firestone

also reserves its rights under Section 33.012 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, to the extent Plaintiffs are not barred from recovery under Section 33.001, that the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the Plaintiffs' percentage of responsibility. Further, if Plaintiffs have settled with one or more persons, the court shall further reduce the amount of damages to be recovered by Plaintiffs with respect to a cause of action by a credit equal to one of the elected alternatives elected under either Section 33.012(1) or (2).

10.     Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Firestone.

11.     Plaintiffs' recovery, if any, from Firestone should be reduced by the comparative negligence fault, responsibility, or causation attributable to other defendants and/or Plaintiffs.

12.     Plaintiffs' alleged damages were not proximately caused by any act or omission of Firestone.

13.     Plaintiffs' alleged damages were the result of pre-existing conditions that were unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Firestone.

14.     Plaintiffs' damages, if any, were caused by changes and/or alterations to the vehicle or tire in question made by persons not within Firestone's control.

15.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Firestone.

16.     Based on the state of scientific and technological knowledge at the time that the tires in question were manufactured and marketed, they were reasonably safe for their normal and foreseeable use at all relevant times.

17.     Plaintiffs' claims may be barred, in whole or in part, because the Firestone tires in question conformed to the state of the art and were in compliance with applicable governmental regulations and standards.

18.     Plaintiffs' claims may be barred, in whole or in part, because Firestone complied with all applicable statutes and with the requirements and regulations, including the Motor Vehicle Safety Act promulgated by the National Highway Traffic Safety Administration.

19.     Plaintiffs' claims fall within the primary jurisdiction of the National Highway Traffic Safety Administration.

20.     Plaintiffs' claims against Firestone are barred under Section 402A of the *Restatement (Second) of Torts.*

21.     Plaintiffs' claims against Firestone are barred under Sections 2 and 4, et seq. of the *Restatement (Third) of Torts: Product Liability.*

22.     Plaintiffs did not rely on any alleged warranty.

23.     Plaintiffs failed to notify Firestone of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and are, therefore, barred from any recovery for such claims.

24.     The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by Plaintiffs' failure to mitigate such damages in whole or in part.

25.     Firestone expressly denies that any third party engaging in the acts alleged by Plaintiffs was acting as Firestone's agent or servant, at the instruction of defendant or within

Firestone's control.  Therefore, Plaintiffs' claims, to the extent they seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

26.     Plaintiffs' claims may be barred in whole or in part by the common knowledge defense.

27.     Plaintiffs' claims may be barred in whole or in part by their unforeseeable product misuse and/or their abnormal or unintended use or abuse of the product.

28.     Plaintiffs' claims may be barred in whole or in part by Plaintiffs' failure to properly maintain their vehicle.

29.     Plaintiffs' claims may be barred by their failure to comply with conditions precedent to their right to recover.

30.     Plaintiffs' claims may be barred because the Firestone's conduct is not the producing cause of Plaintiffs' alleged injuries.

31.     Plaintiffs' claims may be barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

32.     Plaintiffs' claims may be barred in whole or in part by intervening and/or superseding acts.

33.     Plaintiffs' claims may be barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

34.     If Plaintiffs' causes of action against the Firestone are permitted and allowed, they would impede, impair, frustrate and/or burden the effectiveness of federal law regulating transportation and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the UNITED STATES CONSTITUTION, Article VI, Section 2 and

Article I, Section 8, respectively. Plaintiffs' claims are preempted, or barred by applicable federal law.

35.     Plaintiffs' claims of breach of warranty are barred because there was no privity between Firestone and Plaintiffs.

36.     Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including without limitation the cap on exemplary damages set out in Section 41.008(b).

37.     Plaintiffs' claims for punitive damages are in contravention of Firestone's rights under each of the following constitutional provisions:

> a.     the Commerce Clause of Article I, Section 8 of the UNITED STATES CONSTITUTION;
>
> b.     the Contracts Clause of Article I, Section 10 of the UNITED STATES CONSTITUTION;
>
> c.     the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the UNITED STATES CONSTITUTION;
>
> d.     the Supremacy Clause of Article VI of the UNITED STATES CONSTITUTION;
>
> e.     the Free Speech Clause of the First Amendment of the UNITED STATES CONSTITUTION;
>
> f.      the Due Process Clause of the Fifth and Fourteenth Amendments of the UNITED STATES CONSTITUTION;
>
> g.     the Takings Clause of the Fifth Amendment of the UNITED STATES CONSTITUTION;

18

h.   the Right to Counsel of the Sixth Amendment of the UNITED STATES CONSTITUTION;

i.   the Excessive Fines Clause of Eighth Amendment of the UNITED STATES CONSTITUTION;

j.   the Right to Trial by Jury contained in the Seventh Amendment of the UNITED STATES CONSTITUTION;

k.   the Equal Protection Clause of the Fourteenth Amendment; as well as the CONSTITUTION OF THE STATE OF TEXAS.

38.   Firestone pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States; similar provisions of the Texas Constitution, including Article I, Sections 3, 10, 13, 14 and 19; and *BMW of North America v. Gore*, 517 U.S. 559 (1995). Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies equal protection of the laws under the Fourteenth Amendment, and violates the due process of clause of the Fifth and Fourteenth Amendments. Firestone pleads that any claim by Plaintiffs for punitive damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside because, among other reasons:

a.   It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I, Sections 3 and 19 of the Texas Constitution, to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which

is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

c.      Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award.  Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion, thereby violating the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution as well as Article I, sections 3 and 19 of the Texas Constitution.

d.      Firestone had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiffs in this case.  That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Firestone to punitive damages or as to the potential amount of such an award.

e.     Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.  The procedures pursuant to which punitive damages are awarded fail to adequately inform the fact finder as to reasonable limits, consistent with the purposes of punitive damages, on the amount of the award against the defendant, giving the fact finder discretion without adequate standards or guidelines within which to exercise that discretion with respect to the amount of any punitive damages award, thereby violating the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution;

f.     The procedures by which punitive damages are assessed and measured provide the defendant with no adequate notice (either with respect to the possibility of the imposition of punitive damages or with respect to the potential amount of any punitive damages award) and no standards by which it could modify its conduct to avoid the imposition of punitive damages, thereby violating the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article I, section 19 of the Texas Constitution;

g.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and permit arbitrary awards and discrimination against a defendant on various grounds, including (but not limited to) its residence and its status, particularly, (but not limited to) its corporate status, and other inappropriate discriminatory characteristics, thereby violating the

21

equal protection clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the Texas Constitution;

h.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and of the equal protection clause of the Fourteenth Amendment of the United States Constitution, as well as violate Article I, Sections 13 and 19 of the Texas Constitution;

i.     Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times Firestone could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines, particularly (but not limited to) the likelihood that punitive damages may be assessed multiple times for the same conduct, in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 13 of the Texas Constitution (as well as in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution);

j.     The limitations imposed by statute on the authority of the appellate courts of Texas, particularly, but not limited to, the limitations contained in Article V, section 6 of the Texas Constitution and in section 22.225 of the Texas Government Code, do not provide for adequate appellate review of a punitive damage award or the amount

thereof, and do not provide objective standards for such review, thereby violating the United States Constitution, as well as the Texas Constitution;

k.      An award of punitive damages in this action would constitute a deprivation of property without due process of law which violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution;

l.      Texas law concerning punitive damages does not provide adequate procedural safeguards for the imposition of a punitive damages award and does not provide adequate post-trial or appellate review of punitive damages awards or objective standards for such review,  and thus any award of punitive damages in this case would violate the due process clause of the Fifth and Fourteenth Amendments of the United State Constitution and Article I, section 19 of the Texas Constitution;

m.      No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

n.      Insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Texas law for conduct in other states, the award violates the following provisions, among others:  (a) Defendant's rights to due process and due course of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United

States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of the other states within their spheres; and (e) the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution; and

o.     To the extent that Chapter 41 of the Texas Civil Practice and Remedies Code could be construed as authorizing an award of punitive damages under the circumstances of this case, Chapter 41 violates the above-listed provisions of the United States and Texas Constitutions.  This is because, without limitation, in the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

p.     Firestone would show that the net effect of Texas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner.  The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest.  As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, §3) constitutional mandates for equal protection are violated.  Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant's pockets, that invidious

discrimination is itself an affront to the federal and state constitutions' equal protection mandates. Because of the lack of clear standards, the imposition of punitive damages against Firestone is unconstitutionally vague and/or over broad.

39.     No act or omission of Firestone was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

40.     Pleading further, alternatively, if Mexican law does not apply to Plaintiffs' claims, Plaintiffs' claims for punitive damages are barred because the subject tire complied with Federal Motor Vehicle Safety Standard 109.

41.     This case should be dismissed on the grounds of *forum non conveniens*.

## JURY DEMAND

Firestone hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant Bridgestone/Firestone, Inc. prays that Plaintiffs take nothing by reason of their suit against it, that it recover its costs herein expended, and for such other and further relief, in law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**VINSON & ELKINS L.L.P.**

By: _Knox D. Nunnally by permission_
      Knox D. Nunnally, Attorney in Charge
      State Bar No. 15141000
      Federal ID No. 1282
      1001 Fannin
      2300 First City Tower
      Houston, Texas 77002
      Telephone: 713-758-3386
      Fax: 713-615-5736

OF COUNSEL:

VINSON & ELKINS L.L.P.
Morgan L. Copeland
State Bar No. 04800500
Thad K. Jenks
State Bar No. 24007441
1001 Fannin
2300 First City Tower
Houston, Texas 77002
Telephone: 713-758-3386
Fax: 713-615-5736

**ATTORNEYS FOR DEFENDANT**
**BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following parties by Federal Express overnight priority mail on the **4th day of September, 2001.**

*Attorneys for Plaintiffs:*
Dana R. Allison
The Allison Law Firm
855 East Harrison
Brownsville, Texas 78520
*and*
Guy H. Allison
The Allison Law Firm
920 Leopard Street
Corpus Christi, Texas 78401
*and*
Michael A. Caddell
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, Texas 77010-3027

*Attorneys for Intervenors, Alejandra*
*Marlen Deluna, Cynthia Ivette Rojo*
*Rodriguez, Matra Evelyn Rojo Rodriguez,*
*Miguel Angel Rojo Garcia, and Luz*
*Medina Andrade:*
Edmundo Ramirez
Luis M. Cardenas
Ellis, Koeneke & Ramirez, L.L.P.
1101 Chicago
McAllen, Texas 78501

*Attorneys for Defendant, General Motors*
*Corporation:*
Kyle Dreyer
Hartline, Dacus, Dreyer & Kern, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

*Attorneys for Defendant, Lucent*
*Technologies, Inc. and Lucent*
*Technologies Maquiladoras, Inc.:*
F. Edward Barker
Barker, Leon, Fancher & Matthys, L.L.P.
Tower III, Suite 1200
555 N. Carancahua
Corpus Christi, Texas 78478

*Attorneys for Defendant, Bridgestone*
*Corporation*
Trek C. Doyle
Burgain G. Hayes
Clark, Thomas & Winters, P.C.
P.O. Box 1148
700 Lavaca Street
1200 Texas Commerce Bank Bldg.
Austin, Texas  78701

*Registered Agent for Co-Defendant,*
*Laredo Quality Transfer Services, Inc.*
Richard G. Morales
602 E. Carlton Rd.
Laredo, Texas 78401

KNOX NUNNALLY