9

United States District Court
Southern District of Texas
FILED

SEP 0 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARGARITA SANTOS DAVILA, INDIVIDUALLY, AND AS NEXT FRIEND OF JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, AND VALERIA NAYEL DAVILA SANTOS, AND ALL AS REPRESENTATIVES OF THE ESTATE OF JESUS DAVILA PAZ; ETHNA ZULEYMA PEREZ LARA; INDIVIDUALLY AND AS NEXT FRIEND OF SERGIO ALBERTO ZAVALA PEREZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF SERGIO ALBERTO ZAVALA; MARIA OLIVIA VASQUEZ, INDIVIDUALLY AND AS NEXT FRIEND OF OLIVIA LIZETH IBARRA VASQUEZ AND JESUS ALAN IBARRA VASQUEZ, AND ALL AS REPRESENTATIVES OF THE ESTATE OF VALANTE IBARRA IBARRA, | § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | MOTION TO TRANSFER TO JUDGE TAGLE |
| LUCENT TECHNOLOGIES, INC.; LUCENT TECHNOLOGIES MAQUILADORAS, INC.; LAREDO QUAILTY TRANSFER SERVICES, INC.; BRIDGESTONE/FIRESTONE, INC.; AND BRIDGESTONE CORPORATION | § § § § § § § § § | |
| Defendants. | § | |

C.A. NO. B-01-140

Defendants Lucent Technologies, Inc. ("Lucent") and Lucent Technologies

Maquiladoras, Inc. ("L.T. Maquiladoras") (collectively the "Lucent Defendants"), move this

Court for an order transferring this case to the Honorable Judge Tagle. As grounds therefore, the Lucent Defendants state:

1.    Pursuant to L.R.5.3, "The parties must advise the Court of related current or recent litigation and of directly affected non-parties."

2.    In compliance with that Local Rule, the Lucent Defendants declared on the civil cover sheet accompanying the Notice of Removal filed on August 14, 2001, that the Honorable Judge Tagle had previously presided over, and dismissed, an earlier incarnation of the present lawsuit.

3.    On March 15, 2000, many of the same plaintiffs herein filed in this Court a nearly identical complaint against Lucent, L.T. Maquiladoras, Bridgestone/Firestone Tire, Inc. ("Firestone") and Servicios de Manufacturas de Monterrey S.A. de C.V. ("Servicios"). (A copy of that complaint is attached hereto as Exhibit 1). That lawsuit sought damages for the wrongful deaths of five decedents: Valante Ibarra Ibarra, Jesus Davila Paz, Sergio Alberto Zavala Ponce, Gabriela Villagran Castro and Ivonne Juarez. The decedents were killed in an automobile accident in Mexico on August 12, 1999. That case was designated civil action number B-00-040 and was assigned to the Honorable Judge Tagle.

4.    On June 14, 2000, Judge Tagle entered an order dismissing civil action B-00-040 without prejudice due to the lack of subject matter jurisdiction because plaintiffs (all Mexican citizens) had sued a Mexican corporation (Servicios). (See Exhibit 2, "Order Dismissing Case for Lack of Subject Matter Jurisdiction" in civil action number B-00-040).

5.    On February 21, 2001, surviving spouses suing in multiple capacities filed a complaint in the 404th Judicial District, Cameron County, Texas, on behalf of three decedents

2

(Jesus Davila Paz, Sergio Alberto Zavala Ponce and Valenta Ibarra Ibarra) against Lucent, L.T. Maquiladoras, Firestone, Bridgestone Corporation ("Bridgestone") and Laredo Quality Transfer Services, Inc. ("Laredo"). This complaint arises from the same automobile accident and seeks damages for many of the same plaintiffs against many of the same defendants as civil action no. B-00-040. As explained in the Notice of Removal, the additional defendants (Bridgestone and Laredo) were fraudulently joined to defeat removal. Further, a Second Amended Petition filed in the Cameron County Court seeks to add claims by the surviving spouses (suing in multiple capacities) for two additional decedents: Gabriela Villagran Castro and Ivonne Juarez.

6.      On August 14, 2001, the Lucent Defendants removed the Cameron County action to this Court, where it was designated B-01-140. On the civil cover sheet accompanying the Notice of Removal, the Lucent Defendants explained that this lawsuit was related to case number B-00-040 which had been assigned to Judge Tagle.

7.      Judge Tagle is familiar with the parties and claims in this lawsuit, based on the earlier assignment to her of case number   B-00-040.

WHEREFORE, the Lucent Defendants respectfully request that the Court enter an order transferring the present case (civil action number B-01-140) to the Honorable Judge Tagle due to her prior familiarity with the parties and claims herein.

Dated this ____day of August 2001.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal ID No. 970
Attorney-in-Charge for Defendants
Lucent Technologies, Inc. and
Lucent Technologies Maquiladoras, Inc.
Margery Huston, Co-Counsel
State Bar No. 10329500
Federal ID No. 2211
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas  78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER &
MATTHYS, L.L.P.

Judge Gilberto Hinojosa
State Bar No. 09701100
Federal ID No. 3425
Co-Counsel for Defendants
Lucent Technologies, Inc. and Lucent
Technologies Maquiladoras, Inc.
1713 Boca Chica Blvd.
Brownsville, TX  78520
(956) 544-6571

OF COUNSEL:
MAGALLANES, HINOJOSA & MANCIAS

4

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing MOTION TO TRANSFER TO JUDGE TAGLE, has been served in accordance with the Texas Rules of Civil Procedure on this the 4 date of ~~August~~ SEPT 2001, to all counsel of record as follows:

Michael A. Caddell
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010-3027

Cynthia B. Chapman
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010-3027

Frank Costilla
LAW OFFICE OF FRANK COSTILLA
5 East Elizabeth Street
Brownsville. TX 78520

Ezequiel Reyna, Jr.
LAW OFFICES OF EZEQUIEL REYNA, JR.
702 West Expressway 83
Weslaco, TX 78596

Dana R. Allison
THE ALLISON LAW FIRM
855 East Harrison
Brownsville, TX  78520

H:\Users\TROUTL\MSM\pfj\Vasquez III\Mot to Trf to Judge Tagle.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIA OLIVIA VASQUEZ, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE       §
ESTATE OF VALENTE IBARRA IBARRA,   §
DECEASED, AND AS NEXT FRIEND OF    §
OLIVIA LIZETH IBARRA VAZQUEZ AND   §
JESUS ALAN IBARRA VASQUEZ, MINOR   §
CHILDREN                           §
                                   §
MARGARITA SANTOS DAVILA,           §
INDIVIDUALLY AND AS REPRE-         §
SENTATIVE OF THE ESTATE OF JESUS   §
DAVILA PAZ, DECEASED, AND AS NEXT  §
FRIEND OF OCTAVIO HIPOLITO DAVILA  §
SANTOS, ZAIDETH MARGARITA DAVILA   §
SANTOS, ANDREA DENISSE DAVILA      §
SANTOS, AND VALERIA NAYEL DAVILA   §
SANTOS, MINOR CHILDREN;            §
                                   §
ETHNA ZULEYMA PEREZ LARA,          §
INDIVIDUALLY AND AS                §
REPRESENTATIVE OF THE ESTATE       §
OF SERGIO ALBERTO ZAVALA           §
PONCE, DECEASED, AND AS NEXT       §
FRIEND OF SERGIO ALBERTO ZAVALA    §
PEREZ, MINOR CHILD;                §
                                   §
MARIO ALBERTO                      §
VILLAGRAN TREVINO AND              §
EVANGELINA CASTRO DE VILLEGRAN,    §
INDIVIDUALLY AND AS                §
REPRESENTATIVES OF THE ESTATE      §
OF GABRIELA VILLAGRAN CASTRO,      §
DECEASED;                          §
                                   §
JESSICA JUAREZ AND OSCAR JUAREZ,   §
INDIVIDUALLY AND AS REPRESENTA-    §
TIVE OF THE ESTATE OF IVONNE       §
JUAREZ, DECEASED;                  §
                                   §

United States District Court
Southern District of Texas
March   FILED

FEB 1 5 2000

Michael N. Milby
Clerk of Court

CIVIL CASE NO. B -00- 040

JURY TRIAL

ALLISON\LUCENT\PLEADINGS\POP.2

EXHIBIT
1

VS.                                                §
                                                   §
LUCENT TECHNOLOGIES, INC.,                         §
LUCENT TECHNOLOGIES                                §
MAQUILADORAS, INC., SERVICIOS                      §
DE MANUFACTURAS DE MONTERREY,                      §
S.A. DE C.V., AND BRIDGESTONE/                     §
FIRESTONE TIRE, INC.                               §

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. PARTIES

1.      Plaintiff MARIA OLIVIA VASQUEZ is an individual who is a citizen of

Monterrey, Nuevo Leon, Mexico.  Said Plaintiff is the legal spouse of VALENTE IBARRA

IBARRA, deceased, and the natural mother of OLIVIA LIZETH IBARRA VAZQUEZ and

JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2.      Plaintiff MARGARITA SANTOS DAVILA is an individual who is a citizen of

Monterrey, Nuevo Leon, Mexico.  Said Plaintiff is the legal spouse of JESUS DAVILA PAZ,

deceased, and the natural mother of OCTAVIO HIPOLITO DAVILA SANTOS, ZAIDETH

MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, and VALERIA

NAYEL DAVILA SANTOS, minor children of the marriage.

3.      Plaintiff ETHNA ZULEYMA PEREZ LARA is an individual who is a citizen of

Monterrey, Nuevo Leon, Mexico. Said Plaintiff is the legal spouse of SERGIO ALBERTO

ZAVALA PONCE, deceased, and the natural mother of SERGIO ALBERTO ZAVALA

PEREZ, a minor child of the marriage.

4.      Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA

CASTRO DE VILLAGRAN are individuals who are citizens of Monterrey, Nuevo Leon,

Mexico. Said Plaintiffs are the natural parents of GABRIELA VILLAGRAN CASTRO, deceased.

5.      JESSICA JUAREZ AND OSCAR JUAREZ are individuals who are citizens of Monterrey, Nuevo Leon, Mexico. Said Plaintiffs are the natural brother and sister of IVONNE JUAREZ, DECEASED.

6.      Defendant LUCENT TECHNOLOGIES, INC., is a corporation that is incorporated under the laws of the State of Delaware, has its home office in Murray Hill, New Jersey, and is doing business within the State of Texas, more particularly Harlingen, Texas and Brownsville, Texas. Said Defendant may be served with process by serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, TX 78701, by certified mail, return receipt requested.

7.      Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation that is incorporated under the laws of the State of Delaware and is doing business within the State of Texas at Harlingen, Texas, and Brownsville, Texas. Defendant has its principal place of business in the State of Texas. Said Defendant may be served with process by serving its registered agent for service, Prentice Hall Corporation System, 800 Brazos, Austin, TX 78701, by certified mail, return receipt requested.

8.      Defendant SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V., is a non-resident Mexican corporate business entity. Said Defendant may be served with process at its principal place of business Avenida La Silla 7705, FRACC. Parque Industrial La Silla, Guadalupe, Nuevo Leon, Mexico C.P. 67190.

ALLISON\LUCENT\PLEADINGS\POP.2                       PAGE 3

9.    Defendant BRIDGESTONE/FIRESTONE, INC. is a corporation that is incorporated under the laws of the State of Ohio and doing business in the State of Texas, more particularly Harlingen, Texas, and Brownsville, Texas. Said Defendant may be served with process by serving its registered agent for service, C.T. Corp. System 350 N. St. Paul St., Dallas, Texas 75201, by certified mail, return receipt requested.

## B. WRONGFUL DEATH ACTION

10.    This suit is also brought against LUCENT TECHNOLOGIES, INC. (hereinafter referred to as "LUCENT TECHNOLOGIES" AND LUCENT TECHNOLOGIES MAQUILADORAS, INC. (hereinafter referred to as "LUCENT MAQUILADORAS" and BRIDGESTONE/ FIRESTONE, INC. (hereinafter referred to as "FIRESTONE") under the provisions of the Texas Wrongful Death Statute, to-wit, Chapter 71, Civil Practices & Remedies Code wherein the Plaintiffs, as statutory beneficiaries of the decedents named herein, are entitled to bring this suit on behalf of all persons entitled to be benefitted by such action under the provisions of §71.001, §71.004 and §71.021 of the Texas Civil Practices & Remedies Code.

## C. JURISDICTION

11.    The court has jurisdiction over the lawsuit because the action arises under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and countries and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

ALLISON\LUCENT\PLEADINGS\POP.2                                                          PAGE 4

## D. FACTS

12.     This lawsuit results from a one-car accident that occurred at approximately

7:20 o'clock p.m. on August 12, 1999, in Cadereyta, Nuevo Leon, Distrito Norte, Mexico.

At the time of the accident, the decedents, SERGIO ALBERTO ZAVALA PONCE,

GABRIELA VILLAGRAN CASTRO, JESUS DAVILA PAZ, VALENTE IBARRA IBARRA,

and IVONNE JUAREZ, were in the course and scope of their employment with the

Defendant LUCENT TECHNOLOGIES.  At the time of the accident, Decedents  SERGIO

ALBERTO ZAVALA PONCE, GABRIELA VILLAGRAN CASTRO, JESUS DAVILA PAZ,

VALENTE IBARRA IBARRA, and IVONNE JUAREZ were passengers in a 1996 Chevrolet

Suburban, owned and operated by Defendants LUCENT TECHNOLOGIES and/or

LUCENT MAQUILADORAS.  At the time of the accident, the suburban was being driven

at a high rate of speed by Carlos Ramirez Villanueva, who was also in the course and

scope of his employment with Defendants LUCENT TECHNOLOGIES, INC. and/or

LUCENT MAQUILADORAS, INC.  Said Decedents were returning to Monterrey, Nuevo

Leon, Mexico, after attending a day-long Lucent Technologies seminar in Matamoros,

Mexico.   This trip began at various departure points within Monterrey, Mexico at

approximately 3:00 o'clock a.m.  The accident occurred at approximately 7:20 p.m. on

August 12, 1999.

13.     The decedents, SERGIO ALBERTO ZAVALA PONCE, GABRIELA

VILLAGRAN CASTRO, JESUS DAVILA PAZ, VALENTE IBARRA IBARRA, and IVONNE

JUAREZ, were returning from the day-long seminar/training session, when the right rear

BRIDGESTONE/FIRESTONE tire on the 1996 Chevrolet Suburban delaminated, causing the vehicle to roll over numerous times and fatally injuring said decedents.

14. Defendant LUCENT TECHNOLOGIES is under contract to Defendant SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V., a Mexican corporation, to provide "assistance and services" with respect to SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V. offices located in Monterrey, Nuevo Leon, Mexico. Certain contracts between Defendant LUCENT TECHNOLOGIES and Defendant SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V. govern the relationship between the parties and duties owed to decedents.

15. The contract between Defendant LUCENT TECHNOLOGIES and Defendant SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V. (the "Texas Contract") was entered into at Brownsville, Texas, and LUCENT TECHNOLOGIES was assigned all rights and obligations under the Texas Contract by virtue of an assignment entered into in Brownsville, Texas.

16. The Texas Contract provides that Defendant LUCENT TECHNOLOGIES provide the following services, among others, to Defendant SERVICIOS DE MANUFACTURAS DE MONTERREY, S.A. DE C.V.:

      (a)    advise and assist in determining the number and types of employees necessary to operate and manage the facility, and the scope and requirements of assignments and positions;

      (b)    advise and assist in the establishment of purchasing procedures;

      (c)    advise and assist in the operation of the facility;

    (d)    advise and assist in the establishment of maintenance practices and procedures;

    (e)    provide training for supervisory and production personnel;

    (f)    advise and assist in the installation of and operational training for new equipment.

17.    SERGIO ALBERTO ZAVALA PONCE, GABRIELA VILLAGRAN CASTRO, JESUS DAVILA PAZ, VALENTE IBARRA IBARRA, and IVONNE JUAREZ died as a result of the injuries they sustained in this rollover accident.

### E. NEGLIGENCE

### LUCENT NEGLIGENCE

18.    Plaintiffs assert claims against Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS, by virtue of the acts and omissions of said Defendants' Texas managerial employees, for the following:

    (a)    negligence (failure to exercise ordinary and reasonable care in the supervision and control of its employees; failure to repair and maintain suburban; deciding not to properly train the driver in safe operation of the subrubran, including appropriate braking procedure, the dangers of traveling at excessive rates of speed, and appropriate accident avoidance or mitigation measures when an accident was imminent; and deciding not properly train and instruct the driver and passengers in safety procedures);

(b)     negligence per se (operating a motor vehicle over the posted speed limit)

19.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS provided the 1996 Chevrolet Suburban to its employees for the purposes of traveling the highways.

20.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS knew that the 1996 Chevrolet Suburban would be driven at a high rate of speed and used extensively over long periods of time and accumulate high mileage, which would cause excessive wear and tear on the tires and vehicle.

21.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS, were negligent in not providing a safe vehicle for its employees for the purposes of traveling long distances over long periods of time.

22.    Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS, were negligent in improperly maintaining the tires on the 1996 Chevrolet Suburban.

23.    Defendants LUCENT TECHNOLIGIES and/or LUCENT MAQUILADORAS' employees conceived of and planned the use of the suburban for the transportation of the decedents, selected and purchased the Suburban in question, supervised and directed the maintenance (of lack thereof) of the Suburban (including the tires), selected the driver for the Suburban (an individual with a propensity towards driving at an excessive rate of speed), determined the schedule for the Suburban (pre-dawn and just prior to dusk, despite a full day of attending a training seminar), and decided no training was needed for the driver in how to safely operate the suburban.

24.    All of these decisions and acts were made by Defendants LUCENT TECHNOLIGIES and/or LUCENT MAQUILADORAS' managerial employees, all of whom are now and have been at all relevant times residents of Oklahoma and Texas.

25.    As a consquence of this tragedy -- which would have been avoided had LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS' managerial employees exercised proper care in discharging their duties -- five young adults suffered a terrifying and painful death, children will be raised fatherless, parents have lost the comfort and joy of their children, and spouses have had their loved ones taken from them.

26.    One or more of the foregoing was a proximate cause of the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

27.    Each of these acts and omissions complained of occurred in Mexico and/or was committed by Defendant LUCENT TECHNOLOGIES' and/or Defendant LUCENT MAQUILADORAS, INC.'s Texas managerial employees.

28.    .The acts and omissions of Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS by and through its Texas managerial employees, constitute negligence, negligence *per se*, negligent hiring, and negligent entrustment of a defective vehicle.

29.    The acts and omissions of the managerial employees of Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS constituted gross negligence and entitle Plaintiffs to recover punitive damages against said Defendants.

## BRIDGESTONE/FIRESTONE NEGLIGENCE

30.    Plaintiffs assert claims against BRIDGESTONE/FIRESTONE, by virtue of the following:

      (a)    negligence;

      (b)    strict liability;

      (c)    product liability;

      (d)    breach of implied warranty of fitness for a particular purpose; and

      (e)    failure to warn and instruct.

31.    Defendants were at the time of this occurrence, and are now engaged in the business of engineering, designing, manufacturing, fabricating, selling and marketing the tire, I.D. numbers P235/75R15 M&S [DOT V6HLB48A296]. The right rear tire on the 1996 Chevrolet Suburban that delaminated was defectively and improperly designed. The subject tire was defectively manufactured.

32.    The tire, I.D. number P235/75R15 M&S [DOT V6HLB48A296], was installed and maintained on the 1996 Chevrolet Suburban. The tire was in defective condition at the time it was manufactured and marketed. This dangerous condition rendered the product unreasonably dangerous in that it was (1) defectively designed, (2) defectively manufactured, (3) defective in materials and (4) in a defective condition when it was marketed and sold. These conditions were all a producing cause of the injuries and damages set forth below.

33.    Defendant BRIDGESTONE/FIRESTONE, INC. expressly and impliedly warranted to the public generally that the P235/75R15 M&S tire installed on the 1996

Chevrolet Suburban being the subject defective product was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

34.    Decedents relied upon these expressed and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

35.    Defendant BRIDGESTONE/FIRESTONE, INC. represented that the P235/75R15 M&S tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

36.    The representations made by the Defendant BRIDGESTONE/FIRESTONE, INC. were false, misleading, and deceptive in that the above-stated tire was of inferior quality, was defectively designed, defectively manufactured, defective in materials and in defective condition, and did not have the necessary qualities and characteristics to be deemed safe for use at the time it was marketed and sold.

37.    The foregoing representations violate Section 17.46(b) of The Deceptive Trade Practices - Consumer Protection Act in that they constitute representations that: (1) goods have characteristics, uses, or benefits which they do not have; (2) goods are of a particular standard, quality, or grade when they are another; or (3) goods are of a particular style or model when they are of another.

38.    In the design, manufacturing and marketing of the aforementioned tire, Defendant BRIDGESTONE/FIRESTONE, INC. engaged in an unconscionable action or

course of action, taking advantage of the lack of knowledge, ability, experience, and capacity of the purchasers, ultimate users and Decedents to a grossly unfair degree by expressly and impliedly warranting to the public generally, that the aforementioned parts being the subject defective product was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

39.    Defendant BRIDGESTONE/FIRESTONE, INC.'S conduct as described above was a producing cause of Decedents' injuries, damages, and resulting deaths, in that the design and manufacture of the aforementioned tire was unsafe and unfit for the purpose intended when used under ordinary conditions and in an ordinary manner.

40.    Each of these acts and omissions, singularly or in combination, constituted negligence which proximately caused the occurrence made the basis of this action, and Plaintiffs' injuries and damages.

41.    Plaintiffs evoke the Doctrine of Strict Torts Liability against all Defendants, [Section 402A, Restatement of the Law of Torts 2D], as adopted by the Supreme Court of Texas.

## F. DAMAGES

42.    The Defendants' acts and omissions proximately caused each decedent (1) physical pain and suffering, (2) emotional distress and mental anguish, including fear and awareness of approaching death, and (3) death.

43.    Each estate has also incurred funeral and burial expenses.

44.    The Defendants' acts and omissions proximately caused and/or will cause the wrongful death beneficiaries to suffer (1) mental anguish and emotional distress, (2)

lost society, (3) lost companionship, (4) lost financial support, (5) loss of the amount that each decedent in reasonable probability would have added to his or her estate and left at a natural death to his or her heir, (6) loss of earning capacity, (7) loss of consortium, (8) loss of parental guidance, and (9) medical expenses.

45.     The Plaintiffs also incurred reasonable expenses paid by them for their relatives' funeral and burial.

46.     Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS acts and omissions were grossly negligent and malicious.    Defendant LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS' acts or omissions, when viewed objectively from said Defendants' standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants LUCENT TECHNOLOGIES and/or LUCENT MAQUILADORAS had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare or other, including the Plaintiffs.

47.     Plaintiff seek total punitive damages of Two Hundred Million Dollars ($200,000,000.00).

## G. PRAYER

48.     For these reasons, Plaintiffs ask for judgment against Defendants, jointly and severally, for:

      a.      Actual damages of $50,000,000.00;

      b.      Punitive damages of $200,000,000.00;

      c.      Pre-judgment and post-judgment interest;

d.      Costs of suit; and

e.      All other relief the Court deems appropriate.

Respectfully submitted,

THE ALLISON LAW FIRM
855 East Harrison
Brownsville, Texas 78520
(956) 541-8338
(956) 541-2535 (facsimile)

_____
DANA R. ALLISON
State Bar No. 12235280
Federal I.D. No. 8043
LEAD COUNSEL FOR PLAINTIFFS

THE ALLISON LAW FIRM
920 Leopard Street
Corpus Christi, Texas 78401
(361) 884-8900
(361) 888-6543 (facsimile)

_____
GUY H. ALLISON
State Bar No. 01086000
Federal I.D. No. 4321
CO-LEAD COUNSEL FOR PLAINTIFFS

LAW OFFICES OF WILLIAM B. HARRISON
920 Leopard Street
P.O. Drawer 2568
Corpus Christi, Texas 78403-2568
(361) 883-2777
(361) 883-2781 (facsimile)

_____
William B. Harrison
State Bar No. 09125100
Federal I.D. 6841
CO-COUNSEL FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIA OLIVIA VASQUEZ, INDIVIDUALLY§
AND AS REPRESENTATIVE OF THE        §
ESTATE OF VALENTE IBARRA IBARRA,    §
DECEASED, AND AS NEXT FRIEND OF     §
OLIVIA LIZETH IBARRA VAZQUEZ AND    §
JESUS ALAN IBARRA VASQUEZ, MINOR§
CHILDREN                            §
                                    §
MARGARITA SANTOS DAVILA,            §
INDIVIDUALLY AND AS REPRE-          §
SENTATIVE OF THE ESTATE OF JESUS    §          CIVIL CASE NO. _____
DAVILA PAZ, DECEASED, AND AS NEXT§
FRIEND OF OCTAVIO HIPOLITO DAVILA §            JURY TRIAL
SANTOS, ZAIDETH MARGARITA DAVILA§
SANTOS, ANDREA DENISSE DAVILA       §
SANTOS, AND VALERIA NAYEL DAVILA §
SANTOS, MINOR CHILDREN;             §
                                    §
ETHNA ZULEYMA PEREZ LARA,           §
INDIVIDUALLY AND AS                 §
REPRESENTATIVE OF THE ESTATE        §
OF SERGIO ALBERTO ZAVALA            §
PONCE, DECEASED, AND AS NEXT        §
FRIEND OF SERGIO ALBERTO ZAVALA §
PEREZ, MINOR CHILD;                 §
                                    §
MARIO ALBERTO                       §
VILLAGRAN TREVINO AND               §
EVANGELINA CASTRO DE VILLEGRAN, §
INDIVIDUALLY AND AS                 §
REPRESENTATIVES OF THE ESTATE       §
OF GABRIELA VILLAGRAN CASTRO,       §
DECEASED;                           §
                                    §
JESSICA JUAREZ AND OSCAR JUAREZ, §
INDIVIDUALLY AND AS REPRESENTA-     §
TIVE OF THE ESTATE OF IVONNE        §
JUAREZ, DECEASED;                   §
                                    §
VS.                                 §

ALLISON\LUCENT\PLEADING\JURY.DMD                                    PAGE 1

| LUCENT TECHNOLOGIES, INC., | § |
| LUCENT TECHNOLOGIES | § |
| MAQUILADORAS, INC., SERVICIOS | § |
| DE MANUFACTURAS DE MONTERREY, | § |
| S.A. DE C.V., AND BRIDGESTONE/ | § |
| FIRESTONE TIRE, INC. | § |

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs assert their rights under under the Seventh Amendment to the U.S.

Constitution and demands a trial on all issues, in accordance with Federal Rule of Civil

Procedure 38.

Respectfully submitted,

THE ALLISON LAW FIRM
855 East Harrison
Brownsville, Texas 78520
(956) 541-8338
(956) 541-2535 (facsimile)

DANA R. ALLISON
State Bar No. 12235280
Federal I.D. No. 8043
LEAD COUNSEL FOR PLAINTIFFS

THE ALLISON LAW FIRM
920 Leopard Street
Corpus Christi, Texas 78401
(361) 884-8900
(361) 888-8543 (facsimile)

GUY H. ALLISON
State Bar No. 01086000
Federal I.D. No. 4321
CO-LEAD COUNSEL FOR PLAINTIFFS

ALLISON\LUCENT\PLEADING\JURY.DMD

PAGE 2

LAW OFFICES OF WILLIAM B. HARRISON
920 Leopard Street
P.O. Drawer 2568
Corpus Christi, Texas 78403-2568
(361) 883-2777
(361) 883-2781 (facsimile)


William B. Harrison
State Bar No. 09125100
Federal I.D. 6841
CO-COUNSEL FOR PLAINTIFFS

# ATTACHMENT TO CIVIL COVER SHEET

## *Lead Counsel for Plaintiffs*

Dana R. Allison
THE ALLISON LAW FIRM
855 East Harrison
Brownsville, Texas 78520
State Bar No. 12235280
Federal I.D. No. 8043
(956) 541-8338
(956) 541-2535 (facsimile)

## *Co-Lead Counsel for Plaintiffs*

Guy H. Allison
THE ALLISON LAW FIRM
920 Leopard
Corpus Christi, Texas 78401
State Bar No. 01086000
Federal I.D. No. 4321
(361) 884-8900
(361) 888-6543 (facsimile)

## *Co-Counsel for Plaintiff*

William B. Harrison
LAW OFFICES OF WILLIAM B. HARRISON
920 Leopard
P.O. Drawer 2568
Corpus Christi, Texas 78403
State Bar No. 09125100
Federal I.D. 6841
(361) 883-2777
(361) 883-2781 (facsimile)

Case 1:01-cv-00140   Document 9   Filed in TXSD on 09/05/2001   Page 24 of 25



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Maria Olivia Vasquez, individually and §<br>as representative of the estate of Valente §<br>Ibarra Ibarra, deceased, and as next friend §<br>of Olivia Lizbeth Ibarra Vasquez and §<br>Jesus Alan Ibarra Vasquez, minor children, §<br>et al. §<br>  §<br>  Plaintiffs, §<br>  §<br>v. §<br>  §<br>Lucent Technologies, Inc., et al., §<br>  §<br>  Defendants. §| CIVIL ACTION NO. B-00-40 |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

BE IT REMEMBERED, that on June 13, 2000, the Court **DISMISSED** this case sua sponte because it does not have subject matter jurisdiction. The Plaintiffs' complaint alleges no federal cause of action, and the Parties are not diverse.

The Plaintiffs' complaint states that the Court has jurisdiction under 28 U.S.C. § 1332(a)(1) "because the Plaintiffs and the Defendants are citizens of different states and countries [Dkt. No. 1, p. 4]." The Court does not have jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because that provision only applies to lawsuits between "citizens of different states." All of the Plaintiffs in this case are citizens of Mexico, and are, therefore, not citizens of a state.

Moreover, one of the Defendants in this lawsuit, Servicios de Manufacturas de Monterrey, S.A. de C.V., "is a non-resident Mexican corporate business entity. Said

1

EXHIBIT
2

CMPDF - www.cs.hasko.com

Case 1:01-cv-00140   Document 9   Filed in TXSD on 09/05/2001   Page 25 of 25

Defendant may be served with process at its principal place of business Avenida La
Silla 7705, FRACC. Parque Industrial La Silla, Guadalupe, Nuevo Leon, Mexico C.P.
67190 [Dkt. No. 1, p. 3]." Since the face of the Plaintiffs' complaint reveals that both the
Plaintiffs and one of the Defendants are citizens of Mexico, the Court does not have
jurisdiction over the Plaintiffs' lawsuit under any of the other diversity provisions of 28
U.S.C. § 1332. See Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061,
1064 (5th Cir. 1992); Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1151 (5th Cir.
1985). This case is therefore dismissed.

DONE at Brownsville. Texas, this ____13____ day of June 2000.


_____
Hilda G. Tagle
United States District Judge

2